**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JANE DOE, | : | Civil No. 5:25-cv-02838-JMG |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE JOHN M. GALLAGHER |
| | : | |
| PINE FORGE ACADEMY, *et al.,* | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

---

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO PROCEED UNDER A PSEUDONYM

Now comes Plaintiff, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 5.2(e), hereby submits this Motion for Leave of Court to Proceed Under a Pseudonym, namely "Jane Doe" in the above-captioned matter.

1. Plaintiff is an adult woman residing in Maryland.

2. A Complaint initiating this action was filed on June 3, 2025. See Doc. No. 1.

3. The Complaint does not reference the true name of the Plaintiff, and instead refers to the Plaintiff as "Jane" or "Jane Doe."

4. Notices of Appearance were filed by counsel for both Defendants to this action on June 20, 2025. See Doc. Nos. 4-5.

5. Waivers of Service were filed by counsel for both Defendants to this action on June 23, 2025. See Doc. Nos. 6-7.

6. Through counsel, Plaintiff confidentially provided her identity to the Defendants' counsel prior to initiating suit.

7. Through counsel, Plaintiff again confidentially provided her identity to the Defendants' counsel when requesting Waivers of Service.

8.  Through counsel, Plaintiff contacted Defendants' counsel to inquire as to whether Defendants would contest the instant motion in accordance with Loc.R. 7.1 on June 25, 2025.

9.  Defendants' counsel subsequently articulated their issues with the motion and suggested that Plaintiff file a motion.

10. Plaintiff will disclose her identity to the Court.

11. Plaintiff moves the Court to issue an Order allowing Plaintiff to proceed in this lawsuit using the pseudonym "Jane Doe."

12. Plaintiff further moves the Court to Order Defendants to maintain the confidentiality of Plaintiff's identity by using her pseudonym in all of Defendants' filings, including all exhibits thereto.

13. Defendants would not be prejudiced by the granting of the instant motion. Defendants have known the Plaintiff's identity for months, and presumably have been investigating the claim for the same amount of time.

14. Given the highly sensitive nature of this case, and the absence of any other means to adequately and effectively protect the Plaintiff's privacy interests, the Court should allow Plaintiff to proceed under a pseudonym and require the parties to maintain that confidentiality by redacting references to her name and limiting references to her as either "Plaintiff," "Jane Doe," or "Jane" in future filings with the Court.

15. A Memorandum in Support follows.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order in the form attached permitting the Plaintiff Jane Doe to proceed under pseudonym in this action.

Respectfully submitted,

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE, | : | Civil No. 5:25-cv-02838-JMG |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE JOHN M. GALLAGHER |
| | : | |
| PINE FORGE ACADEMY, *et al.,* | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT
TO PROCEED UNDER A PSEUDONYM**</u>

**I.    <u>Introduction</u>**

Plaintiff is a thirty-five (35) year old woman who was sexually abused at the age of seventeen (17) by an adult who was entrusted with Plaintiff's safety by the Defendants. Plaintiff filed this lawsuit anonymously to seek redress for the traumatic, personal, and lifelong injuries she has and will endure. This motion is filed to protect her identity from pretrial public disclosure because her trauma and associated injuries do not define her, and she should not be forced to face further trauma, humiliation, or intimidation through premature disclosure of her identity.

Defendants have communicated that they will oppose this motion and ask the court to at least force the Plaintiff's pseudonym to include her initials. That degree of specificity in a pseudonym, coupled with the specific details already disclosed in the complaint, would allow friends, family, classmates, and the public at large to identify the Plaintiff and effectively eliminate the protections the case law provides. Plaintiff asks this Court to grant this motion and allow her to proceed in this litigation under the pseudonym "Jane Doe."

**II.    <u>Statement of Facts</u>**

Plaintiff files this Motion to allow Plaintiff to proceed in this action under a pseudonym as the facts that give rise to this action involve the sexual abuse of Plaintiff while she was a minor at

Defendants' boarding school. The circumstances set forth in the Complaint demonstrate the traumatizing nature of the sexual abuse and the ongoing emotional trauma Plaintiff continues to face. See Doc. No. 1 at ¶¶ 76-80, 92-95. Due to the personal and shocking nature of the grooming and sexual assaults, Plaintiff and her counsel seek to preserve her identity from public disclosure. Plaintiff's privacy has remained intact to date as she has not publicly revealed her identity. If forced to proceed under her real name, Plaintiff's trauma, embarrassment, anguish, and emotional distress related to the abuse would only be exacerbated. Additionally, because of the stigma associated with sexual assault, Plaintiff fears that she would be treated differently by her peers or be defined by the fact that she was sexually assaulted as a teen.

Plaintiff's counsel is informed and believes that Defendants will oppose this motion and will request in their opposition that Plaintiff proceed under her initials. Defendants operate a relatively small boarding school with a very successful choir program. For context, Plaintiff believes there were only approximately 50 students in her graduating class. Disclosure of Plaintiff's initials would allow anyone familiar with the school and its choir program from 2005-2008 and access to an Amended Complaint with initials to identify Plaintiff.

