**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVNIA**

| | |
|---|---|
| JANE DOE<br><br>                    Plaintiff<br><br>          v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE OF<br>THE SEVENTH-DAY ADVENTISTS<br><br>                    Defendants | No.:  5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS PINE FORGE ACADEMY AND ALLEGHENY EAST**
**CONFERENCE OF THE SEVENTH-DAY ADVENTISTS ANSWER TO PLAINTIFF'S**
**COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants Pine Forge Academy and Allegheny East Conference of Seventh Day

Adventists (hereinafter "Answering Defendants") by and through its counsel, Weber Gallagher

Simpson Stapleton Fires & Newby LLP, hereby file this Answer to Plaintiff's Complaint with

Affirmative Defenses as follows:

1.      Denied. Answering Defendants deny the allegations of this paragraph, which

purport to characterize the contents of a writing that speaks for itself.

2.      Admitted.

3.      Denied. Answering Defendants are without sufficient knowledge or information

to form a belief as to the truth or falsity of the allegations contained within the corresponding

paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict

proof thereof is demanded at trial.

4.      Denied.

5.      Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

PARTIES

6.      Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

7.      Admitted that Defendant Pine Forge Academy is a co-educational Seventh-day Adventist school with a principal place of business located in Pine Forge, Pennsylvania.

8.      Admitted that Defendant Alleghany East Conference Corporation of Seventh-day Adventists is a regional administrative unit of the Seventh-day Adventist Church operating as a non-profit organization in Pine Forge, Pennsylvania.

JURISDICTION AND VENUE

9.      Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

10.      Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

11.      Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

## FACTUAL ALLEGATIONS

12.    Admitted.

13.    Admitted.

14.    Admitted that Pine Forge Academy has both on-campus and off-campus students.

15.    Denied. Answering Defendants deny the allegations of this paragraph, which purport to characterize the contents of a writing that speaks for itself.

16.    Admitted.

17.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

18.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

19.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

20.    Admitted.

21.    Denied. Answering Defendants deny the allegations of this paragraph, which are conclusions of law.

22.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

23.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

24.     Denied as stated.

25.     Admitted.

26.     Admitted.

27.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph and subparagraphs of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

28.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph and subparagraphs of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

29.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph and subparagraphs of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

30.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph and subparagraphs of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

31.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph and subparagraphs of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

32.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

33.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

34.     Denied as stated.

35.     Denied as stated

36.     Denied as stated.

37.     Denied as stated.

38.     Denied as stated

39.     Denied.

40.     Denied as stated

.

41.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

42.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

43.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

44.    Denied as stated

45.    Denied as stated

46.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Admitted.

51.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

52.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

53.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

54.    Denied.

55.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

56.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

57.    Admitted in part; denied in part. Admitted that Dean Camille Kibler is the former Dean of Young Women at Pine Forge Academy. The remaining allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no

response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

58.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

59.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph and subparagraphs of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

65.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

66.     Admitted in part; denied in part. Admitted that Helen Peace is the former Assistant Dean of Young Women at Pine Forge Academy. The remaining allegations contained

within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

67.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

68.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph and subparagraphs of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

69.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

70.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

71.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

72.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding

paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

73.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

74.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

75.    Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

76.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

77.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

78.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

79.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

80.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

81.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

82.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

83.     Denied. The allegations contained within the corresponding paragraph and subparagraphs  of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

84.     Denied.

85.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

86.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. To the extent the allegations are deemed factual in nature, they are denied.

87.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

88.     Denied.

89.     Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. If relevant, strict proof thereof is demanded at trial.

90.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

91.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

92.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

93.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

94.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

95.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

96.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

97.     Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

98.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

99.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

100.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

101.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

102.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

## COUNT I
## NEGLIGENCE
### (Against All Defendants)

103.    The answers to the aforementioned paragraphs are repeated and made a part hereof, as if fully set forth at length herein.

104.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

105.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

106.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

107.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

108.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

109.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

110.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

111.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

112.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

113.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

114.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

115.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

116.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

117.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing Plaintiff's Complaint, together with reasonable attorneys' fees and costs of suit.

