IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, : | |
|         Plaintiff, : | |
| : | |
| v. : | Civil No.: 5:25-cv-02838-JMG |
| : | |
| PINE FORGE ACADEMY, *et al* : | |
|         Defendants. : | |

**ORDER**

**AND NOW**, this 11th day of August, 2025, upon consideration of Plaintiff's Motion for Leave of Court to Proceed Under a Pseudonym (ECF No. 9) and Defendants' Brief in Opposition to Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 11), **IT IS HEREBY ORDERED** that the Motion (ECF No. 9) is **GRANTED**.[1] Plaintiff may continue to proceed in pseudonym and the docket shall continue to reflect her name as Jane Doe.

---

[1] Plaintiff alleges that she was sexually abused when she was seventeen years old by an adult who was entrusted with her safety by Defendants. She filed this lawsuit against Defendants asserting a variety of claims based on Defendants' negligence in her alleged abuse. She now moves to continue litigating this matter under a pseudonym. ECF No. 9. Defendants oppose the motion. ECF No. 11.

Federal Rule of Civil Procedure 10(a) requires parties to identify themselves in their pleadings. *Doe v. Meglass*, 654 F.3d 404, 408 (3d Cir. 2011) (citing to Fed. R. Civ. P. 10(a)). "Courts have explained that [Rule 10(a)] illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Part of the public nature of judicial proceedings is the identification of the parties. *See id.* ("Identifying the parties to the proceeding is an important dimension of publicness." (quoting *Blue Cross*, 112 F.3d at 872). Therefore, a litigant's "use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

Despite Rule 10(a)'s identification requirement, courts have the discretion to permit litigants to proceed anonymously "in exceptional cases." *See id.* The litigant must demonstrate that they have "a reasonable fear of severe harm that outweighs the public's interest in open judicial proceedings." *Id.* The Third Circuit has endorsed a set of non-exhaustive factors when balancing

1

these competing interests. *Id.* at 409. The factors that favor a litigant's request to proceed anonymously are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). The factors that weigh against a litigant's request for anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467). Considering the public's interest in open court proceedings, courts have found that there is "an independent duty to determine whether 'exceptional circumstances' warrant a departure from the normal method of proceeding' in federal litigation." *Freedom from Religion Foundation, Inc. v. New Kensington-Arnold School Dist.*, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)); *see also Doe v. County of Lehigh*, 2020 WL 7319544, at *3 (E.D. Pa. Dec. 11, 2020).

The Court finds that the factors weigh in favor of allowing Plaintiff to continue prosecuting this case under pseudonym. Specifically, the following factors support pseudonymity: Plaintiff's "attempts to keep her identity confidential; her fear of increased embarrassment, humiliation, and stigmatization as a [sexual assault] victim that would compound the severe emotional damage caused by the alleged actions of the defendants if her identity was disclosed; the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims; [her] lack of illegitimate motive; and the fact that no public figure is involved in this litigation." *Doe v. Moravian Coll.*, 2021 WL 12318058, at *1 n.1 (E.D. Pa. Jan. 11, 2021) (internal quotation marks omitted). In addition, the "remaining factors, such as the universal level of public interest in access to the identities of litigants, do not outweigh the interests in favor of pseudonymity." *Id*. Thus, Plaintiff's motion is granted.

**IT IS FURTHER ORDRED** that Plaintiff shall submit a proposed protective order for discovery by **August 25, 2025**.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] One of Defendants' primary reasons for why Plaintiff's motion should be denied is that "if she is permitted to proceed anonymously, it may affect the ability of the parties to subpoena medical, psychological and school records relating to Plaintiff's claims as this cannot generally be done using only initials." ECF No. 11 at 6. This argument is not persuasive because proceeding under pseudonym does not render discovery impossible. But the Court asks Plaintiff to submit a proposed protective order to streamline discovery.