**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JANE DOE, | : | |
|       Plaintiff, | : | |
| | : | |
|       v. | : | Civil No. 5:25-cv-02838-JMG |
| | : | |
| PINE FORGE ACADEMY, *et al.,* | : | |
|       Defendants. | : | |

---

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on August 4, 2025 and submit the following report of their meeting for the court's consideration:

**I.    Counsel**

    A.  Lead counsel for Plaintiff(s):    Edward J. Kelley, III

    B.  Lead counsel for Defendant(s):    Joseph Goldberg/Tracy A. Walsh

    C.  Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

        Edward J. Kelley, III Esq.
        737 Bolivar Rd., Ste. 440
        Cleveland, OH 44115
        (216) 333-6707
        ed@constantllp.com

    D.  Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

        Joseph Goldberg, Esquire
        Tracy A. Walsh, Esquire
        2000 Market Street, Suite 1300
        Philadelphia, PA 19103
        (215) 972-7900
        jgoldberg@wglaw.com
        twalsh@wglaw.com

II.    **Description of Claims and Defenses**

Plaintiff: Plaintiff brings this lawsuit alleging various negligence causes of action as well as vicarious liability theories related to the negligence of the school and its agents. Plaintiff was a boarding student and stand-out member of the choir at Pine Forge Academy from 2005-2008. Pine Forge Academy stood *in loco parentis* to the Plaintiff while she was a boarding student and member of the school's choir. They thus had elevated duties to protect the Plaintiff from harm in addition to their traditional duties of care.

Plaintiff was sexually abused by the school's choir director during her senior year of high school. The sexual abuse occurred after multiple students and alumni of Pine Forge Academy complained to the school's administration about the choir director's inappropriate relationships with students, including specifically an inappropriate relationship with the Plaintiff. The first report of the perpetrator's inappropriate relationships with students in the choir program came before Plaintiff even enrolled at Pine Forge Academy for her sophomore year. Reports continued to be made about this perpetrator to administrators at Pine Forge by at least four other concerned young women, but no action was taken to protect students.

Defendants: Plaintiff asserts claims for Negligence, Negligent Hiring and/or Training, Negligent Infliction of Emotional Distress and Vicarious Liability for Agent's Negligence against Defendants, which all appear to stem from underlying allegations of sexual abuse that occurred in or about 2008 when she was seventeen years old and a student at Defendants' boarding school almost twenty years ago. Specifically, Plaintiff, who is now an adult individual residing in Maryland, enrolled in Pine Forge Academy boarding school as a sophomore in 2005 and graduated May 25, 2008. She was a member of the school choir from 2005-2008. Plaintiff claims that during her senior year, while she was 17, she was groomed and sexually molested by Dr. Jason Max

Ferdinand, the former Choir Director during this time. Plaintiff further claims that Dr. Ferdinand would send inappropriate text messages which said, *inter alia*, "I love you," however no such text messages currently exist. Moreover, upon information and belief, no arrests or criminal charges were ever brought in regard to these allegations. Plaintiff further alleges that employees of the school, including the deans, were aware of the alleged grooming that took place, which is denied by Defendants.

Dr. Ferdinand had a stellar reputation while working at Pine Forge as Choir Director. No complaints of inappropriate sexual relations were made against him by Plaintiff or any other student for that matter to the school's deans and/or his supervisors. Upon information and belief, Dr. Ferdinand will deny all allegations of wrongdoing. In 2008, it was also common knowledge at the school that Dr. Ferdinand was leaving Pine Forge to go to work at Oakwood University in Alabama, which was viewed as a natural progression in his career. Upon information and belief, Plaintiff also went to Oakwood University from Pine Forge Academy knowing that Dr. Ferdinand was going to be teaching there.

## III.    Stipulated Facts

Defendants in this case are Pine Forge Academy and the Allegheny East Conference Corporation of Seventh-Day Adventists. Pine Forge Academy is operated by the Allegheny East Conference.

Plaintiff was a boarding student at Pine Forge Academy from 2005 to 2008. While enrolled at Pine Forge Academy, Plaintiff was a member of the choir. Dr. Jason Max Ferdinand was the choir director at Pine Forge Academy from 2005 to 2008.

### IV.    Jurisdiction

Plaintiff is a citizen of Maryland and Defendants are citizens of Pennsylvania. The amount in controversy exceeds $75,000. Thus, this Court has diversity jurisdiction in this matter.

### V.    Insurance Coverage and Deductibles

Plaintiff: Not Applicable

Defendant: Defendants maintain liability insurance through Church Mutual Insurance Company with limits of liability of $2,000,000 in coverage.

### VI.    Dispositive Motions

Plaintiff: Plaintiff does not anticipate filing any dispositive motions.

Defendant: Defendants do anticipate filing dispositive motions at the conclusion of discovery.

### VII.    Anticipated Scope of Discovery

A. Plaintiff: Plaintiff anticipates conducting discovery regarding the Defendants' knowledge that young women in the school's choir program were at risk of being sexually assaulted by the choir's director. Plaintiff also anticipates conducting discovery regarding the actions and inactions taken by the Defendants to protect the Plaintiff.

Defendants: Defendants will seek information regarding Plaintiff's mental health, prior and subsequent medical treatment. Defendants will also seek information regarding the circumstances that led to her claims of inappropriate contact and/or sexual abuse by Dr. Ferdinand and the statements, communications and reporting by Plaintiff or other students of such conduct to any other staff of Defendants or other third parties. It is likely this discovery will require the entry of a confidentiality order.

