# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | Civil No. 5:25-cv-02838-JMG |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE JOHN M. GALLAGHER |
| | : | |
| PINE FORGE ACADEMY, *et al.,* | : | |
| Defendants. | : | |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Jane Doe (hereinafter, "Plaintiff") filed this action on June 3, 2025, against Defendants Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists (hereinafter, jointly "Defendants").

WHEREAS, the Plaintiff filed this matter under the pseudonym "Jane Doe" in an effort to protect her privacy and based on her fear of increased embarrassment, humiliation, and stigmatization that would compound the severe emotional damages she has suffered.

WHEREAS, the Court in this matter has granted Plaintiff's Motion to proceed under the pseudonym "Jane Doe." (See Doc. #14).

WHEREAS, Plaintiff and Defendants will need to engage in discovery in this matter that will include the exchange of documents and the taking of depositions.

WHEREAS, third parties such as schools, former classmates of the Plaintiff, and current and former employees of Defendant will be asked or commanded by law through subpoena to produce documents and testify at depositions in the course of discovery.

WHEREAS, the public has an interest in protecting the privacy of victims of childhood sexual assault and the parties desire to prevent the disclosure of Plaintiff's identity to the public through court filings in this matter prior to trial.

WHEREAS, the Court has determined that the terms set forth herein are appropriate to protect the interests of the Plaintiff and Defendants, the public, and the Court.

NOW, THEREFORE, it is HEREBY ORDERED that Plaintiff and Defendants, any third parties, and counsel that may in the future make filings into this matter on the public docket, shall abide by this ORDER as follows:

I. **Plaintiff's Name and Other Identifying Information Shall Be Deemed CONFIDENTIAL INFORMATION.**

CONFIDENTIAL INFORMATION shall include Plaintiff's name, date of birth, social security number, phone numbers, email addresses, and current and past residential and business addresses.

II. **CONFIDENTIAL INFORMATION shall not be included in documents filed in this matter.**

Third Party is defined as any person or entity other than Plaintiff or Defendants. Plaintiff, Defendants, Third Parties, and counsel to any person or entity are hereby Ordered that they are prohibited from filing any CONFIDENTIAL INFORMATION on the public docket in this case. All filings containing CONFIDENTIAL INFORMATION should redact the CONFIDENTIAL INFORMATION. Further, CONFIDENTIAL INFORMATION should only be disclosed to Third Parties to the extent necessary for litigation in this matter and in accordance with this Order.

III. **Subpoenas to Third Parties shall be served with this Order, and Third Parties shall be bound by this Order.**

A party in this action who serves a subpoena should serve with it a copy of this Order. A person receiving a subpoena should contact counsel who has signed the subpoena (likely Edward Kelley (216) 333-6707 or Joseph Goldberg (215) 825-7225).

    **IV.    Counsel for Plaintiff or Defendant shall share CONFIDENTIAL INFORMATION with any subpoenaed Third Party or their representative after the Third Party or their representative has reviewed this Order and signed the Acknowledgment attached as Exhibit A.**

Upon being contacted by a subpoenaed person, counsel shall then inform the subpoenaed person that they are required to review the Stipulated Protective Order, sign Exhibit A, and return the signed Exhibit A to counsel. At that point, counsel may share any CONFIDENTIAL INFORMATION required for the subpoenaed person to respond to the subpoena. If the subpoena is for deposition testimony, counsel shall inform the person of the Plaintiff's true name. All signed Exhibit A's should be shared between Counsel of Record for Plaintiff and Defendant.

    **V.    Counsel may use Plaintiff's true name at depositions, and the true name shall be replaced by the individual transcribing the deposition.**

During the course of a deposition, counsel and deponents should refer to the Plaintiff by her true name. At the conclusion of the deposition when the transcript is being transcribed, the transcriber should insert "Jane Doe" any time the Plaintiff is referenced by her true name or any nickname.

    **VI.    Counsel for Plaintiff and Defendants shall disclose Plaintiff's identity to Expert Witnesses, who shall refer to Plaintiff as "Jane Doe" in any reports.**

Counsel shall provide any expert witness that will be retained in this matter with this Stipulated Protective Order and Exhibit A thereto. Expert witnesses shall sign Exhibit A before being provided with any CONFIDENTIAL INFORMATION. Expert witnesses shall refer to Plaintiff as "Jane Doe" when issuing reports in this matter. All signed Exhibit A's should be shared between Counsel of Record for Plaintiff and Defendant.

    **VII.    Plaintiff, Defendants, and Third Parties shall work with the Clerk's Office if CONFIDENTIAL INFORMATION is mistakenly filed.**

Plaintiff, Defendants, Third Parties, or their counsel who mistakenly file CONFIDENTIAL INFORMATION will be subject to the Court's discretionary sanctioning power. Immediately

upon learning of the mistakenly filed CONFIDENTIAL INFORMATION, Plaintiff, Defendants, Third Parties, or their Counsel shall immediately notify counsel for the parties to this action of the mistaken filing and shall work with the Clerk's Office to correct the mistake.

### VIII. Termination and Modification

This Stipulated Protective Order shall remain in force and effect until modified, superseded, or terminated by Order of the Court. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court retains jurisdiction even after termination of this Action to enforce this Stipulated Protective Order and to make such modifications as the Court from time to time deems appropriate.

**IT IS SO ORDERED**.

BY THE COURT:

_____
JOHN M. GALLAGHER
United States District Court Judge

## **EXHIBIT A - ACKNOWLEDGMENT**

I acknowledge and declare that I have received a copy of the Stipulated Protective Order in the matter of *Jane Doe v. Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists*, Case No. 5:25-cv-2838 pending in the United States District Court for the Eastern District of Pennsylvania, The Honorable John M. Gallagher presiding. I have read and understand the terms of the Stipulated Protective Order and acknowledge that I am bound by its terms. If I am an attorney for a Third Party subject to the Stipulated Protective Order I declare that I have explained the Stipulated Protective Order to my client, and they understand the Order and that they are bound by the Order. I and/or my client consent to the jurisdiction of the Eastern District of Pennsylvania (and any other Court enforcing the Stipulated Protective Order) with respect to the Stipulated Protective Order only.

Signature: _____

Print Name of
Person or Entity: _____

Address: _____

Date: _____