# CONSTANT
## LEGAL GROUP

September 26, 2025

**Via ECF Only**
Honorable John M. Gallagher
United States District Court
Eastern District of Pennsylvania
504 W. Hamilton Street, Suite 4701
Allentown, PA 18101

   **Re:**  *Jane Doe v. Pine Forge Academy, et al.*
      **Case No. 5:25-cv-02838**

Dear Judge Gallagher,

  As counsel for the Plaintiff in the above-referenced matter, I write in response to the Defendants' letter filed with this Court yesterday. Defendants request a telephone conference with the Court to address a discovery issue regarding Plaintiff's deposition. I am amenable to a telephone conference or alternatively believe that this Court is more than capable of solving this issue without the need for a phone call.

  The issue that has arisen is narrow: the parties cannot agree on where Plaintiff's deposition will be held. On August 27 the Defendants' counsel requested to depose Plaintiff at the end of October at their Philadelphia office. After conferring with my client, we accepted October 29 as the date for her deposition, but informed defense counsel that the Plaintiff lived in Maryland and is responsible for taking care of her toddler, so the deposition would have to take place closer to her home.

  On September 9, Defendants attempted to unilaterally reschedule the deposition of Plaintiff to September 29 and insisted it must occur at their Philadelphia office. I opposed these efforts via email on September 9 and over the phone on September 10. The issue remains unresolved.

  We have no objection to having Plaintiff's deposition taken in person. We do have an issue with Plaintiff having to drive three hours or more to her deposition and three hours back home, or travel by plane. I have been involved in hundreds of depositions in my career and cannot think of a single one that required a deponent to travel such a distance.

  Defendants have yet to cite any authority for their position that the deposition must take place at their office. They argue that I didn't raise the location of Plaintiff's deposition

# CONSTANT
## LEGAL GROUP

at our Rule 16 conference, but that is because it is common practice in civil litigation for the attorneys to travel to the location of the deponent, party or non-party. While we discussed taking the deposition in person, the location was never mentioned. We did discuss the potential need of the Plaintiff to travel for a defense medical examination at the Rule 16 conference. I acknowledged at the time that the Plaintiff may have to travel for that examination due to the licensing requirements of mental health professionals.

Plaintiff is a single mother to a one-year-old child. If she is forced to travel for her deposition she will need to arrange for childcare for at least two days, including an overnight. Defendants' counsel on the other hand points to no hardship in having to travel to a location in Maryland for this deposition. They have also shown no prejudice in the deposition being taken outside the Eastern District.

I am more than happy to discuss this issue further, but request that the Court resolve the issue by ordering that Plaintiff's deposition be taken within 30 miles of her home.

Respectfully,

*Edward J. Kelley*

Edward J. Kelley

cc. Joseph Goldberg, Esq.
    Tracy Walsh, Esq.
    Georgios Farmakis, Esq.
    *Via ECF*