
2000 Market St, Suite 1300  
Philadelphia, PA 19103

215-972-7900  
215-564-7699

February 27, 2026

**VIA ECF**

Honorable John M. Gallagher  
U.S. District Court for the Eastern District of PA  
Edward N. Cahn Courthouse & Federal Building  
504 W. Hamilton Street, Suite 4701  
Allentown, PA 18101

Direct Dial: (215) 825-7224  
Email: twalsh@wglaw.com

Direct Dial: (267) 792-3276  
Email: gfarmakis@wglaw.com

      **RE:**    **Jane Doe v. Pine Forge Academy,** *et al.*  
             **Civil Action No. 5:25-cv-02838**

Dear Judge Gallagher:

      We represent Defendants, Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists, in the above-captioned matter. Pursuant to Federal Rule 26.1 and Your Honor's Policies and Procedures at C.2. and E., Defendants respectfully request a telephone conference with Your Honor and counsel for Plaintiff to address a dispute and avenues for relief pertaining to the Confidentiality/Protective Order that was entered by the Court in this case, and Plaintiff's recent violation thereof. The parties have not been able to resolve the issue which Defendants submit requires assistance from the Court due to the fact that the issues involve a Court Order, and the consequences of Plaintiff's actions have created not only disclosures in the public domain of "Confidential Information" but has also resulted in issues pertaining to preservation and production of evidence as well as additional potential discovery necessary beyond the February 27, 2026 fact and expert discovery deadline.

      Specifically, on or about July 21, 2025, Plaintiff filed a Motion for Leave to Proceed Under a Pseudonym, asserting, among other things, that Plaintiff sought to maintain the confidentiality of her identity in connection with this litigation and her claims against Defendants. Plaintiff asserted in her motion that "given the highly sensitive nature of this case, and the absence of any other means to adequately and effectively protect the Plaintiff's privacy interests, the Court should allow Plaintiff to proceed under pseudonym." (ECF Doc. 9). In her motion, Plaintiff argued against even her initials being used because it "would allow friends, family, classmates, and the public at large to identify the Plaintiff and effectively eliminate the protections the case law provides." (Id.) Plaintiff further asserted in her motion that disclosure of her name or initials "would allow anyone familiar with the school and its choir program" to identify Plaintiff. (Id.) The assertions Plaintiff

made to the Court in support of her motion included, "her fear of increased embarrassment, humiliation, and stigmatization as a [sexual assault] victim that would compound the severe emotional damage caused by the alleged actions of the defendants if her identity was disclosed; the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims." (Id.) Defendants opposed Plaintiff's motion, asserting, among other grounds, that Plaintiff did not provide a sufficient basis to support a reasonable belief for fear of severe harm if a pseudonym is not used in addition to the fact that proceeding under a pseudonym may affect the ability of the parties to subpoena medical, psychological and school records relating to Plaintiff's claims as this cannot generally be done using only initials.[1] (ECF Doc. 11).

On August 11, 2025, this Honorable Court granted Plaintiff's motion and directed Plaintiff to submit a proposed Protective Order to the Court (EFC No. 14). In the proposed Protective Order, Plaintiff represented to the Court that she filed this civil action and was pursuing her claims under a pseudonym, "to protect her privacy and based on her fear of increased embarrassment, humiliation, and stigmatization that would compound the several emotional damages she has suffered." (ECF Docs. 18 & 18-1). This Protective Order entered by the Court, describes the Plaintiff's name as well as other information such as her email address and current and past residential and business addresses, as "CONFIDENTIAL," and prohibits the parties, including the Plaintiff, from disclosing Plaintiff's name and the other "confidential" information to third parties and/or to the public. Id.

Recently, it came to Defendants' attention that, in direction violation of the Protective Order, Plaintiff posted comments on social media **under her full name** to 14,000 followers pertaining to her claims and lawsuit against Pine Forge Academy.[2] Such actions taken by Plaintiff have, among other things, caused and resulted in undue and unfair prejudice to the Defendants who are bound by and have complied with the Protective Order, and has undermined the integrity of the discovery process.

Defendants placed Plaintiff on notice of the violation on February 20, 2026, to which there has not been a response to meet and confer or otherwise resolve the issues raised by Plaintiff's violation of the Protective Order. *See* letter dated 02/20/2026 attached as Exhibit "A." In addition, on February 26, 2026 (the day before the fact discovery deadline), Plaintiff specifically identified seven (7) "new" witnesses whom Plaintiff represented she became aware of as having relevant knowledge pertaining to this lawsuit during the same time period as her social media posts were made (February 17-25, 2026). *See* letter dated 02/26/2026 attached as Exhibit "B." However, Plaintiff has not provided any information or documents as required by F.R.C.P 26 nor otherwise supplemented her written discovery responses as to the contact information or the knowledge possessed by the seven (7) witnesses as of the fact discovery deadline, thereby prejudicing the Defendants' ability to engage in further discovery, including but not limited to, additional depositions of purported fact witnesses.

---

[1] This assertion has in fact become reality. Over the past several months, Defendants have not been able to promptly obtain complete records of plaintiff's purported treatment or school records by subpoena because of issues surrounding Plaintiff's pseudonym.

[2] A copy of these social media posts without redactions can be provided to the Court *in camera* as they contain the Plaintiff's full name and photograph.

**3 |** P a g e

Accordingly, we respectfully request that Your Honor schedule a discovery telephone conference to address Plaintiff's violation of the Protective Order and the discovery deadline.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

*/s/ Tracy Walsh*_____
Tracy A. Walsh, Esquire

*/s/ Georgios Farmakis*_____
Georgios Farmakis, Esquire

TAW/GFA
cc via ECF:    Edward Kelley, Esquire