# EXHIBIT "A"



2000 Market Street, Suite 1300　　　　　　　　　　　　　　　　　　　T(215) 972-7900
Philadelphia, PA 19103　　　　　　　　　　　　　　　　　　　　　　　F(215) 564-7699

February 20, 2026

Direct Dial: 215.825.7224
Email: twalsh@wglaw.com

Direct Dial: (267) 792-3276
Email: gfarmakis@wglaw.com

**Via email:  ed@constantllp.com**
Edward J. Kelley, Esquire
Constant Legal Group LLP
737 Bolivar Road, Suite 440
Cleveland, OH 44115

　　　　**RE:**　**Jane Doe v. Pine Forge Academy, et al**
　　　　　　　**USDC EDPA Number: 5:25-cv-2838**
　　　　　　　**Our File Number: 0209558**

Dear Mr. Kelley:

　　　　As you know, on July 21, 2025, Plaintiff filed a Motion for Leave to Proceed Under a Pseudonym, asserting, among other things, that Plaintiff sought to maintain the confidentiality of her identity in connection with this litigation and her claims against Pine Forge Academy. Plaintiff asserted in her motion that "given the highly sensitive nature of this case, and the absence of any other means to adequately and effectively protect the Plaintiff's privacy interests, the Court should allow Plaintiff to proceed under pseudonym." In fact, Plaintiff argued in the motion that not even her initials be used because it "would allow friends, family, classmates, and the public at large to identify the Plaintiff and effectively eliminate the protections the case law provides." Plaintiff further asserted that disclosure of her initials (let alone her full name) "would allow anyone familiar with the school and its choir program" to identify Plaintiff. The assertions Plaintiff made to the Court in support her motion included, "her fear of increased embarrassment, humiliation, and stigmatization as a [sexual assault] victim that would compound the severe emotional damage caused by the alleged actions of the defendants if her identity was disclosed; the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims." (ECF Doc. 9).

　　　　As you also know, Defendants opposed Plaintiff's motion, asserting, among other arguments, that Plaintiff has not provided any sufficient basis to support a reasonable belief for fear of severe harm if a pseudonym is not used. (ECF Doc. 11).

1

On August 11, 2025, the Court granted Plaintiff's motion based upon the representations that Plaintiff made to the Court in support of her motion. (ECF 14). Plaintiff was ordered to submit a proposed protective order to the Court, wherein Plaintiff stated to the Court in her stipulation that she filed the matter under a pseudonym "to protect her privacy and based on her fear of increased embarrassment, humiliation, and stigmatization that would compound the several emotional damages she has suffered." (ECF Docs. 18 & 18-1). This Protective Order entered by the Court prohibits Plaintiff from disclosing her identity in connection with the Pine Forge matter and her claims therein or allegedly arising therefrom. Id.

It has come to our attention that your client has willfully violated the Protective Order and taken action in direct contradiction to her representations to the Court. Your client has recently made social media posts with her full identity made known to 14,000 followers pertaining to Pine Forge and her claims, which is in direct contravention of her statements to the Court and in flagrant violation of the Protective Order. In addition, your client has made public comments about this case, fully identifying herself, in the wake of the recent passing of former Dean Camille Kibler, who she also described to 14,000 individuals as a someone who "funneled girls under her care to the very men who abused them" and a "liar until her dying day." As you know, Ms. Kibler testified at deposition in this case under the auspices of the Protective Order, and your client has made egregious attacks upon Ms. Kibler's character, to which Ms. Kibler is obviously unable to respond to or defend against. Such actions on the part of your client have, among other things, caused and resulted in undue and unfair prejudice and has clearly undermined the integrity of the discovery process.

Accordingly, first, please direct your client to immediately cease and desist these actions and her continuing violation of the Protective Order. We insist that you provide prompt, written confirmation that your client take steps to remedy the violations, identify all unauthorized disclosures and recipients of these social media posts and confer with your client to preserve copies of all communications that followed with any individuals concerning these social media posts. We are further placing your client, through you, on notice that she must preserve and not delete, damage, or discard evidence as a forensic review and analysis of the contents of Plaintiff's electronic devices including but not limited to phones, tablets, ipads, PC's, laptops, etc. and/or social media applications may be conducted.

Please confer with your client and respond by no later than 12pm Monday, February 23, 2026. All rights and defenses are preserved and not waived by Defendants and the appropriate relief by and through a motion for sanctions filed with the Court is anticipated.

Thank you for your prompt attention to this matter.

Very truly yours,

/s/ Georgios Farmakis
Georgios Farmakis, Esquire
Tracy A. Walsh, Esquire

GF:TAW/