# CONSTANT LEGAL GROUP

March 2, 2026

<u>**Via ECF**</u>
Honorable John M. Gallagher
U.S. District Court for the Eastern District of PA
Edward N. Cahn Courthouse & Federal Building
504 W. Hamilton Street, Suite 4701
Allentown, PA 18101

      **RE:**    ***Jane Doe v. Pine Forge Academy, et al.***
               **Eastern District of Pennsylvania**
               <u>**Civil No. 5:25-cv-02838-JMG**</u>

Dear Judge Gallaher,

      I write in response to the Defendants' letter dated February 27, 2026 regarding an Instagram post made by the Plaintiff. In short, Plaintiff has not violated any Protective Order, has not violated the Proposed Stipulated Protective Order filed at Document 18-1, this is not a discovery issue, and Defendant has not Met and Conferred on any issue that would warrant a discovery conference. All of that being said, I am amenable to a telephone call if the Court believes it would be helpful to understand these issues and avoid unnecessary delay in moving this case forward.

      **Proceeding Under Pseudonym.** This Court must know that every assertion made by the Plaintiff on July 21, 2025 in her Motion to Proceed Under a Pseudonym was true. At the time, Plaintiff was afraid of what would happen if the world knew that she was a victim of sexual abuse. Today, the Plaintiff's feelings have changed dramatically as a result of the evidence gathered in discovery and the Defendants' approach thereto over the last seven months. I am happy to discuss in more detail what has transpired in future correspondence or a telephone call. Plaintiff has become emboldened and believes that sharing her story more fully is the only way to achieve any measure of accountability.[1]

      **No Protective Order Was Issued.** This Court granted Plaintiff's Pseudonym motion on August 11, 2025. (Document 14). In the same Order, this Court ordered the Plaintiff to submit a proposed protective order. Plaintiff filed a Notice of Filing Proposed Stipulated Protective Order, and attached as Exhibit A a "[Proposed] Stipulated Protective Order."

---

[1] Defendants drop a footnote asserting that they have not been able to promptly obtain Plaintiff's records by subpoena because of pseudonym issues. This is the first I have heard of any issue, let alone its cause. Plaintiff has signed each and every authorization that the Defendants asked her to sign. Further, Defendants never sought Court intervention to speed up this process as invited by the Court at the Rule 16 Conference.

(Documents 18 and 18-1). The Proposed Stipulated Protective Order had a line for the Court's signature at the bottom. The Proposed Order was never issued by this Court. While this is a technical point, it is one that needs to be made. No one can violate a Court Order that was not issued by a Court.

**Plaintiff Did Not Violate the Proposed Stipulated Protective Order.** Plaintiff was ordered by this Court to "submit a proposed protective order for discovery." (Document 14). Defendant writes that the Proposed Protective Order prohibits disclosure of Confidential Information "to the public." That is incorrect. What the Proposed Protective Order states is that "the parties desire to prevent the disclosure of Plaintiff's identity to the public **through court filings in this matter** prior to trial." (Document 18-1)(emphasis added). The Proposed Protective Order ultimately stated "NOW, THEREFORE, it is HEREBY ORDERED that Plaintiff and Defendants, any third parties, and counsel that may in the future make filings into this matter on the public docket, shall abide by this ORDER as follows:" This is what was jointly proposed by the Parties and limits the scope of the Proposed Order to information filed on the docket in this case, and excludes any other medium.

The following Sections were agreed to by the parties, included in the Proposed Protective Order, and were meant to achieve the following goals:

Section II: to prevent Plaintiff's identity from "being included in documents filed in this matter."

Section III & IV: to allow subpoenas to be served and information gathered without disclosure of the Plaintiff's name on the public docket.

Section V: to ensure that depositions could be taken in an effective manner in this case, but also that Plaintiff's name would not appear in the transcript if and when that transcript was filed.

Section VI: to ensure that expert witnesses could write reports, and that those reports could be filed in related motion practice without the inclusion of Plaintiff's name.

Section VII: to create the potential for sanctions of persons who "mistakenly **file**" (emphasis added) Plaintiff's identity on the docket; and creating a process for trying to mitigate the outcome of any mistakes

An Instagram post does not violate any of these Sections, is not filed on the docket, and Instagram posts are not part of any formal discovery process.

No party asked for a gag order prohibiting or even limiting any public comments on this case, and that is because a gag order would be entirely inappropriate. Whether proposed by the parties or entered by the Court, the fact of the matter is that the idea was to protect the Plaintiff's identity from public disclosure on the Court's docket consistent with this Court allowing her to proceed under a pseudonym. Plaintiff has, admittedly, waived the justification and right to proceed anonymously in this action. But the Defendants are not aggrieved parties due to Plaintiff's disclosure.

**Defendants Point to No Prejudice.** The Defendants baldly claim "undue and unfair prejudice" as a result of her social media post and suggest more discovery is necessary after the Court imposed deadline. Without specifics, I must speculate and try to connect the dots as to what prejudice they are claiming. Later in their letter, Defendants mention that I disclosed seven additional individuals who may have knowledge relevant to this case. Those individuals reached out directly to the Plaintiff or directly to me between February 17 and February 25, 2026. We do not presently intend on deposing them, and Defendants are welcome to contact them directly outside of discovery even though the time period for discovery has expired. Defendants have been aware of this claim since at least June of 2024. They asked me to facilitate depositions of "anyone who made reports to Pine Forge administration" and I did so. They did not take any other fact witness depositions other than these three women. For context, our Initial Disclosures listed thirty-five individuals who likely had discoverable information. In the Parties' Joint 26(f) report, we jointly proposed completing all discovery by January 15, 2026. Now, Defendants seek to conduct further discovery after the Court's deadline of February 27, 2026. Ample time was given to investigate this case and no one is prejudiced.

**Defendants Did Not Meet and Confer.** Defendants filed a letter that they sent me on February 20, 2026 (Document 29-1). In that letter, they allege that Plaintiff violated the Protective Order with her social media post. They then demand that I speak with my client and write back to them by noon the next business day disclosing the substance of that conversation. Setting an arbitrary and immediate deadline for me to violate the attorney-client privilege is not an invitation to meet and confer. Defendants now write to you that "there has not been a response to meet and confer or otherwise resolve the issues…" What Defendants omit is that they reached out to me again asking for confirmation as to my instructions to the Plaintiff on February 26 and that on that same day I responded that their requests asks me to disclose protected attorney-client communications and that I did not intend on doing that.

CONSTANT LEGAL GROUP LLP
737 Bolivar Road, Suite 440
Cleveland, Ohio 44115
216.333.6707
ed@constantllp.com

# CONSTANT
## LEGAL GROUP

**Conclusion.** Plaintiff's post does not violate the Proposed Protective Order, even if that Order were in effect. A social media post of this nature does not justify re-opening discovery in this matter, where the events occurred prior to the Summer of 2008 and the Defendants have had since June 2024 to investigate the claim. Eleven depositions have been taken in this matter with the first occurring on August 28, 2025 and the most recent on February 26, 2026.[2] Ample time was given to investigate this case, and if Defendants feel the need to videotape any witness the Plaintiff recently discovered to preserve their testimony for trial, we would certainly be amenable to that. Otherwise, this case should proceed as scheduled.

Very truly yours,

*Edward J. Kelley*

Edward J. Kelley

---

[2] The parties previously stipulated to take one additional, previously scheduled deposition after the discovery deadline because Plaintiff was notified two days before the deposition by Defendants that the corporate representative witness was unavailable. Plaintiff still intends to take that deposition.