**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVNIA**

| | |
|---|---|
| JANE DOE<br><br>               Plaintiff<br><br>   v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE OF<br>THE SEVENTH-DAY ADVENTISTS<br><br>               Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**PRETRIAL MEMORANDUM ON BEHALF OF DEFENDANTS, PINE FORGE ACADEMY AND ALLEGHENY EAST CONFERENCE OF THE SEVENTH-DAY ADVENTISTS**

Defendants, Pine Forge Academy and Allegheny East Conference of Seventh Day Adventists, by and through their counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby file the within Pretrial Memorandum pursuant to Local Rule of Civil Procedure 16.1(c) and the Second Amended Scheduling Order (Doc. 36).

## I.    NATURE OF ACTION

This is a negligence action where diversity jurisdiction exists. Plaintiff is a citizen and resident of Maryland.

## II.    FACTUAL SUMMARY OF THE CASE

The following factual summary is based upon deposition testimony, anticipated fact witness and expert witness testimony, and other evidence. Plaintiff Jane Doe is a woman in her mid-30s who lives in Maryland. Plaintiff filed this lawsuit in June 2025, claiming that almost twenty years ago, in 2008, when she was 17 ½ years old in her senior year of high school at Pine

Forge Academy in Pennsylvania, that the choir director Dr. Ferdinand, allegedly touched her inappropriately on two occasions in or about February 2008 or March 2008 while traveling on a bus for a school choir trip. Plaintiff testified there was never any inappropriate physical contact prior to the two incidents on the bus in 2008. Plaintiff admittedly never reported the alleged incidents to administration at Pine Forge Academy. No complaints of inappropriate sexual conduct were made against Dr. Ferdinand by Plaintiff or any other student to his supervisors or the administrators. No arrests or criminal charges were ever brought in regard to Plaintiff's allegations.

Pine Forge Academy is a co-educational Seventh-Day Adventist college preparatory school which serves grades 9-12 in Pine Forge, Pennsylvania. Plaintiff began attending Pine Forge Academy in 10th grade in 2005 and graduated in 2008 ranked fifth out of a class of 46. Plaintiff testified that she did "exceptionally well" while attending Pine Forge Academy and was in the National Honor Society. Plaintiff was a resident assistant in her senior year, a student worker in the choir (along with other student workers who were male) of which she was a member for three (3) years, and was nominated "student of the year" in her senior year which she described as being equivalent to "being the prom queen." Plaintiff testified that she was not a soloist for the choir and that the only time she got a solo for the choir was when the choir performed in her hometown in Maryland, which she said was "spontaneous."

Plaintiff testified that she does not have any text messages which she claims she exchanged with Dr. Ferdinand while she was a student at Pine Forge Academy.

There are no witnesses to the alleged two incidents on the bus in 2008. Plaintiff testified that she could not recall the specific details of what happened nor anything that was said during the alleged encounters on the bus.

Following her graduation from Pine Forge Academy at the top of her class in 2008, Plaintiff attended Oakwood University in Alabama even though Dr. Ferdinand had left Pine Forge to teach at Oakwood University. Plaintiff was not a music major and testified that she joined the particular choir out of several choirs at Oakwood, that was supervised by Dr. Ferdinand. Plaintiff testified there was no inappropriate conduct or contact with Dr. Ferdinand while she attended Oakwood University. Plaintiff testified that although Dean Camille Kibler, who was formerly the Dean at Pine Forge Academy, joined Oakwood University and was the chaperone for Plaintiff's dormitory while Plaintiff was a student at Oakwood University, she never told Dean Kibler about Dr. Ferdinand's prior alleged conduct at Pine Forge Academy.

