**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE<br><br>            Plaintiff<br>     v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE OF<br>THE SEVENTH-DAY ADVENTISTS<br><br>            Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS, PINE FORGE ACADEMY AND ALLEGHENY EAST CONFERENCE OF THE SEVENTH-DAY ADVENTISTS', MOTION *IN LIMINE* TO PRECLUDE PREJUDICIAL ARGUMENTS BY PLAINTIFF'S COUNSEL DURING TRIAL**

Defendants, Pine Forge Academy and Allegheny East Conference of Seventh Day Adventists, by and through their counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby submit the following Motion *in Limine* to preclude Plaintiff's counsel from making certain prejudicial argument(s) during the opening statement, the closing argument and/or otherwise at trial, in particular: (i) assertions to the effect that "no amount of money can compensate Plaintiff or make up for the injury suffered"; and (ii) so-called "Golden Rule" arguments, where Plaintiff's counsel suggests to the jury that they put themselves "in the shoes or position" of any party for the purpose of determining questions of liability and/or damages, and in support thereof aver as follows:

## I.     FACTUAL BACKGROUND

Plaintiff initiated this negligence lawsuit by filing her complaint on or about June 3, 2025, in connection with two incidents of alleged unwanted physical contact that occurred on a

bus almost 20 years ago in February or March 2008 between Plaintiff, a 17 ½ year old student in her senior year, and a male choir director, a former employee of Pine Forge Academy.

## II.    LEGAL ARGUMENT

### A. Legal Standard

The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990). Rule 103(d) of the Federal Rules of Evidence expressly encourages the presentation of pretrial motions *in limine* in order to shield the jury from being exposed to inadmissible evidence. Fed. R. Evid. 103(d) In order to be admissible, the proffered evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### B. Defendants Merely Seek What They Are Entitled To—A Fair Trial

There are several fundamental and longstanding principles that form the bedrock of any jury trial. Based upon these principles, Defendants respectfully move *in limine* for an order prohibiting Plaintiff, Plaintiff's counsel, and any witness from making arguments or comments at trial inviting jurors to decide this case based upon sympathy, personal interest, or emotion rather than the evidence. Federal courts have consistently condemned so-called "Golden Rule" arguments, which ask jurors to place themselves in the positions of a party. Specifically, the Third Circuit has recognized such arguments improperly "encourage the jury to depart from

2

neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence. Edwards v. City of Philadelphia, 860 F.2d 568, 574 (3d. Cir. 1988). Because the propriety of counsel's arguments to the jury is governed by federal procedural law, this Court should prohibit such arguments before trial in this matter.

This Court has also held that remarks designed to appeal to the jury's prejudice or passion, "such as the golden rule argument," are improper. Waite v. Neal, 918 F. Supp. 133, 134 (E.D. Pa. 1996); *see also* Austin v. Hill, 2014 U.S. Dist. LEXIS 91543, at *12 (E.D. Pa. July 7, 2014) (finding that many courts have held that asking a jury to put itself in the litigant's position is improper because it encourages the jury to decide the case on personal interest and emotion rather than on the evidence); Caudle v. District of Columbia, 707 F. 3d 354, 359, 404 U.S. App. D.C. 56 (D.C. Cir. 2013) ("A golden rule argument — which asks jurors to place themselves in the position of a party — is universally condemned because it encourages the jury to depart from neutrality . . .") (citations omitted). As such, courts in the Third Circuit have therefore granted motions *in limine* prohibiting counsel from urging jurors to place themselves in the shoes of a litigant because such arguments invite decision based upon emotion rather than the evidence of the case.

Accordingly, Defendants request that Plaintiff be precluded from making any argument that asks jurors to "put yourself in Plaintiff's shoes"; asks jurors to imagine what they or their family members would do or experience; argues that "no amount of money can compensate Plaintiff;" suggests the jury should "send a message" and/or otherwise appeals to sympathy, passion, prejudice, or personal interest rather than the evidence and the Court's instructions. Such argument serves no legitimate evidentiary purpose other than to create substantial danger of unfair prejudice and risk a potential jury award based upon emotion instead of the evidence

contrary to F.R.E. 401 and 403. It is respectfully submitted that precluding a "Golden Rule"

argument in advance ensures the fundamental fairness of a trial more than an attempted curative

instruction given after a prohibited statement is made to the jury.  On the other hand, Plaintiff

cannot possibly be harmed by granting this motion *in limine* because Plaintiff's counsel should

not be making "Golden Rule" arguments at trial in the first place. Respectfully, this motion

should be granted.

### III.    <u>CONCLUSION</u>

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of

Seventh-Day Adventists, respectfully request that their motion *in limine* be granted and that

Plaintiff's counsel be precluded from making certain prejudicial arguments during the opening

statement, the closing argument and/or otherwise at trial, in particular:  (i) assertions to the effect

that "no amount of money can compensate Plaintiff or make up for the injury suffered"; and (ii)

so-called "Golden Rule" arguments, where Plaintiff's counsel suggests to the jury that they put

themselves "in the shoes or position" of any party for the purpose of determining questions of

liability and/or damages.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:   _____

Tracy A. Walsh, Esquire
I.D. No. 62481
Georgios Farmakis, Esquire
I.D. No. 319119
Matthew P. Donelson, Esquire
I.D. No. 84155
2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: (215) 972-7900
twalsh@wglaw.com
gfarmakis@wglaw.com
matthew.donelson@wglaw.com
*Attorneys for Defendants*

Date:  July 7, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE<br><br>                              Plaintiff<br><br>        v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE OF<br>THE SEVENTH-DAY ADVENTISTS<br><br>                              Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Tracy A. Walsh, Esquire, hereby certify that a true and correct copy of the foregoing

Motion *in Limine* was served on all counsel of record on the date set forth below via electronic

filing notice.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:     _____

Tracy A. Walsh, Esquire
*Attorneys for Defendants*

Date:  July 7, 2026