## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JANE DOE, | | : | Civil No. 5:25-cv-02838-JMG |
| | Plaintiff, | : | |
| | | : | |
| v. | | : | JUDGE JOHN M. GALLAGHER |
| | | : | |
| PINE FORGE ACADEMY, *et al.,* | | : | |
| | Defendants. | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE INSTAGRAM CAPTIONS

Now Comes Plaintiff, by and through the undersigned counsel, and hereby files this Motion *in Limine* regarding certain captions on Plaintiff's Instagram posts.

### I.    INTRODUCTION

Defendants in this matter have created a composite exhibit (D-21) of various Instagram posts made by the Plaintiff. [1] The posts typically consist of a photograph as well as a caption containing text written by the Plaintiff. D-21 is not all of the posts ever made by Plaintiff on her Instagram, and Plaintiff can only speculate about how Defendants chose to include some pictures and not others. Plaintiff anticipates that Defendants will attempt to show these posts to the jury at trial to suggest that the Plaintiff is happy, has high self-esteem, and does not suffer from PTSD. While the photos in the posts may carry some marginal probative value with regards to those disputed facts, the captions of the posts have no relevance at all. Any probative value the captions have is substantially outweighed. Finally, the captions are incomplete which presents authenticity

---

[1] The Court has not yet seen the Instagram posts subject to this Motion *in Limine*. Plaintiff can provide the posts to the Court for an *in camera* review at the Court's request. Filing the posts as an Exhibit to this motion would publicly disclose Plaintiff's identity on the docket in violation of the Stipulated Protective Order.

and other issues. Plaintiff requests that this Court order that the captions listed below be redacted on Defense Exhibit 21.

## II.     STATEMENT OF FACTS

On Page 8 of D-21 (bates stamped D000628), Plaintiff made a post and commented "In ATL building with my family. For us it's about generational wealth for our family and those who we connect with along the journey."

On Page 23 of D-21 (D000643), Plaintiff made a post and Defendants have included only part of her statement as follows: "Hey guys! It's Monday and most of us are stuck in the house which is very unfamiliar territory! However, right before this crisis started my dad said something to me that is really guiding how I'm approaching this quarantine. I was talking to him about my financial goals and asking for advice on how to reach them. He told me that my number one problem is that I take too many vacations! He said that I have a habit of completing a few deals and then taking a break. Instead, I need to accomplish the big financial goal first and stop taking a break every time I "win a battle" instead of the "war". I was low key offended because I work hard and like to vacation to regroup, but he caused me to get out of my feelings and listen to the deeper message. The message being, that regardless of what I've done there is still more to do. I shouldn't stop until what I see in my head I also hold in my hand. His message applies to all of us too. It may seem like with everything going on we have a natural excused to pause the plans…"

On Page 25 of D-21 (D000645), Plaintiff made a post and Defendants have included only part of her statement as follows: "I shared the other day about how I had a near-death experience and when I Say it shook me and woke me up y'all I'm not lying. God has given me so many tools and gifts that I've been afraid to share! This time last year I told God that I wanted to grow my business and make over 6 figures and at the end of the year when I looked at my 1099 I was floored

that I reached that goal! The year before (2017) I was cleaning toilets and driving Uber just to pay my rent! & the only people who knew were my family and my best friend! After going from that to only a year later making over 6 figures is wild! & After hitting that goal I said that I knew I could do anything with God's help and I vowed to help other people do the same! But I haven't been living up to it! I share little stuff here, and there, but it's nothing on the magnitude of what I know has been…"

### III.    LAW AND ARGUMENT

"Irrelevant evidence is not admissible." Evid.R. 402. Evidence is only relevant if 1) it has a tendency to make a fact more or less probable; and 2) the fact is of consequence in determining the action. Evid.R. 401. The Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of confusing the issues or misleading the jury. Evid.R. 403. Evidence must also be authenticated. Evid.R. 901. To authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *Id.* Writings or photographs offered into evidence must be originals or duplicates. Evid.R. 1001-1003. Originals of Electronically Stored Information must "accurately reflect the information" and a duplicate must "accurately reproduce[] the original." Evid.R. 1001(d-e).

**Relevance.** This case is about whether or not the Defendants were negligent and whether or not that negligence caused Plaintiff harm. The captions listed above are not relevant to any fact at issue in this case. Plaintiff is not making a claim for lost earnings or reduced earnings capacity in this case, so any statement about her financial goals or how much money she made in any given year is irrelevant. The same is true for statements about Plaintiff taking vacations, driving uber, or generally being entrepreneurial.

**Probative Value Outweighed.** If this Court finds that there is some relevance to the captions, the probative value of the captions is more than substantially outweighed by the danger of confusing the issues or misleading the jury. The fact that Plaintiff has had some success in real estate, is financially able to take some vacations, and has strived to build a business has no bearing on what would fairly compensate her for the pain, suffering, embarrassment, and humiliation she has gone through as a result of the Defendants' negligence. Allowing these captions to reach the jury risks confusing the fact finder or misleading them toward a reduced damages finding.

**Incompleteness.** Two of the three captions are incomplete. Thus, they are inauthentic under Evid.R. 901 as they are not complete versions of what Defendants claim that they are. Further, they do not "accurately" reflect the information as required by Evid.R. 1001-1003.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff asks that this Court order Defendants to redact the captions from their Exhibit 21.

Respectfully submitted,

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion *in Limine* to Preclude Instagram

Captions was served via the Court's ECF Filing System upon all counsel of record on this date

July 8, 2026.

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**