**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE<br><br>                    Plaintiff<br><br>        v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF THE SEVENTH-DAY<br>ADVENTISTS<br><br>                    Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS PINE FORGE ACADEMY AND ALLEGHENY EAST CONFERENCE CORPORATION OF THE SEVENTH-DAY ADVENTISTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S EXPERT WITNESS ADRIENNE ISOM MALIN <u>TESTIMONY AT TRIAL</u>**

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of Seventh Day Adventists, by and through their counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby submit the following Motion *in Limine* to preclude the Plaintiff's expert witness from testifying at trial and/otherwise strike and preclude certain statements that Plaintiff's expert witness Adrienne Isom Malin is expected to make at trial and/or that otherwise appear in her expert report. In short, these statements are designed to prejudice and enflame the jury for the purpose of increasing a potential verdict, are speculative and/or are beyond the scope of any expert opinion the witness in question can offer.

## I.    <u>FACTUAL BACKGROUND</u>

Plaintiff Jane Doe initiated this negligence lawsuit by filing her complaint on or about June 3, 2025, in connection with two incidents of alleged unwanted physical contact that occurred on a bus almost 20 years ago in February or March 2008 between Plaintiff, a 17 ½ year old student in her senior year, and a male choir director, a former employee of Pine Forge

Academy. Pine Forge Academy is a private, co-educational Seventh-Day Adventist school serving grades 9 – 12 in Pennsylvania.

At issue in this Motion *in Limine* is Plaintiff's expert report and witness, Adrienne Isom Malin, who authored a 47-page report dated December 4, 2025. (*See* Malin Report attached hereto as **Exhibit A**). Ms. Malin purports to present opinions on "grooming" behaviors in her report and anticipated testimony at trial.

## II.  LEGAL STANDARD

The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990). Rule 103(d) of the Federal Rules of Evidence expressly encourages the presentation of pretrial motions in limine in order to shield the jury from being exposed to inadmissible evidence. Fed. R. Evid. 103(d). Further, Rule 104 provides in relevant part that "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). In order to be admissible, the proffered evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### III.    <u>**RELIEF REQUESTED BY DEFENDANTS**</u>

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of the Seventh-Day Adventists respectfully request that their motion *in limine* be granted as follows with respect to the testimony and report of Ms. Malin:

A.  All statements and opinions as to "any parallels to other cases involving child sexual abuse within a religious institution" should be precluded at trial.

B.  All statements and opinions referencing investigations and/or allegations of sexual abuse involving the Roman Catholic Church dioceses, the Catholic Church, diocese staff, "diocesan investigations, diocesan response to child sexual complaints, including euphemisms to describe abusive conduct, deficient or biased diocesan investigations, treatment provider bias, lack of public disclosure, financial support of the abusers, transfer of offending clergy rather than removal, and insufficient reports to law enforcement" should be precluded at trial.

C.  All statements and opinions referencing "religious doctrine," "religious systems," "hierarchical staff" should be precluded at trial.

D.  All statements and opinions referencing "child abduction, missing child investigations, sex trafficking of juveniles, and child sex offenders" should be precluded at trial.

E.  All statements, opinions, and conclusions as to Veronica Johnson or any reference to any testimony by or about Veronica Johnson should be precluded at trial.

F.  All statements, opinions, and conclusions as to Jason Max Ferdinand's alleged conduct and alleged interaction with Veronica Johnson should be precluded at trial.

G.  All statements, opinions and conclusions as to Defendants' "culpability,"

"victimization" should be precluded at trial.

H.  All statement, opinions and conclusions as to Defendants' alleged actions or alleged

omissions relating to Veronica Johnson should be precluded at trial.

I.  All statements, opinions, or conclusions as to alleged "observable behavior"

pertaining to Veronica Johnson and/or Jane Doe should be precluded at trial.

## IV.    <u>LEGAL ARGUMENT</u>

Ms. Malin's report is replete with examples of prejudicial statements and opinions that once exposed to the jury cannot be undone.

Ms. Malin includes a summary of the deposition testimony of Veronica Johnson in her

report.   In fact, Ms. Malin dedicates more space in her report summarizing Ms. Johnson's deposition testimony than she does summarizing Plaintiff's deposition testimony.  In addition, in her "CONCLUSION", Ms. Malin conveniently includes Veronica Johnson in addition to Plaintiff as if to unnecessarily bolster her opinion.  Ms. Johnson is not a party to this lawsuit and any reference to any alleged interaction she may have had with Dr. Ferdinand is not relevant and highly prejudicial to Defendants.

Ms. Malin also makes repeated references to the Catholic Church dioceses and religious systems as if to analogize the Catholic Church and/or incorporate overreaching and unfounded assertions as to religious doctrine, schools with religious based curriculum, and "hierarchical staff" with the instant case.  By way of example, she opines, "Like the Catholic Church dioceses, PFA faculty/staff failed to protect Veronica and Jane from Ferdinand's predatory behaviors despite

opportunities for detection and specific reporting from students."[1]  Similarly in her "Conclusion", she conveniently, but unnecessarily inserts, "like those in the Catholic Church"[2], as if to somehow bolster her opinion.  References to the Catholic Church or any other organization (religious or otherwise) is completely irrelevant and extremely prejudicial to Defendants. Malin's references to diocesan investigations, "financial support of abusers," "transfer of offending clergy," and many other similar statements in her report are nothing but an attempt to inject irrelevant and unfairly prejudicial arguments into this trial under the guise of expert testimony.

In Humphries v. Barber, 2025 U.S. Dist. LEXIS 97355, (M.D. Pa, May 22, 2025), the Middle District precluded plaintiff from referring to "Sandusky" in a hazing case involving Penn State because it had no relevance and was highly prejudicial to Defendants.

Ms. Malin further makes impermissible legal conclusions in her report such as opinions on "culpability" and "victimization." *See* Bethlehem Area Sch. Dist. v. Zhou, 2011 U.S. Dist. LEXIS 1112215 (E.D. Pa. September 27, 2011) ("It is not permissible for a witness to testify as to the governing law" (citing United States v. Leo, 196 3d Cir. 1996).

## V.    CONCLUSION

For all the reasons above, Defendants respectfully request that the Court enter an Order Precluding Ms. Malin's report and precluding her from testifying at the trial of this case.

---

pi[1] Malin's report pg 36.
[2] Malin's report pg 43.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:  _____

Tracy A. Walsh, Esquire
I.D. No. 62481
Matthew P. Donelson, Esqurie
I.D. No. 84155
Georgios Farmakis, Esquire
I.D. No. 319119
2000 Market Street, Suite 1300
Philadelphia, PA 19103
twalsh@wglaw.com

*Attorneys for Defendants*

Date:  July 8, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE<br><br>                              Plaintiff<br>       v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF THE SEVENTH-DAY<br>ADVENTISTS<br><br>                              Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Tracy A. Walsh, Esquire, hereby certify that a true and correct copy of the foregoing Motion *in Limine* was served on all counsel of record on the date set forth below via electronic filing notice.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:    _____

Tracy A. Walsh, Esquire
*Attorneys for Defendants*

Date:  July 8, 2026

7