**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>                         Plaintiff,<br>          v.<br><br>PINE FORGE ACADEMY,<br><br>          and<br><br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF SEVENTH-DAY<br>ADVENTISTS,<br><br>                         Defendants. | No.:  5:25-cv-2838<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS PINE FORGE ACADEMY AND ALLEGHENY EAST
CONFERENCE OF THE SEVENTH-DAY ADVENTISTS' MOTION *IN LIMINE* TO
PRECLUDE ANY TESTIMONY AND EVIDENCE REGARDING NEIL THOMAS**

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists ("Moving Defendants"), by and through its counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby submit the following Motion *in Limine* to preclude any and all testimony and/or evidence regarding Neil Thomas with the limited exception of Mr. Thomas' alleged presence with Plaintiff Jane Doe and the choir director Dr. Jason Max Ferdinand while Plaintiff was a student at Pine Forge Academy.  Any other testimony and/or evidence regarding Mr. Thomas is irrelevant and highly prejudicial to Moving Defendants, and in support thereof aver as follows:

## I.      FACTUAL BACKGROUND

Plaintiff initiated this negligence action by filing her complaint on or about June 3, 2025, in connection with two incidents of alleged unwanted physical contact that occurred on a bus almost 20 years ago in February or March 2008 between Plaintiff, then a 17 ½ year old student in her senior year, and a male choir director, Dr. Jason Max Ferdinand, a former employee of Pine Forge Academy.

Plaintiff Jane Doe was a student at Pine Forge Academy from 2005 to 2008 and graduated from Pine Forge in or about May 2008. Plaintiff Jane Doe was a member of a choir at Pine Forge Academy. In her Complaint, Plaintiff alleges that Neil Thomas was a staff member who worked with the choir and allegedly was a witness to Plaintiff's alleged interactions with Dr. Ferdinand. (ECF No. 1).

Defendants anticipate that at the trial of this case, including but not limited to by way of deposition testimony designations of witnesses who will not be present in person at trial, Plaintiff will proffer testimony concerning Neil Thomas, a non-party, and his alleged interactions with former students at Pine Forge Academy, **excluding Plaintiff Jane Doe.**

The evidence is not admissible because it is irrelevant and its prejudicial effect substantially outweighs its probative value and will confuse the issues and jury.

## II.      LEGAL ARGUMENT

### A.  Legal Standard

The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990). Rule 103(d) of the Federal Rules of Evidence expressly encourages the presentation of pretrial motions in limine in order to shield the jury from being exposed to

inadmissible evidence. Fed. R. Evid. 103(d) In order to be admissible, the proffered evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Furthermore, Fed. R. Evid. 404(b)(1) "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

**B. Any testimony and/or evidence regarding alleged interactions of Mr. Thomas and individuals other than Plaintiff Jane Doe is irrelevant and highly prejudicial and must be excluded at trial**

It is anticipated that Plaintiff will attempt to proffer testimony and/or evidence of alleged interactions between Mr. Thomas and at least one other former Pine Forge Academy student, Thania Blot.[1] Ms. Blot testified that she was a member of the choir for a brief period of time in the first semester of her freshman year in 2002, several years before Plaintiff Jane Doe attended Pine Forge Academy, and she graduated in 2006 during Plaintiff's sophomore year.[2] Ms. Blot testified that Dr. Ferdinand never acted inappropriately toward Plaintiff Jane Doe. She was not aware of Plaintiff's allegations until recent social media posts made during this litigation by Plaintiff in or about February 2026.[3]

---

[1] Plaintiff has designated portions of Ms. Blot's deposition testimony to be presented at trial in lieu of her in-person appearance. Defendants have stated their objections to her entire deposition testimony and have incorporated this motion in their objections to Ms. Blot's testimony.

[2] See Exhibit A at 13: 1-14.

[3] Id. at 24:7-25:8.

Plaintiff's allegations in this case pertain to her alleged interactions with Dr. Ferdinand, not Mr. Thomas. Any testimony and/or evidence regarding alleged conduct by Mr. Thomas such as testimony by Ms. Blot should be precluded as irrelevant and highly prejudicial to Moving Defendants. Furthermore, testimony regarding Mr. Thomas does nothing more than create confuse the issues and jury.

Accordingly, pursuant to F.R.E. 401 and 403, Defendants submit that Plaintiff should be precluded from proffering any testimony and/or evidence regarding any alleged conduct involving Mr. Thomas, including Ms. Blot, because such evidence is completely irrelevant, highly prejudicial and substantially outweighs any purported probative value.

**C. Plaintiff's Experts Should be Precluded from Testifying to Unfounded Allegations Pertaining to Mr. Thomas**

It is anticipated that Plaintiff will attempt to introduce expert testimony pertaining to unfounded allegations about Mr. Thomas and former Pine Forge student(s) other than Plaintiff Jane Doe. Any proffered expert testimony must be deemed inadmissible at trial, because it improperly: (1) relies upon hearsay evidence; (2) assesses the credibility of other witnesses; and (3) renders opinions and/or statements based upon hearsay evidence that is unfairly prejudicial to Defendants, is confusing and misleading to a jury, and is irrelevant.

To the extent Plaintiff's expert witness Dr. William Bainbridge makes statements and opinions in his report pertaining to Mr. Thomas and his alleged interactions with students, his testimony should be precluded at trial.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion *in Limine* be granted and that Plaintiff be precluded from presenting any fact or expert testimony or evidence regarding any alleged interactions of Neil Thomas and any individuals other than Plaintiff Jane Doe at trial.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

By:     */s/ Tracy A. Walsh*
    _____
    Tracy A. Walsh, Esquire
    I.D. No. 62481
    Matthew P. Donelson, Esquire
    I.D. No. 84155
    Georgios Farmakis, Esquire
    I.D. No. 319119
    2000 Market Street, Suite 1300
    Philadelphia, PA 19103
    twalsh@wglaw.com
    matthew.donelson@wglaw.com
    gfarmakis@wglaw.com

    *Attorneys for Defendants*

Date:  July 8, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>                        Plaintiff,<br>     v.<br><br>PINE FORGE ACADEMY,<br><br>     and<br><br>ALLEGHENY EAST CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS,<br><br>                 Defendants. | No.:  5:25-cv-2838<br><br><br>JURY TRIAL DEMANDED |

## <u>CERTIFICATE OF SERVICE</u>

I, Tracy A. Walsh, Esquire, hereby certify that a true and correct copy of the foregoing Motion *in Limine* was served on all counsel of record on the date set forth below via electronic filing.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:    _____

Tracy A. Walsh, Esquire
*Attorneys for Defendants*

Date:  <u>July 8, 2026</u>