**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE<br><br>                           Plaintiff<br>     v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF THE SEVENTH-DAY<br>ADVENTISTS<br><br>                     Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS PINE FORGE ACADEMY AND ALLEGHENY EAST CONFERENCE CORPORATION OF THE SEVENTH-DAY ADVENTISTS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN STATEMENTS AND OPINION BY PLAINTIFF'S EXPERT WITNESS WILLIAM BAINBRIDGE, PH.D.**

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of Seventh Day Adventists, by and through their counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby submit the following Motion *in Limine* to preclude certain statements and opinions that Plaintiff's expert witness William Bainbridge, Ph.D. is expected to make at trial, and in support thereof state as follows:

## I.      FACTUAL BACKGROUND

Plaintiff initiated this negligence action by filing her complaint on or about June 3, 2025, in connection with two incidents of alleged unwanted physical contact that occurred on a bus almost 20 years ago in February or March 2008 between Plaintiff, then a 17 ½ year old student in her senior year, and a male choir director, Dr. Jason Max Ferdinand, a former employee of Pine Forge Academy. At issue in this Motion *in Limine* is Plaintiff's expert report and witness, William Bainbridge, Ph.D., who authored a 91-page report dated December 1, 2025 and a 59-page "Addendum Report" dated June 30, 2026.

## II.    LEGAL ARGUMENT

### A.  Legal Standard

The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990). Rule 103(d) of the Federal Rules of Evidence expressly encourages the presentation of pretrial motions in limine in order to shield the jury from being exposed to inadmissible evidence. Fed. R. Evid. 103(d). Further, Rule 104 provides in relevant part that "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). In order to be admissible, the proffered evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### B.  Dr. Bainbridge should be precluded from testifying, making any statements or opinions on the subject of alleged negligent hiring

Dr. Bainbridge should be precluded from testifying and/or offering an opinion on any allegations of negligent hiring.

Count II of Plaintiff's Complaint is captioned "Negligent Hiring, Training, Supervision, and Retention." (ECF No. 1). However, the Complaint contains no factual allegations pertaining to hiring. Id. To prove a negligent hiring claim, Plaintiff, "must show (1) the employer knew or

2

should have known of the violent propensity of the employee and (2) such employment creates a situation in which a third party may be harmed." Klingaman v. J&R Schugal Trucking, 2025 U.S. Dist. LEXIS 217320 *8 (E.D. Pa. November 4, 2025), citing Coath v. Jones, 277 Pa.Super. 479, 219 A.2d 1249, 1250 (1980).

In the present case, no evidence developed during discovery to support a negligent hiring claim as to Dr. Ferdinand or any Pine Forge Academy employees identified in this case. The fact that documentation from well over 20 years of background checks may not be in personnel file documents located and produced during discovery does not support a negligent hiring claim. There was no evidence developed during discovery that Dr. Ferdinand had a criminal record or any prior record of any alleged "dangerous propensity" at the time he was hired in or about 2001 as a part time employee at Pine Forge Academy. However, in his report, Dr. Bainbridge attempts to insert his own subjective beliefs and circumvent the evidence (or lack thereof) by opining that the lack of documentation of a background check, criminal history or other documents in Dr. Ferdinand's personnel file implies that he had a criminal record.

Dr. Bainbridge cites no scientific criteria or published literature to support his opinions. Rather, he relies on his own subjective belief, pure speculation, and absolutely no evidence of record. Accordingly, Dr. Bainbridge must be precluded from making any statements or offering any opinions at trial by testimony or his reports on the subject of alleged negligent hiring.

**C. Certain Statements and Opinions in Dr. Bainbridge's Report and Testimony Should Be Precluded at Trial Under Rule 403**

Dr. Bainbridge's proffered testimony is highly prejudicial and does nothing more than potentially inflame the jury.  By way of example, peppered throughout his report are comments such as, "Despite my request, Allegheny East Conference and Pine Forge Academy officials have

so far declined to provide any evidence of ….” or “Despite my request, Defense Counsel has so far declined to provide ….” Both statements imply that Defendants and/or their counsel are hiding something or are trying to be deceitful. The statements simply not true as discovery was ongoing and Defendants exercised due diligence to produce documents that may have still existed from well over 20 years ago. Inaccurate accusatory comments such as those made by Dr. Bainbridge in his report do nothing other than prejudice the jury and should be excluded.

### D.  Dr. Bainbridge's Addendum Report Should Be Excluded

Dr. Bainbridge prepared an Addendum report that was included in

Plaintiff's Trial Exhibit list, produced on June 30, 2026.[1] The report was served several months after discovery closed and approximately six (6) months after Plaintiff's expert report deadline expired. On this basis alone, the report and any testimony, statements or opinions set forth in the Addendum report should be excluded at trial.

In addition to being extremely and prejudicially late, Dr. Bainbridge's addendum is needlessly cumulative, unnecessary and will not assist the trier of fact.

### E.  Dr. Bainbridge's Impermissible Legal Conclusions Must be Precluded at Trial

In Clienttron Corp. v. Devon IT, Inc., 2016 U.S. Dist. LEXIS 41992 (E.D. Pa. March 29, 2016), the court held it is generally improper for experts to offer legal conclusions as expert opinions); see also Bethlehem Area Sch. Dist. v. Zhou , (2011 U.S. Dist. LEXIS 111215 (E.D. Pa. September 27, 2011) (“It is not permissible for a witness to testify as to the governing law”) (citing United States v. Leo, 196 3d Cir. 1991), Id. at *4. “Experts, ‘may not…apply the resulting

---

[1] Moving Defendants do not waive any argument regarding the timeliness of Mr. Bainbridge's Addendum Report.  Moving Defendants reserve the right to object to the late produced report.

law to the facts of [a] case to draw a legal conclusion in essence, the experts the experts may testify as to their factual conclusion as long as they do not offer a legal opinion as to the legal implications of those conclusions." Id. (quoting Langboard v. United States Dep't of the Treasury No. 06-CV-05315, U.S. Dist. LEXIS 40083, *27-28 (E.D. Pa. May 7, 2009).

In his report, Dr. Bainbridge makes improper statements, opinions and conclusions, stating that Defendants acted "recklessly" or were "negligent," and other such legal conclusions. Dr. Bainbridge cannot offer a legal opinion and must be precluded from doing so at trial.

### III.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion in *Limine* and enter an Order Precluding certain statements, opinions and conclusions of Dr. William Bainbridge at trial.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:   _____

Tracy A. Walsh, Esquire
I.D. No. 62481
Matthew P. Donelson, Esquire
I.D. No. 84155
Georgios Farmakis, Esquire
I.D. No. 319119
2000 Market Street, Suite 1300
Philadelphia, PA 19103
twalsh@wglaw.com
matthew.donelson@wglaw.com
gfarmakis@wglaw.com

*Attorneys for Defendants*

Date:  July 8, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE<br><br>                    Plaintiff<br>        v.<br><br>PINE FORGE ACADEMY  and<br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF THE SEVENTH-DAY<br>ADVENTISTS<br><br>                    Defendants | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Tracy A. Walsh, Esquire, hereby certify that a true and correct copy of the foregoing Motion *in Limine* was served on all counsel of record on the date set forth below via electronic filing notice.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:    _____
Tracy A. Walsh, Esquire
*Attorneys for Defendants*

Date:  July 8, 2026

6