**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>                            Plaintiff,<br>     v.<br><br>PINE FORGE ACADEMY,<br><br>     and<br><br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF SEVENTH-DAY<br>ADVENTISTS,<br><br>                      Defendants. | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS PINE FORGE ACADEMY AND ALLEGHENY EAST
CONFERENCE CORPORATION OF THE SEVENTH-DAY ADVENTISTS' RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE
INSTAGRAM CAPTIONS**

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of Seventh-

Day Adventists, by and through their counsel, Weber Gallagher Simpson Stapleton Fires & Newby

LLP, hereby file this Response in Opposition to Plaintiff's Motion *in Limine* to Preclude Instagram

Captions (Doc. No. 45), as follows:

**I.     MATTER BEFORE THE COURT**

Defendants' Exhibit D-21 consists of photographs and captions from Plaintiff's Instagram

pages which were produced by Defendants in discovery in February 2026 at or around the same

time that Plaintiff publicized her full name and this lawsuit to 14,000 followers. Exhibit D-21

consists of 29 pages of photographs of the Plaintiff with captions that Plaintiff posted herself.

The photographs and captions are dated and span a time period from 2019 to 2025, the same year

this lawsuit was filed.

Plaintiff's Motion *in limine* seems to broadly request the preclusion of captions in the compilation marked Exhibit D-21 but also only specifically focuses upon three (3) pages at page 8 (D000628), page 23 (D000643), and page 25 (D000645). For the sake of completeness, Defendants hereby oppose Plaintiff's motion on all grounds and submit that **all captions** accompanying the photographs in Defendants' Exhibit D-21 are relevant for Defendants to defend against Plaintiff's claims. Defendants must be given the opportunity to exercise their fundamental right to present evidence to refute Plaintiff's claims.

## II.      STATEMENT OF THE PERTINENT FACTS

Plaintiff initiated this negligence action by filing her complaint on or about June 3, 2025, in connection with two incidents of alleged unwanted physical contact that occurred on a bus during a choir trip almost 20 years ago in February or March 2008 between Plaintiff, then a 17 ½ year old student in her senior year at Pine Forge Academy, a private, co-educational Seventh-Day Adventists boarding school, and a male choir director, a former employee of Pine Forge Academy.

Plaintiff was a student at Pine Forge Academy from 2005 to 2008 and graduated from Pine Forge at the top of her class in or about May 2008. Plaintiff thereafter attended Oakwood University and graduated *magna cum laude* from college in 2012. Plaintiff is a lifelong resident of Maryland where she has lived permanently (as well as in Washington, D.C. contemporaneously) since graduating college.

Plaintiff's Complaint alleges, *inter alia*:

- as a "direct and proximate result of Defendants' conduct described herein, [Plaintiff] Jane [Doe] was caused to suffer and will continue to suffer emotional and physical injuries, including but not limited to sleep disturbance, fatigue, depression, anxiety, poor

concentration, dizziness, sweating, racing heart, shock, PTSD, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (ECF No. 1).

In her Answers to Interrogatories wherein Plaintiff was asked to describe in detail her alleged physical, emotional and psychological injuries, Plaintiff responded that:

- "because of the abuse [that occurred in 2008], Plaintiff sustained past and future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, emotional distress, medical expenses, loss of earnings and earning capacity, depression, low self-esteem, loss of religious faith, PTSD, difficulty coping with stress, difficulty coping with impulsivity, demoralization, suicidal ideation, trouble sleeping, insomnia, and anger management . . . "

- … and "has developed issues with authority, both in her personal and professional lives…

-  …became a hyper-performer and overachiever…this led to serious periods of burnout…this has hindered her ability to earn income and build a career…

- starting around 2021, Plaintiff began to struggle with body dysmorphia." struggle with body dysmorphia."