### III.   <u>Law and Argument</u>

The Federal Rules of Civil Procedure require that all Parties be named in the title of the complaint. Fed. R. Civ. P. 10(a). However, a party can request to proceed under a pseudonym and must demonstrate that her interest in privacy or security justifies the use of a pseudonym. *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *F.B. v. East Stroudsburg*

*University*, No. 3:09cv525, 2009 WL 2003363, *1 (M.D.Pa. July 7, 2009) (quoting in a parenthetical *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir.1998)). In this case, the instant motion should be granted because the subject matter of this case is highly sensitive and personal in nature, and the Plaintiff's injuries would be exacerbated by the disclosure of her identity.

To proceed anonymously, a Plaintiff must show 1) a fear of severe harm; and 2) that the fear of severe harm is reasonable. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). The Third Circuit Court of Appeals has adopted a non-exhaustive list of factors to determine whether a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings. *Id.* at 408-10. Factors that weigh in favor of anonymity are:

    A.  the extent to which the identity of the litigant has been kept confidential;

    B.  the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

    C.  the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

    D.  whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;

    E.  the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and

    F.  whether the party seeking to sue under a pseudonym has illegitimate ulterior motives.

*Id.* at 409. Factors disfavoring anonymity include:

    G.  the universal level of public interest in access to the identities of litigants;

H.   whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

I.   whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at 409. Applying these factors should result in allowing Plaintiff to proceed as "Jane Doe."

### A.   <u>The Confidentiality of Plaintiff's Identity</u>

Like the Plaintiff in *Evans* "some of [Plaintiff's] own close family and friends are not aware of the circumstances giving rise to this lawsuit." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D.Pa. 2001). In *Megless*, the court affirmed the denial of the use of a pseudonym partially because the party seeking anonymity already had his identity disclosed to "countless people in the community," which is the opposite of the case at bar. *Megless*, 654 F.3d at 410.

Plaintiff has disclosed the facts central to this case to some family and some close friends. Plaintiff has relied on these individuals for support, as a survivor of sexual assault. Additionally, as detailed in the complaint, a number of Plaintiff's close friends already had suspicions that this was going on back in high school. *See* Doc. No. 1 at ¶¶ 55-75. Allowing a trauma survivor to maintain control over which individuals are aware of her trauma is important for empowerment and recovery. Inversely, taking that control away and disclosing a survivor's identity and story to the world can be retraumatizing. In *Doe v. United Behavioral Health*, the court allowed a plaintiff to proceed anonymously despite keeping her troubles private from "all but her closest friends, family and treating physicians." Civ. A. No. 10-5192, 2010 WL 5173206, at *2 (E.D.Pa. Dec. 10, 2010); *see also Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D.Pa. Jan. 9, 1997) (permitting plaintiff to proceed anonymously where he had requested confidentiality from

defendant and had only disclosed his mental illness to his immediate family, medical providers and counsel). Plaintiff here should be afforded the same protections as the plaintiffs in *United Behavioral Health* and *Provident Life*.

This factor has been weighed against Plaintiffs who have included their name in their complaints or in other litigation. *See, e.g., T.D.H. v. Kazi Foods of New Jersey, Inc.*, No. 5:23-cv-00634, 2023 WL 4868099, at *2 (E.D.Pa. July 31, 2023). In this case, Plaintiff did not use her true name anywhere in her Complaint or in any other litigation.

**B.  Basis for Seeking Anonymity**

Plaintiff here is seeking anonymity out of fear that if her identity is disclosed, she will be treated differently or be defined by the fact that she is a survivor of sexual assault. Additionally, Plaintiff seeks to avoid increased embarrassment, humiliation, and emotional distress. Having to face childhood trauma while interacting with others as an adult would aggravate and enhance the trauma and emotional distress that Plaintiff carries with her to this day.

This Court has granted the request of a victim of sexual abuse to proceed anonymously in the past when that victim feared further trauma, like the Plaintiff here. *K.B. v. Conrad Weiser Area School District*, Civ. A. No. 5:21-cv-04292, 2022 WL 206176, at *2 (E.D.Pa. Jan. 24, 2022). The Court stated that such a fear mirrors the fears acknowledged in *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D.Pa. 2001) and *Doe v. Rutgers*, No. 2:18-cv-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019), two other cases where plaintiffs were granted leave to proceed anonymously. Plaintiff here should be afforded the same result.

**C.  Magnitude of Public Interest in Plaintiff's Confidentiality**

Courts have recognized the importance of protecting the identity of sexual assault survivors and their privacy to avoid a chilling effect that would act as an impediment to the filing of cases

such as this by survivors. In *Evans*, the court found that the public had an interest in "protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights…" *Evans*, 202 F.R.D. at 176. In *K.B. v. Conrad Weiser Area School District*, this Court described the interest in protecting the identities of sexual assault victims as "equally weighty, if not more so" then the interest in knowing the identities of those who sue public entities. Civ. A. No. 5:21-cv-04292, 2022 WL 206176, at *3 (E.D.Pa. Jan. 24, 2022). In this matter, the Defendants are not public entities like in *K.B.* and so this factor weighs even heavier in Plaintiff's favor.