**COUNT II**
**NEGLIGENT HIRING, TRAINING, SUPERVISION,**
**AND RETENTION**
**(Against All Defendants)**

118.    The answers to the aforementioned paragraphs are repeated and made a part hereof, as if fully set forth at length herein.

119.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

120.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

121.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

122.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

123.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

124.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

125.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

126.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

127.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

128.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

129.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

130.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

131.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

132.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

133.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

134.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

135.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

136.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing Plaintiff's Complaint, together with reasonable attorneys' fees and costs of suit.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

137.    The answers to the aforementioned paragraphs are repeated and made a part hereof, as if fully set forth at length herein.

138.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

139.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

140.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

141.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

142.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

143.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

144.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

145.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

146.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

147.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

148.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

149.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

150.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing Plaintiff's Complaint, together with reasonable attorneys' fees and costs of suit.

**COUNTY IV**
**VICARIOUS LIABILITY**
**FOR AGENTS' NEGLIGENCE**
**(Against All Defendants)**

151.    The answers to the aforementioned paragraphs are repeated and made a part hereof, as if fully set forth at length herein.

152.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

153.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied. Additionally, any allegations of negligence against unidentified agents, staff, and/or employees of Answering Defendant are denied and said individuals must be deemed independent contractors until further identified.

154.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

155.    Denied. The allegations contained within the corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response pleading is required and are, therefore, denied.

156.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

157.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

158.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

159.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

160.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

161.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

162.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

163.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

164.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

165.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

166.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

167.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

168.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

169.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

170.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

171.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

172.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

173.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

174.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

175.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

176.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no response is necessary and are therefore deemed denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing Plaintiff's Complaint, together with reasonable attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants acted within the applicable standard of care at all material times.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint contains allegations of negligence against unidentified agents, servants and/or employees, which are insufficient as a matter of law. Said individuals must be deemed independent contractors until further identified.

### FOURTH AFFIRMATIVE DEFENSE

The alleged acts and/or omissions on the part of Answering Defendants were not causally related to Plaintiff's alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants did not breach any duty owed to plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

No act or omission by Answering Defendants increased the risk of harm to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by herself or other persons, entities or events, over which Answering Defendants had no control.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto plaintiff is a resident of Maryland and thus, the law of Maryland controls plaintiff's claim for damages

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or reduced in part by the applicable doctrine of comparative negligence.

### TENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Plaintiff were not proximately caused by any action or inaction on the part of Answering Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited if the injuries allegedly sustained are the result of some person, party or entity over whom Answering Defendants had no control or right of control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of superseding, intervening cause. If the allegations in plaintiff's complaint are true, which is hereby denied, then said conduct as alleged was criminal in nature, not clearly foreseeable, and constituted a superseding, intervening cause.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Answering Defendants are deemed negligent in any respect as alleged within the Complaint, all such allegations being specifically denied, then said negligence was passive and the injuries sustained by Plaintiff were the result of a superseding, intervening, alleged criminal act of a third person or persons, which was the superseding cause of Plaintiff's injuries.  Therefore, if Answering Defendants are found liable, which liability is hereby denied, then said liability would be passive in nature entitling Answering Defendants to a right of contribution and or indemnification.

## FIFTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff should be awarded any money damages, such possibility being specifically denied, then the amount of said damages must be reduced by the total amount of any and all medical expenses charged, but not actually paid by or on behalf of the Plaintiff, and reduced by the sum of any and all medical expenses written off by a health care provider pursuant to Pennsylvania Supreme Court's ruling in Morehead v. Crozer-Chester Medical Center, 200 Pa. Lexis 2992 (Pa. December 22, 2000).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants object to plaintiff proceeding under a Jane Doe absent an agreement for discovery

## EIGTHEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a valid cause of action for vicarious liability.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, together with reasonable costs, attorneys' fees and other such relief as this Honorable Court may deem appropriate.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

*/s/ Georgios Farmakis*

By: _____
Joseph Goldberg, Esquire
Tracy A. Walsh, Esquire
Georgios Farmakis, Esquire
Attorneys for Defendants

Date:  July 24, 2025