B.  Anticipated number of interrogatories per Party:        <u>35</u>

C.  Anticipated number of depositions per Party:        <u>10</u>

D.  At this time, the parties believe they will be able to complete all necessary depositions without exceeding Civ.R. 30(a)(2)(A)(1)'s ten deposition limit. However, discovery is in its infancy and if other individuals are identified with relevant information a party may need to take additional depositions.

E.  There are a number of individuals that are not parties to this litigation that possess relevant information and will give depositions. Defendant will also likely serve document subpoena's to obtain Plaintiff's academic records and treating records.

F.  Expert Discovery:

   Plaintiff: Yes. The Plaintiff will call a psychiatrist to testify regarding Plaintiff's injuries and how Defendants' conduct caused those injuries. Plaintiff may also call an expert regarding the standard of care, a grooming expert, and a life care planner. Plaintiff further reserves the right to depose Defendants' experts.

   Defendants: Defendants intend to have Plaintiff examined by a forensic psychiatrist or other qualified mental health professional to ascertain her injuries. At this time, Defendants intend to call this psychiatrist to testify at trial to testify about this examination in addition to a standard of care and life care planner expert. Defendants further reserve the right to depose Plaintiff's experts.

## VIII.    Status of Discovery

   Defendant served Plaintiff with Interrogatories and Requests for Production of Documents on July 2, 2025. Plaintiff responded to those requests on August 1, 2025. Plaintiff served

Defendants with Interrogatories and Requests for Production of Documents on July 25, 2025.

Defendants served their Initial Disclosures on August 4, 2025.

Plaintiff and Defendants have begun working together to schedule the first ten depositions to be taken in this matter.

IX.     **Proposed Case Management Deadlines**

A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference):          August 22, 2025

B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays):          October 24, 2025

C. Deadline for Plaintiff expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): November 15, 2025

D. Deadline for Defense expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): December 15, 2025

E. Deadline for Plaintiff rebuttal expert reports (if any):          January 15, 2026

F. Deadline to complete **all** discovery (fact and expert, including expert depositions):

   January 15, 2026

G. If any Party seeks more than 120 days for discovery, explain why: The allegations contained within Plaintiff's Complaint stem from approximately 20 years ago. Plaintiff and fact witnesses now reside out of state and/or no longer work for Defendants, which will likely cause some delay in obtaining depositions and/or other information from these individuals.

H. Deadline to file motion for summary judgment:          January 30, 2026

I. Estimated trial ready date:          April 1, 2026

      J.   Estimated Number of Days for Trial:           <u>10</u>

## X.    Deposition Scheduling

Have the Parties set aside dates for deposition?    ___ Yes  <u>X</u>  No

If yes, what are those dates?  _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

The parties have exchanged the names of witnesses that they intend to depose. Counsel is working to get available dates of these witnesses. Counsel anticipates having at least some depositions scheduled prior to the Rule 16 Conference.

## XI.    Electronic Discovery

Plaintiff: Plaintiffs do not expect any ESI issues.

Defendants: Defendants do not expect any ESI issues.

## XII.    Protective Orders and Confidentiality Agreements

Plaintiff was granted leave to proceed in this matter under a pseudonym on August 11, 2025. (Doc. #14). Plaintiff was also ordered to submit a proposed protective order to the Court by August 25, 2025. On August 12, 2025, Plaintiff sent a proposed protective order to Defendants with the hopes that the parties could agree on the language of the protective order. The parties are hopeful that they will be able to agree to a Stipulated Protective Order by Plaintiff's August 25, 2025 deadline, and if not Plaintiff will submit its own Protective Order to the Court by that date.

## XIII.    Alternative Dispute Resolution

A. Have the Parties engaged in any settlement discussions?: Before filing this lawsuit, Plaintiff made a settlement demand to Defendants. Defendants have made no offer in response at this time.

B.  Have the Parties explored or considered other forms of alternative dispute resolution?

The parties have not explored or considered other forms of ADR. Plaintiff would participate in mediation and/or a settlement conference. Defendants would also participate in mediation and/or a settlement conference following the completion of Plaintiff's examination, deposition and receipt of all Plaintiff's mental health treatment records.

C.  Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

Plaintiff: Edward J. Kelley, III, Esq.

Defendants: Tracy A. Walsh, Esquire

### XIV.    Consent to Send Case to a Magistrate Judge

Plaintiff and Defendants do not consent to a magistrate judge for trial, but would be open to any other involvement that the Court sees fit.

### XV.    Policies and Procedures

Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website.  By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein.  The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.

### XVI.    Other Matters

None at this time.

**ACKNOWLEDGEMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

*/s/ Georgios Farmakis*
Joseph Goldberg, Esquire
Tracy A. Walsh, Esquire
Georgios Farmakis, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: (215)825-7225
F(215)564-7699
jgoldberg@wglaw.com
twalsh@wglaw.com
gfarmakis@wglaw.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Joint Rule 26(f) Report was served via the Court's

ECF Filing System upon all counsel of record on this date August 14, 2025.

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Georgios Farmakis*
Joseph Goldberg, Esquire
Tracy A. Walsh, Esquire
Georgios Farmakis, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: (215)825-7225
F(215)564-7699
jgoldberg@wglaw.com
twalsh@wglaw.com
gfarmakis@wglaw.com
**Attorneys for Defendants**