Dean Kibler, Assistant Dean Helen Peace, and Principal Cynthia Poole who were at Pine Forge Academy when Plaintiff was a student, testified that this lawsuit was the first notice of any alleged inappropriate conduct by Dr. Ferdinand at Pine Forge Academy. Dean Kibler testified that Plaintiff and two of her classmates (whom Plaintiff has identified as witnesses in this case) from Pine Forge and Oakwood gave her a gift at Oakwood University, which Ms. Kibler kept until she passed away in February 2026. Toni Hall, former music department chair at Pine Forge Academy, testified that she never observed any inappropriate interactions between Plaintiff and Dr. Ferdinand, and she worked with the choir on a regular basis and traveled on most if not all of the bus trips.

Plaintiff graduated from Oakwood University and pursued a successful career in real estate. Plaintiff left her career in real estate in 2024 following the birth of her child while working in a new career, at which time she filed this lawsuit.

Plaintiff's social media activities have included Plaintiff intentionally engaging in communications with Dr. Ferdinand and meeting him for lunch through 2020 when she was almost 30 years old.

Plaintiff has never been diagnosed with any of the conditions which she claims in her Complaint, nor has she treated for any of the alleged conditions. The only time she saw a mental health professional was in November 2025 when she met with a psychologist, Dr. Noonberg, who is Plaintiff's expert witness in this case. Plaintiff was never diagnosed with PTSD prior to being seen by her expert witness Dr. Noonberg, who made the diagnosis in his expert report for this case almost 20 years after the alleged incidents took place.

Plaintiff testified that she has not taken any medications for anxiety, depression, or PTSD, has never been hospitalized other than the birth of her child, nor has been under the care of a mental health professional. No medical, counseling, or therapy records, or billing statements have been produced by Plaintiff in this case.

Plaintiff was examined by a forensic psychiatrist, Dr. Stephen Mechanick, at the request of Defendants. Dr. Mechanick's conclusions and opinions include but are not limited to the following: (1) Plaintiff did not develop PTSD or any other psychiatric disorder as a result of her alleged experiences with Dr. Ferdinand and/or Pine Forge Academy; (2) Plaintiff does not have any psychiatric symptoms that are impairing her work, social or other functioning; and (3) Plaintiff does not require counseling or psychiatric care related to her alleged experiences with Dr. Ferdinand or Pine Forge Academy.

## III.    <u>WITNESSES</u>

Defendants intend upon calling the following witnesses, either live in person or via deposition, all of whom were disclosed to Plaintiff before the submission of this Pretrial

Memorandum. Defendants reserve the right to call any witness listed on Defendants' witness list and to not call anyone on Defendants' witness list. The following witnesses are not necessarily listed in the order in which they may be called to testify.

To the extent that Plaintiff raises any objection to the authenticity of Defendants' exhibits, Defendants reserve the right to call an appropriate record custodian to testify as to the authenticity of the records.

### A. **Fact Witnesses**

1. Camille Kibler

2. Helen Peace

3. Cynthia Poole

4. Toni Hall

5. Teresa Parker Best

6. Dr. Jason Max Ferdinand

### B. **Expert Witnesses**

Defendants may call any or all of the following experts to testify with respect to matters addressed in their narrative reports and/or their expert discovery depositions.

1. Stephen Mechanick, M.D. (Defendants' expert, forensic psychiatrist)

In addition to cross-examination of Plaintiff and any witnesses called to testify by Plaintiff, Defendants reserve the right to supplement the witness list in a timely manner prior to trial of this matter. Defendants reserve the right to call rebuttal witnesses as necessary to rebut any of Plaintiff's claims or contentions.

## IV.   **EXHIBITS**

Defendants hereby provide a schedule of all exhibits that may be offered at trial attached hereto as Exhibit "A."

Defendants reserve the right to supplement their exhibit list in a timely manner prior to trial. Defendants reserve the right to use any document exchanged by the parties during discovery. Defendants reserve the right and without conceding the admissibility thereof, to use any exhibit identified by Plaintiff within her exhibit list, and to introduce such exhibits as are permissible as impeachment exhibits at the time of trial. Defendants reserve the right not to use any exhibit on Defendants' Exhibit List.