*See* Plaintiff's Answer to Interrogatory No. 20, attached hereto as **Exhibit A.**

Plaintiff testified that she did not disclose the alleged unwanted physical contact that occurred in 2008 to her family or friends until approximately 2020. Although Plaintiff testified that she has never been diagnosed with, never been treated for, and never been prescribed

medication for post-traumatic stress disorder, anxiety or depression[1], she seeks recovery for these alleged conditions at the trial of this lawsuit. While it is true that Plaintiff has confirmed on record in her motion *in limine* that she is **"not making a claim for lost earnings or reduced earnings capacity in this case,"** and that she seeks to preclude only certain Instagram posts that are included in Defendants Exhibit D-21, the conspicuously selected Instagram captions that Plaintiff seeks to preclude are relevant for the defense to Plaintiff's claimed damages and must remain in the full context of each Instagram page accompanying each photograph posted by Plaintiff along with the date of the photograph and the full caption. (emphasis added).[2]

It should further be noted that the photographs and captions in Exhibit D-21 were posted to over 14,000 social media followers.[3]

Below are several captions, each of which accompany a photograph of the Plaintiff in the time period of 2019 to 2025, that are included in Defendants' Exhibit D-21:

**<u>June 27, 2019 – El Jobo, Guanacaste, Costa Rica (D000647)</u>**

Photograph of Plaintiff with caption:
"*29!!! Thank you for all of the love and the kindest words! I cried & laughed all day!*
*This year brings a renewed sense of identity. Anything lost I'm not supposed to have.*
*It's forever working together for the good always in all ways*

---

[1] Plaintiff testified she was diagnosed with post-partum depression following the birth of her son in February 2024, took medication for two months prescribed specifically for post-partum depression, and has had no treatment or medication since early 2024.

[2] Defendants can provide the posts to the Court for an *in-camera* review as Plaintiff did not file the pages of the posts that she seeks to preclude at trial purportedly because they depict her photograph and her name pending the recission of the pseudonym Order and the Stipulated Protective Order by this Court.

[3] Notably, after being served as evidence in this case when they were produced by Defendants in February 2026, Plaintiff has since **deleted** several photographs and posts from her Instagram account, including but not limited to the very posts and captions which she seeks to preclude in her motion *in limine*.

*Love you all!!"*

**August 4, 2019 (D000646)**

Photograph of Plaintiff with caption:

*"Strength, Courage, and Wisdom*

*It's been inside me all along"*

**October 9, 2019 – Georgetown, D.C. (D000645)**

Photograph of Plaintiff with caption:

*"I shared the other day about how I had a near-death experience and when I say it shook me and woke me up y'all I'm not lying.*

*God has given me so many tools and gifts that I've been afraid to share! This time last year I told God that I wanted to grow my business and make over 6 figures and at the end of the year when I looked at my 1099 I was floored that I reached that goal! The year before (2017) I was cleaning toilets and driving Uber just to pay my rent! & the only people who knew were my family and my best friend!*

*After going from that to only a year later making over 6 figures is wild! & After hitting that goal I said that I knew I could do anything with God's help and I vowed to help other people do the same!*

*But I haven't been living up to it! I share little stuff here, and there, but it's nothing on the magnitude of what I know has been…"*

**February 29, 2020 – San Juan, Puerto Rico (D000644)**

Photograph of Plaintiff with caption:

*"I have no caption for this. Help me out here!"*

**March 23, 2020 – Washington, D.C. (D000643)**

Photograph of Plaintiff with caption:

*"Hey guys! It's Monday and most of us are stuck in the house which is very unfamiliar territory! However, right before this crisis started my dad said something to me that is really guiding how I'm approaching this quarantine.*

*I was talking to him about my financial goals and asking for advice on how to reach them. He told me that my number one problem is that I take too many vacations! He said that I have a habit of completing a few deals and then taking a break. Instead, I need to accomplish the big financial goal first and stop taking a break time I 'win a battle' instead of the 'war." I was low key offended because I work hard and like to vacation to regroup, but he caused me to get out of my feelings and listen to the deeper message. The message being, that regardless of what I've done there is still more to do. I shouldn't stop until what I see in my head I also hold in my hand.*