### D. Fact-Dependent Nature of Plaintiff's Case

Of course, this case is fact specific and not purely legal. *See K.B. v. Conrad Weiser Area School District*, Civ. A. No. 5:21-cv-04292, 2022 WL 206176, at *2 (E.D.Pa. Jan. 24, 2022). However, in *Evans*, the court made clear that protecting that plaintiff's identity would not impede the public interest in following issues raised by a sexual assault lawsuit when weighing this factor. *Evans*, 202 F.R.D. at 176.

### E. Whether Plaintiff Would Litigate Without Pseudonymity

Plaintiff filed the case under a pseudonym with the hopes of proceeding anonymously as "Jane Doe." At this point, Plaintiff believes the position of the Defendants is that Plaintiff should be forced to proceed under her initials. Proceeding under initials poses significant risk to identification as outlined elsewhere in this memorandum. Plaintiff's decision as to how to proceed in the case of an adverse ruling is properly reserved until the Court rules on this motion.

### F. Whether Plaintiff Has Illegitimate Ulterior Motives for Her Request

Plaintiff's motives for proceeding under a pseudonym are outlined herein and are legitimate. There are no ulterior motives. This factor weighs in favor of granting the motion.

### G.  Universal Level of Public Interest

Admittedly, Plaintiff "must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411. However, the Third Circuit adopted a multi-factorial test for a reason, and no factor is determinative of whether a party should be allowed to proceed anonymously.

### H.  Whether Public Interest is Heightened

Here, unlike in *Megless*, the Defendants are not public officials or government bodies which weighs in favor of allowing this Plaintiff to proceed anonymously. *Megless*, 654 F.3d at 411. Similarly, the Plaintiff here is not a public figure and this action is not of any more interest to the public than a typical sexual assault lawsuit, so this factor weighs in favor of allowing Plaintiffs to proceed under pseudonym. *Doe v. United Behavioral Health*, Civ. A. No. 10-5192, 2010 WL 5173206, at *4 (E.D.Pa. Dec. 10, 2010); *see also K.B. v. Conrad Weiser Area School District*, Civ. A. No. 5:21-cv-04292, 2022 WL 206176, at *4 (E.D.Pa. Jan. 24, 2022) (weighing this factor in favor of a sexual assault survivor proceeding anonymously in a similar case).

### I.  Illegitimate Motivations for Opposition

Neither Plaintiff nor her counsel can know the motives of the parties opposing the pseudonym "Jane Doe." Defendants' counsel has communicated to Plaintiff's counsel that he is "not a big fan of Jane Does and would prefer to use the initials of the plaintiff…" and he has stated that "I am willing to allow the plaintiff to proceed with her initials. I will not agree to Jane Doe." Thus, Plaintiff brings this opposed motion.

If Plaintiff is forced to use her initials in this lawsuit, it is very likely that family, friends, associates, and former classmates would learn her identity. Defendants operate a relatively small school that has a very accomplished choir program. If Plaintiff's initials are coupled with the

7

allegations in the complaint, any alumnus who attended Pine Forge Academy from 2005-2008 could potentially piece together the puzzle and identify Plaintiff. Certainly, if an alumnus had a yearbook they could identify Plaintiff rather quickly using her initials. Allowing Plaintiff to proceed under a pseudonym, but ordering that the pseudonym must be her initials would defeat the purpose of a pseudonym in the first place and could have a chilling effect on this case and those that could come after.

**IV.**   **Conclusion**

For the foregoing reasons, Plaintiff requests that this Court grant Plaintiff's Motion for Leave of Court to Proceed Under a Pseudonym.

Respectfully submitted,
**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion for Leave of Court to Proceed Under a Pseudonym and Memorandum in Support thereof  was  served  via  the  Court's  ECF  Filing System upon all counsel of record on this date July 21, 2025.

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JANE DOE, | : | Civil No. 5:25-cv-02838-JMG |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE JOHN M. GALLAGHER |
| | : | |
| PINE FORGE ACADEMY, *et al.,* | : | |
| Defendants. | : | |

---

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR LEAVE OF COURT TO PROCEED UNDER A PSEUDONYM**

**AND NOW**, this        day of            , 2025 upon consideration of Plaintiff's Motion for Leave of Court to Proceed under a Pseudonym, and any responses thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and Plaintiff may proceed in this action under the pseudonym "Jane Doe."

**IT IS FURTHER ORDERED** and **DECREED** that all Parties and any future third parties maintain the anonymity of Plaintiff Jane Doe and confidentiality of the identity of Plaintiff through the use of her pseudonym, Jane Doe, in all filings, including all exhibits in which her name appears, and to all non-parties in the above-captioned matter.

**BY THE COURT:**

_____