## V.   **STIPULATIONS OF COUNSEL**

The stipulations of counsel as of the time of the filing of this Pretrial Memorandum are as follows:

1. Camille Michele Kibler passed away on February 16, 2026.

2. The parties stipulate to the authenticity of the documents marked Defendants' Exhibit D-6 without the necessity of calling a records custodian to testify at trial.

3. The parties stipulate to the authenticity of the documents marked Defendants' Exhibit D-7 without the necessity of calling a records custodian to testify at trial.

4. The parties stipulate to the authenticity of the documents marked Defendants' Exhibit D-16 without the necessity of calling a records custodian to testify at trial.

5. The parties stipulate to the authenticity of the documents marked Defendants' Exhibit D-17 without the necessity of calling a records custodian to testify at trial.

6. The parties stipulate to the authenticity of the documents marked Defendants' Exhibit D-18 without the necessity of calling a records custodian to testify at trial.

7. The parties stipulate to the authenticity of the documents marked Defendants' Exhibit 19 without the necessity of calling a records custodian to testify at trial.

8. The parties stipulate to the authenticity of the documents marked Plaintiff's Exhibit 1 without the necessity of calling a records custodian to testify at trial.

9. The parties stipulate to the authenticity of the documents marked Plaintiff's Exhibit 2 without the necessity of calling a records custodian to testify at trial.

10. The parties stipulate to the authenticity of the documents marked Plaintiff's Exhibit 37 without the necessity of calling a records custodian to testify at trial.

11. The parties stipulate to the authenticity of the documents marked Plaintiff's Exhibit 38 without the necessity of calling a records custodian to testify at trial.

12. Helen Peace, former Assistant Dean at Pine Forge Academy, testified at a deposition in this case, at which time Ms. Peace resided within 100 miles of the U.S. Courthouse in Allentown, PA. Ms. Peace currently lives more than 100 miles from the courthouse. Defendants stipulate to allowing Plaintiff to designate portions of Ms. Peace's video deposition testimony to be presented at trial, while preserving all substantive objections to Ms. Peace's testimony designated by Plaintiff. It is stipulated by the parties that Defendants have preserved their right to present and may present Ms. Peace's testimony live, in-person at trial during Defendants' case.

13. Toni Hall, former employee of Pine Forge Academy, testified at a video deposition in this case. The parties stipulate to presenting the testimony of Ms. Hall at trial by designating portions of Ms. Hall's deposition testimony at trial. The parties preserve all substantive objections to Ms. Hall's testimony designated by each party.

14. Cynthia Poole, former Principal/Headmaster at Pine Forge Academy, testified at a video deposition in this case, at which time and through the present, Ms. Poole resides more than 100 miles from the U.S. Courthouse in Allentown, PA. Defendants stipulate to allowing Plaintiff to designate portions of Ms. Poole's video deposition testimony to be presented at trial, while preserving all substantive objections to Ms. Poole's testimony designated by Plaintiff. It is stipulated by the parties that Defendants have preserved their right to present and may present Ms. Poole's testimony live, in-person at trial during Defendants' case.

15. Candace Anson testified at a videotaped deposition pursuant to Court Order after the deadline closed. Ms. Anson currently resides more than 100 miles from the U.S. Courthouse in Allentown, PA. Defendants do not object to Plaintiff designating portions of the video deposition of Ms. Anson at trial. Defendants preserve all substantive objections to Ms. Anson's testimony designated by Plaintiff and have counter-designated portions of Ms. Anson's deposition testimony should this witness' testimony be presented at trial by Plaintiff.