5

*His message applies to all of us too. It may seem like with everything going on we have a natural excuse to pause the plans…"*

**April 29, 2020 (D000642)**

Photograph of Plaintiff with caption:

*"Day dreaming of the days when I would actually wear clothes and go outside!"*

**September 12, 2020 – Tulum, Mexico (D000622)**

Photograph of Plaintiff with caption:

*"Show me something natural!"*

**October 27, 2020 – Yountville, Napa Valley, California (D000641)**

*"Can I stay here? Please & Thank you!"*

**April 23, 2021 – Hoomaluhia Botanical Garden, Hawaii (D000649)**

Photograph of Plaintiff with caption:

*"Hawaii"*

**June 26, 2021 (D000640)**

Photograph of Plaintiff with caption:

*It's the Cancerian goddess energy for me! 31 baby!"*

**August 3, 2021 (D000638)**

Photograph of Plaintiff with caption:

*"Either learn me or I'm a lesson"*

**October 22, 2021 – Scottsdale, Arizona (D000634-000637)**

Four photographs of Plaintiff with caption:

*"As the sun shines on all my glory*

*My flaws don't look so bad at all*

*What was I so afraid of?*

*Every part of me is beautiful*

*And I finally see I'm a work of art*

*A masterpiece"*

**October 29, 2021 – Scottsdale, Arizona (D000633)**

Photograph of Plaintiff with caption:

*"Divine feminine energy"*

6

**November 7, 2021 – Desert Botanical Garden, Phoenix, Arizona (D000632)**

Photograph of Plaintiff with caption:

*"Always make magic in the deserts"*

**January 15, 2022 (D000631)**

Photograph of Plaintiff with caption:

*"I hate being stared at, but I understand"*

**July 5, 2022 (D000630)**

Photograph of Plaintiff with caption:

*"It's giving…gratefulness for the journey"*

**August 7, 2022 (D000628)**

Photograph of Plaintiff with caption:

*"In ATL building with my family. For us it's about generational wealth for our family and those who we connect with along the journey."*

**July 16, 2024 (D000626-000627)**

Two photographs of Plaintiff with caption:

*"Is your name Yemaya? Oh, hell no. Its got to be Oshun"*

**March 2, 2025 (D000629)**

Photograph of Plaintiff with caption:

*"& Baby I ain't even hit my final form"*

As this Court will find through *in camera* review, the comments accompanying the photographs provide very relevant context and were posted on social media by the Plaintiff to her 14,000 followers and remained on her social media platform for several years. They were apparently only recently deleted by Plaintiff after they were produced in discovery by Defendants and prior to trial.

### III.    LEGAL ARGUMENT

### A.    Legal Standard

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Third Circuit has explained:

> [R]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has no tendency to prove the fact.

*See* Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992) (citations and internal quotation marks omitted) (emphasis in original). Under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." United States v. Vosburgh, 602 F.3d 512, 537 (3d Cir. 2010). Importantly, "'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" Carter v. Hewitt, 617 F.2d 961, 972 n.14 (3d Cir. 1980). "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." McBride v. Petulla, No. 3:16-cv-256, 2020 U.S. Dist. LEXIS 36786, 2020 WL 1032535, at *1 (W.D. Pa. Mar. 3, 2020) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules).