## VI.    EVIDENTIARY OBJECTIONS

### A.  Objections as to Authenticity of Plaintiff's Exhibits

Without waiving and while preservation all objections on other grounds, Defendants object to the authenticity of the following Plaintiff's Exhibits:

- Plaintiff Exhibit 3 – Rock in Weary Land (CD)
- Plaintiff Exhibit 7 – PFA Choir (video)
- Plaintiff Exhibit 8 – Someday PFA (video)
- Plaintiff Exhibit 9 – Pine Forge Academy Choir (video)
- Plaintiff Exhibit 10 – Pine Forge Academy choir 1 (video)
- Plaintiff Exhibit 11 – Pine Forge Academy choir 2 (video)
- Plaintiff Exhibit 12 – Pine Forge Academy Choir 3 (video)
- Plaintiff Exhibit 13 – Pine Forge Academy Choir 4 (video)

- Plaintiff Exhibit 14 – Pine Forge Academy (video)
- Plaintiff Exhibit 35 – Pine Forge Academy Choir – The Holy City (mp4)

**B. <u>Objections to Admissibility of Any Evidence Expected to be Offered by Plaintiff for any Reason (Except Relevancy)</u>**

Defendants maintain relevancy objections to Plaintiff's Exhibits, which Defendants reserve to be argued at a later time pursuant to the Court's Rules and Procedures and the Second Amended Scheduling Order. Without waiving said objections, Defendants present the following objections to Plaintiff's Exhibits:

1. Plaintiff Exhibit P-42. Defendants object to P-42, an expert report by William Bainbridge, dated June 30, 2026, which was produced on the eve of the deadline for filing Pretrial Memoranda and was produced several months after discovery closed and was not made available prior to the expert witness' deposition which was taken several months ago. The deadline for Plaintiff's expert reports was November 8, 2025, and the deadline for expert depositions was February 27, 2026. Given the extremely late production, the exhibit as well as any testimony related to the June 30, 2026 report should be not be permitted and should be excluded. Defendants will further file a formal Motion in Limine regarding this exhibit.

Defendants will be filing motions in limine moving for the exclusion of testimony, evidence and/or argument on several evidentiary and other matters in accordance with the Court's Second Amended Scheduling Order, which are incorporated herein by reference.

**C. <u>Objections to the Qualifications of Plaintiff's Experts</u>**

Defendants do not object to the qualifications of Plaintiff's expert witnesses so as to preclude them from testifying. Defendants do not stipulate to the qualifications of Plaintiff's expert

witnesses and reserves the right to question their qualifications upon voir dire prior to their testimony.

### D. The Admissibility of any Opinion Testimony from Lay Witnesses Pursuant to <u>Federal Rule of Evidence 701</u>

Defendants object to the admissibility of any opinion testimony from lay witnesses pertaining to the subjects and/or terms such as "grooming," "abuse," "sexual abuse," and "mandatory reporting," including but not limited to lay witnesses identified by or called to testify at trial (live in-person or by deposition) by Plaintiff.

Federal Rule of Evidence 701 prohibits lay opinions based upon "scientific, technical, or other specialized knowledge." F.R.E. 701(c). Rule 701 prohibits parties from introducing expert opinions through lay witnesses. See *Estate of Knoster v. Ford Motor Co.*, 200 F. App'x 106, 111 (3d Cir. 2006) (finding Rule 701 may not be used as a vehicle to evade the reliability requirements governing expert testimony).

The terms and concepts of "grooming," "abuse," "sexual abuse," and "mandatory reporting" have developed or arise through behavioral science, forensic psychiatry or psychology, and/or the law and therefore falls within the purview of F.R.E. 702.

Any attempt at trial by Plaintiff to elicit testimony from lay witnesses (whether by deposition testimony or live in-person testimony) using and/or referring to the aforementioned terms or concepts is prohibited by F.R.E. 701. Defendants will be filing a motion in limine for the exclusion of such testimony from lay witnesses, which is incorporated hereby by reference.