8

**B.  <u>The Captions Are Directly Relevant to Plaintiff's Alleged Damages</u>**

Plaintiff does not dispute in her motion that the photographs of herself that she posted to Instagram over the last several years have probative value with regard to the disputed facts surrounding the Plaintiff's alleged damages. However, Plaintiff cannot provide any evidentiary basis or legal authority whatsoever for cherry-picking out the captions made by Plaintiff, and ignoring the fact that they relate to the date of the photograph and the events captioned, as well as the meaning of the captions. Plaintiff's blanket, conclusory argument that the captions are "irrelevant" is completely undermined by the very damages Plaintiff seeks to recover at trial. Plaintiff is claiming that the alleged negligence of Defendants proximately caused her to suffer from PTSD, severe emotional distress, embarrassment, humiliation, loss of self-esteem, loss of enjoyment of life and continuing psychological injuries over the last several years since the alleged incidents in 2008. Plaintiff's allegations make Plaintiff's own public statements concerning her emotional state of mind, outlook, confidence, ambitions, accomplishments, personal fulfillment and enjoyment of life highly probative at trial. These captions are not being offered in evidence at trial to prove Plaintiff earned "six figures" as Plaintiff is not claiming any lost wages or impaired earning capacity in this case, although it does demonstrate that Plaintiff pursued and accomplished a successful career in real estate before she decided to change careers following the birth of her son in 2024. The captions and the accompanying photographs which put the captions in context are clearly relevant to the jury's evaluation of Plaintiff's demonstrated and self-described state of emotional health, self-confidence, positive body image, successes and accomplishments both personally and professionally, and enjoyment of life.

Defendants are entitled to exercise their fundamental right to present evidence to refute Plaintiff's allegations of mental suffering, loss of enjoyment of life, anxiety, humiliation, depression, and body dysphoria. The photographs and posts are further relevant to the opinions

of the expert witnesses (Plaintiff's psychologist and Defendants' forensic psychiatrist) who will testify at trial on behalf of Plaintiff and Defendants.  *See,* e.g., Robert v. Conti Carriers & Terminals, Inc., 692 F.2d 22, 25 (5th Cir. 1982) (affirming district court's admission of photographs showing the medical condition of plaintiff's hands, which were probative and not unfairly prejudicial with respect to damages on plaintiff's negligence claim); Evan v. Estell, 203 F.R.D.172, 173 (M.D. Pa. 2001) (Mannion, M.J.) (the parties agreed that a video of the plaintiff was "directly relevant to her claim for damages" where "the video surveillance presumably relates to the physical condition, disability and credibility of the plaintiff"); see also Fed. R. Evid. 401.

As such, these captions go directly to the existence or non-existence of, nature, extent, severity and duration of the very specific emotional injuries Plaintiff seeks recovery for at trial, as well as her credibility.

### C. Plaintiff Cannot Place Her Emotional State at Issue and Prevent Defendants From Exercising Their Fundamental Right to Present Rebuttal Evidence

It is expected that Plaintiff will testify at trial about her claimed emotional damages, as well as her expert witness, a psychologist. Plaintiff claims past alleged emotional injuries dating back to 2008 through the present. Plaintiff's contemporaneous statements over the years and their accompaniment to relevant photographs, dates, and physical locations regarding her state of mind, emotional well-being, confidence, personal fulfillment, excitement, enjoyment and accomplishments are a classic example of evidence that bears on emotional damages. *See* Hunter v. Kennedy, No. 3:17-CV-00007, 2020 U.S. Dist. LEXIS 123118, at *29-30 (M.D. Pa. July 14, 2020) (citing Tillery v. Children's Hosp. of Phila., 2017 PA Super 50, 156 A.3d 1233, 1243 (Pa.

Super. Ct. 2017) ("[i]importantly, if a party presents evidence about a certain issue, then they open the door to rebuttal evidence that may not otherwise have been admissible").

Here, the captions provide context accompanying the photographs that Plaintiff admits are probative as to the issues in dispute at trial. Without the captions, the jury will only see photographs that are only part of the picture – the jury must be able to view the present state of mind and comments made by the Plaintiff when she posted her photographs and captions to social media. One cannot be separated from the other – each photograph and each caption have the most probative value taken together and presented as a whole to the jury.

### D.        The Instagram Captions Are Admissions of a Party Opponent

The Instagram captions are Plaintiff's own statements and are therefore admissible as statements of a party opponent under Rule 801(d)(2). Because the captions were made directly by Plaintiff, they do not raise hearsay concerns. As noted, they also provide highly probative evidence of Plaintiff's claimed mental and emotional condition because they reflect her own contemporaneous descriptions about her physical and emotional conditions.