## VII.   DEPOSITION TESTIMONY THAT DEFENDANTS INTEND TO OFFER DURING DEFENDANTS' CASE AT TRIAL

### A.  Camille Kibler

Defendants designate the following video deposition testimony of Camille Kibler,

deceased:

Page 4:1-25
Page 5:1-25
Page 6:1-25
Page 7: 1-25
Page 8: 1-255
Page 9:1-25
Page 12:1-25
Page 13:1-25
Page 14:1-25
Page 15:1-25
Page 16:1-25
Page 17:1-19
Page 18:19-25
Page 19:1-25
Page 20:1-25
Page 21:1-25
Page 22:1-6, 25
Page 23:1-25
Page 24:2-7
Page 26:10-24
Page 27:5-18
Page 29:17-25
Page 30:1-14
Page 33:9-13
Page 36:5-25
Page 37:1-20
Page 38:16-25
Page 39:1-5, 11-25
Page 40:1-6, 9-24
Page 42:9-25
Page 43:1-13
Page 44:20-25
Page 45:1-7
Page 48:1-8
Page 49:12-25
Page 50:1-9
Page 51:7-15, 19-25
Page 52:1-7

Page 56:11-13
Page 57:3-11
Page 58:15-25
Page 59:1-24
Page 60:24-25
Page 61:1-6
Page 64:16-21
Page 65:8-19
Page 66:25
Page 67:1-7
Page 68:1-2
Page 69:4-7
Page 73:5-8
Page 76:2-7
Page 78:4-25
Page 79:1-25
Page 80:1-24
Page 81:6-24

Plaintiff's counter-designations of the deposition testimony of Camille Kibler are as follows:

Page 4, line 1 – Page 6, line 3

Page 12, line 1 – Page 48, line 14

Page 49, line 5 – Page 66, line 7

Page 66, line 25 – Page 77, Line 22

### B.  Toni Hall

Defendants designate the following video deposition testimony of Toni Hall in the event Ms. Hall does not appear at trial:

Page 13:1-25

Page 13:1-2, 16-19

Page 15:6-25

Page 16:1-15

Page 17:1-10

Page 20:8-14

Page 23:5-8, 13-17

Page 24:1-23

Plaintiff will designate her own portions of the deposition testimony of Toni Hall in Plaintiff's Pretrial Memorandum as Plaintiff intends to present designations of Ms. Hall's testimony during her case in chief.

### C. Thaina Blot

Defendants are filing a motion in limine to exclude this witness at trial and any and all testimony from this witness on several grounds. Defendants do not intend to designate any deposition testimony from Ms. Blot during Defendants' case. However, because Plaintiff has designated deposition testimony from Ms. Blot for her case in chief, and only in the event this Honorable Court allows any of Ms. Blot's testimony to be presented at trial, Defendants submit the following counter-designations:

Page 23:17-24

Page 24:7-25

Page 25:1-7

Page 26:22-25

Page 27:1

Page 37:1-7

### D. Helen Peace, Cynthia Poole, and Teresa Best

Plaintiff intends to present designations of the deposition testimony of Helen Peace, Cynthia Poole, and Teresa Best. Defendants intend to present the testimony of these witnesses live, in-person during Defendants' case, which Plaintiff has been made aware of.

13

As such, at this time, counter-designations from the Defendants are not applicable. Should any of these witnesses, two of whom currently reside more than 100 miles from the courthouse, not appear at trial, Defendants will designate portions of their video deposition testimony during Defendants' case, and reserve the right to do so.

## VIII.  STATEMENT OF ANTICIPATED IMPORTANT LEGAL ISSUES

### A. Plaintiff's Non-Economic Damages are Subject to a Cap under Maryland Law Which Governs the Recovery of Damages

This is a diversity action filed by a Maryland plaintiff and resident.  Defendants' Answer to Plaintiff's Complaint asserts, in their Eighth Affirmative Defense, that Maryland law should apply to Plaintiff's claimed damages.