### E.        Rule 403 Strongly Favors Admission of the Instagram Captions

Plaintiff bears the burden under Rule 403 to preclude evidence. As set forth above, evidence is excluded only when unfair prejudice substantially outweighs probative value. Plaintiff's motion wholly fails to demonstrate any unfair prejudice. Just because Plaintiff is not claiming lost wages or earning capacity at trial does not make the captions unduly prejudicial. Plaintiff asserts in her motion that the jury may be confused or misled "toward a reduced damages finding." That is not unfair prejudice under Rule 403. It is precisely the purpose of relevant rebuttal evidence and impeachment evidence. Evidence pertaining to claimed damages is not unfairly prejudicial merely because it rebuts the Plaintiff's claims. The jury will know

11

there is no wage loss or earning capacity claim in this case. The Instagram captions go directly to disputed issues the jury must decide.

Accordingly, the probative value is not substantially outweighed by any danger of confusing the issues or misleading the jury. There is nothing confusing or misleading about this evidence.

> **F.    The Instagram Captions Provide Necessary Context under Rule 106 and Satisfy Rule 901**

Plaintiff asserts in her motion that two captions should be precluded because they are "incomplete." However, for all the reasons stated above, redacting the captions from the social media photographs would create a misleading presentation for the jury. The captions provide necessary context as to the photographs, the significance of the events depicted, and the reasons the posts were shared. Without Plaintiff's own accompanying captions, the jury would see only selected photographs stripped of the meaning Plaintiff gave them when she published the posts to more than 14,000 social media followers. The captions therefore are necessary to avoid distorting the meaning of Plaintiff's own social media posts. Likewise, authentication under Rule 901 requires only sufficient evidence that the exhibit is what Defendants claim it to be. Because the exhibit accurately reflects Plaintiff's social media posts collected from Plaintiff's public Instagram account during discovery, Rule 901 and Rule 106 are satisfied.

> **IV.    CONCLUSION**

In this lawsuit, Plaintiff seeks compensation for alleged past and continuing psychological injuries, including but not limited to PTSD, anxiety, depression, humiliation, emotional distress, loss of self-esteem, and loss of enjoyment of life. By placing her mental health or emotional condition squarely at issue, Plaintiff cannot prevent the jury from considering her own contemporaneous public statements that accompanied her photographs posted over the last

several years including the year she filed this lawsuit. The Instagram captions are highly

probative that bear directly on the existence or lack thereof of Plaintiff's claimed damages. They

are not unfairly prejudicial merely because they serve as rebuttal evidence. Rule 403 does not

permit exclusion on such a basis, and Plaintiff's assertions regarding authenticity or

completeness do not justify excluding the captions.

     For all the reasons above, Plaintiff's Motion should be denied.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:    _____

Tracy A. Walsh, Esquire
I.D. No. 62481
Matthew P. Donelson, Esquire
I.D. No. 84155
Georgios Farmakis, Esquire
I.D. No. 319119
2000 Market Street, Suite 1300
Philadelphia, PA 19103
twalsh@wglaw.com
matthew.donelson@wglaw.com
gfarmakis@wglaw.com
*Attorneys for Defendants*

Date: July 13, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, <br><br>                    Plaintiff, <br>    v. <br><br> PINE FORGE ACADEMY, <br><br>     and <br><br> ALLEGHENY EAST CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS, <br><br>             Defendants. | No.: 5:25-cv-2838 <br><br><br> JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Tracy A. Walsh, Esquire, hereby certify that a true and correct copy of the foregoing Response in Opposition to Plaintiff's Motion *in Limine* to Preclude Instagram Captions was served on all counsel of record on the date set forth below via the Court's ECF Filing System:

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:    _____

Tracy A. Walsh, Esquire
*Attorneys for Defendants*

Date: July 13, 2026

14