Maryland law strictly limits non-economic damages in sexual abuse actions. Under Maryland Courts and Judicial Proceedings Code § 5-117(c)(2), non-economic damages in any sexual abuse action filed on or after June 1, 2025, may not exceed $700,000. Maryland law further requires the Court to reduce any jury award exceeding this amount to the statutory maximum.[1]

A federal court sitting in diversity applies the choice-of-law rules of the forum state. 28 U.S.C. § 1332(a); *Fields v. Lebert,* 2025 U.S. Dist. LEXIS 160261, at *8 (E.D. Pa. Aug. 19, 2025). Pennsylvania uses a flexible choice-of-law analysis that combines the "most significant relationship" test under the Restatement (Second) of Conflict of Laws with a governmental-interest analysis. *Bedi Photographics Corp. v. Polaroid Corp.,* 1980 U.S. Dist. LEXIS 15629, at *16 (E.D. Pa. Aug. 11, 1980); *Melville v. American Home Assurance Co.,* 584 F.2d 1306, 1309 (3d Cir. 1978); *Griffith v. United Air Lines, Inc.,* 203 A.2d 796, 802 (Pa. 1964).

---

[1] Plaintiff filed this lawsuit on June 3, 2025 (Doc. 1).

Plaintiff is a lifetime resident of Maryland who claims that the alleged incident(s) of inappropriate sexual contact occurred while traveling on a bus in her senior year when she was 17 ½ years old shortly before her graduation in 2008. Plaintiff testified that she did not seek or engage in any purported treatment for at least 12 years, not until 2020-2021, she was always living in Maryland where or from where she experienced alleged emotional distress and any treatment therefor.

Defendants submit that further briefing and argument as this Honorable Court may deem appropriate, and a ruling from the Court on this particular issue has a substantial impact on the jury instructions, and would require a reduction in any jury award, in the event an award is made, that exceeds the statutory maximum under Maryland law. As such, Defendants submit that a ruling from the Court on this important legal issue is appropriate for a ruling before trial.

### B.  <u>Comparative Negligence</u>

Defendants' Answer to Plaintiff's Complaint asserts, in their Ninth Affirmative Defense, that Plaintiff may be held comparatively negligent with respect this negligence cause of action.

The Comparative Negligence Act, 42 Pa.C.S. §7102 applies to negligence actions in this diversity case and permits a jury to conclude that Plaintiff's own negligent conduct contributed to the injuries or damages claimed. <u>See</u> *Gilpin v. Langan*, 789 F.2d 1034, 1035 (3d Cir. 1986). This cause of action consists of negligence claims against the Defendants. Pursuant to the Comparative Negligence Act, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff. <u>Id.</u>

Defendants intend to present evidence, argument, jury instructions, and jury verdict interrogatories in support of their comparative negligence defense at trial. Defendants will be prepared to submit further briefing or argument as this Honorable Court may deem appropriate before or at the time of trial.

### C.  <u>**Plaintiff Should Not Be Permitted to Proceed to Trial Under a Pseudonym**</u>

It was brought to this Court's attention that Plaintiff publicized her full name and this lawsuit on social media at our about the close of the discovery deadline in February 2026, and in doing so to approximately 14,000 followers, she released her identity to the public in connection with her allegations in this lawsuit and to the civil action complaint itself, which Defendants contend was in violation of the Court Order entered on August 11, 2025, which granted Plaintiff's motion to proceed under a pseudonym. (Doc. 14).

In her submission to the Court on March 2, 2026, with respect to the Plaintiff's public disclosure of her full name and this lawsuit, Plaintiff stated to this Court: "Plaintiff has, admittedly, waived the justification and right to proceed anonymously in this action." (Doc. 30). Further, the Proposed Stipulated Protective Order that followed this Court's August 11, 2025 Order referred to preventing the disclosure of Plaintiff's identity through court filings "prior to trial." (Doc. 18-1).[2]

---

[2] It should further be noted that Plaintiff also stated to the Court on March 2, 2026 that the Stipulated Protective Order was not violated by the Plaintiff because the Stipulated Protective Order applied only to the prevention of the disclosure of Plaintiff's identity to the public "through court filings in this matter prior to trial." (Doc. 30).

Defendants submit that formal recission of the Court Order entered on August 11, 2025, and consistent with the Proposed Stipulated Protective Order, Plaintiff should no longer be permitted to proceed with this litigation under a pseudonym.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By: _____

Tracy A. Walsh, Esquire
I.D. No. 62481
Georgios Farmakis, Esquire
I.D. No. 319119
2000 Market Street, Suite 1300
Philadelphia, PA 19103
*Attorneys for Defendants*
*Pine Forge Academy and*
*Allegheny East Conference Corporation*
*of Seventh-Day Adventists*

Date: <u>July 1, 2026</u>

17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVNIA**

| | |
|---|---|
| JANE DOE<br><br>                            Plaintiff<br>     v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE OF<br>THE SEVENTH-DAY ADVENTISTS<br><br>                   Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Tracy A. Walsh, Esquire, hereby certify that a true and correct copy of the foregoing Pretrial Memorandum was served on all counsel of record via the Court's electronic filing system on the date set forth below.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:     _____

Tracy A. Walsh, Esquire
Georgios Farmakis, Esquire
*Attorneys for Defendants*

Date:  July 1, 2026

18

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVNIA**

| | |
|---|---|
| JANE DOE <br><br>                 Plaintiff <br>    v. <br><br> PINE FORGE ACADEMY and <br> ALLEGHENY EAST CONFERENCE OF <br> THE SEVENTH-DAY ADVENTISTS <br><br>                 Defendants | No.: 5:25-cv-2838 <br><br> JURY TRIAL DEMANDED |

**TABLE OF CONTENTS OF TRIAL EXHIBITS OF DEFENDANTS**

D-1.    Plaintiff's Civil Action Complaint

D-2.    Defendants Pine Forge Academy and Allegheny East Conference of the Seventh-Day Adventists' Answer with Affirmative Defenses to Plaintiff's Complaint

D-3.    Defendants' Pine Forge Academy and Allegheny East Conference of the Seventh-Day Adventists' Initial Disclosures Pursuant to FRCP 26(a)(1)

D-4.    Plaintiff's Initial Disclosures Pursuant to FRCP 26(a)(1)

D-5.    Plaintiff's Answers to Defendants' First Set of Interrogatories dated 08/01/2025.

D-6    Plaintiff Jane Doe's Official Transcript Records from Pine Forge Academy

D-7    Plaintiff Jane Doe's Records from Oakwood University

D-8    Plaintiff Jane Doe and Jason Max Ferdinand Facebook messages

D-9    Plaintiff Jane Doe Instagram chats/messages with Jason Max Ferdinand

D-10    Document titled "Mon. 6/15/2020 Dreams & Goals for Today" shared by Plaintiff Jane Doe, dated 06/15/2020

D-11    Email Jason Max Ferdinand and Plaintiff Jane Doe, dated 11/28/2022

D-12    Text messages Plaintiff Jane Doe and Arielle Freels, not dated

D-13    Text messages Plaintiff Jane Doe and Bianca Hall, not dated

D-14    Text messages Plaintiff Jane Doe and Lauren Davis, not dated

D-15    Text messages Plaintiff Jane Doe and Veronica Miller/Robinson, not dated

D-16    No Records Certification by Ebonee Davis, M.S., dated 04/10/2026

D-17   No Records Certification by Chandra Graham-Parker, M.D. dated 10/07/2025

D-18   Plaintiff Jane Doe Records from Ashish Sharma, M.D.

D-19   Plaintiff Jane Doe Records from Anita Kumary Motwani, M.D.

D-20   USUI Reiki Master Teacher Certificate issued to Plaintiff Jane Doe

D-21   Plaintiff Jane Doe Social Media Photographs and Posts

D-22   Plaintiff's Responses to Defendants' Supplemental Request for Production, dated 03/16/2026

D-23   Plaintiff's Answers to Defendants' Supplemental Interrogatories, dated 03/16/2026

D-24   Defendants' Answers to Plaintiff's First Set of Interrogatories, dated 10/02/2025.

D-25   Defendants' Responses to Plaintiff's First Request for Production of Documents, dated 10/02/2025.

D-26   Personnel File of Jason Max Ferdinand

D-27   Personnel File of Cynthia Poole

D-28   Personnel File of Camille Michelle Kibler

D-29.   Personnel File of Helen Irene Peace

D-30.   Personnel File of Neil Augustus Thomas

D-31.   Personnel File of Toni Adrienne Hall-Caldwell

D-32.   Plaintiff's Social Media Posts in February 2026 (D000650-652)

D-33   Defendants' Responses to Plaintiff's Second Request for Production, dated 01/16/2026

D-34.   Deposition transcript of Plaintiff Jane Doe, dated October 27, 2025, and all exhibits attached thereto and video recording, if applicable

D-35.   Deposition transcript of Candace Lisa Joy Anson, dated April 17, 2026, and all exhibits attached thereto and video recording, if applicable

D-36.   Deposition transcript of Thaina Blot, dated April 22, 2026, and all exhibits attached thereto and video recording, if applicable

D-37.   Deposition transcripts of Teresa Parker Best, dated March 31, 2026 and June 4, 2026, and all exhibits attached thereto and video recording, if applicable

D-38.   Deposition transcript of Toni A. Hall, dated November 5, 2025, and all exhibits attached thereto and video recording, if applicable

D-39.   Deposition transcript of Helen Peace, dated October 16, 2025, and all exhibits attached thereto and video recording, if applicable

D-40.   Deposition transcript of Arielle Freels, dated November 11, 2025, and all exhibits attached thereto and video recording, if applicable

D-41.  Deposition transcript of Camille Michele Kibler, dated October 30, 2025, and all exhibits attached thereto and video recording, if applicable

D-42.  Deposition transcript of Cynthia Poole, dated October 13, 2025, and all exhibits attached thereto and video recording, if applicable

D-43.  Deposition transcript of Veronica Robinson (nee Johnson), dated September 5, 2025, and all exhibits attached thereto and video recording, if applicable

D-44.  Deposition transcript of Bianca Hall, DO, dated August 28, 2025, and all exhibits attached thereto, and video recording, if applicable

D-45   C.V. of Stephen Mechanick, M.D.

D-46   Expert report of Stephen Mechanick, M.D., dated 02/05/2026

D-47.  Deposition transcripts of Stephen Mechanick, M.D., dated, February 24, 2026 and February 26, 2026, and all exhibits attached thereto, including PTSD Checklist, GAD-7 Anxiety, PHQ-9, and video recording, if applicable

D-48   C.V., List of Testimony and Rate Schedule of Aaron R. Noonberg, Ph.D.

D-49   Expert report of Aaron R. Noonberg, Ph.D., dated 12/02/2025

D-50.  Deposition transcript of Aaron R. Noonberg, PhD, dated February 23, 2026, and all exhibits attached thereto and video recording, if applicable

D-51   C.V., Testimony List, and Hourly Rate of William L. Bainbridge, Ph.D.

D-52   Expert Report of William L. Bainbridge, Ph.D., dated 12/01/2025

D-53   Deposition transcript of William L. Bainbridge, dated February 26, 2026, and all exhibits attached thereto and video recording, if applicable

D-54   C.V., List of Testimony and Rate Schedule of Adrienne Isom Malin

D-55.  Expert Report of Adrienne Isom Malin, dated 12/04/2025

D-56   Online Description of "Parise Nichelle – The High Priestess," dated 10/26/2025

D-57   No Record Statement from Dr. Katherine Smith