**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| JANE DOE, | | : | Civil No. 5:25-cv-02838-JMG |
| | Plaintiff, | : | |
| | | : | |
| | v. | : | JUDGE JOHN M. GALLAGHER |
| | | : | |
| PINE FORGE ACADEMY, *et al.,* | | : | |
| | Defendants. | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN STATEMENTS AND OPINION BY PLAINTIFF'S EXPERT WITNESS WILLIAM BAINBRIDGE, PH.D.**

Now Comes Plaintiff, by and through the undersigned counsel, and hereby responds to Defendants' Motion *in Limine* to Preclude Certain Statements and Opinion by Plaintiff's Expert Witness William Bainbridge, Ph.D. (Doc. 59).

## I.     INTRODUCTION

Defendants Pine Forge Academy and the Allegheny East Conference of Seventh-Day Adventists ("Defendants") move this Court to preclude certain statements of William Bainbridge, Ph.D. ("Dr. Bainbridge") and also to strike his supplemental report. On the statements, Plaintiff would propose the limitations stated below which should obviate Defendants' concerns.

On the supplemental report, the report was timely served upon the Defendants. The Civil Rules require that experts supplement their reports by the time of the parties' pretrial disclosures, and Dr. Bainbridge's report was served prior to that time. Additionally, Dr. Bainbridge's supplemental report was completed as early as possible given the Defendants' delayed production of documents and a witness for deposition.

## II.      STATEMENT OF FACTS[1]

Dr. Bainbridge holds a master's degree in Educational Leadership and Personnel Management. He earned his Ph.D. in Educational Leadership and Business Administration. Dr. Bainbridge has worked as a Superintendent and later as a Distinguished Research Professor. He will testify regarding the standard of care applicable to Pine Forge Academy prior to Summer 2008 and whether they complied with that standard of care.

Plaintiff served Defendants with discovery requests on December 5, 2025 requesting the personnel files of Cynthia Poole, Camille Kibler, Helen Peace, Neil Thomas, and Toni Hall. These personnel files were requested for Dr. Bainbridge's review. The Defendants did not request an extension and did not respond to these discovery requests until January 16, 2026. With respect to these five specific document requests, Defendants responded "None at this time." On January 20, 2026, counsel for Plaintiff wrote counsel for Defendants inquiring as to whether these personnel files would be produced or not.

On February 3, 2026, counsel for Plaintiff properly noticed a deposition under Civ.R. 30(b)(6) requesting a corporate designee to discuss the five personnel files. The deposition was to take place on February 20, 2026. Plaintiff's counsel requested a meet and confer on the deposition notice on February 3, 7, and 11 but none occurred. On February 13, 2026, Defendants produced some documents that would eventually constitute a part of each requested personnel file. On February 18, 2026, defense counsel informed Plaintiff's counsel that the Defendants' witness was unavailable on February 20, 2026 for the deposition.

---

[1] This Statement of Facts only pertains to the production of Dr. Bainbridge's supplemental report.

2

Dr. Bainbridge was deposed on February 26, 2026. At that time, he had reviewed the partial personnel files produced on February 13, 2026 by the Defendants.

Defendants produced additional documents constituting a part of the requested personnel files on March 12, 2026. The deposition of Defendants' corporate representative regarding the personnel files was rescheduled, and took place on March 31, 2026.[2] At the deposition, the witness was asked about all of the personnel files produced to date, and stated that there were still documents constituting personnel files that were not, at that time, sent to Plaintiff's counsel. Plaintiff's counsel re-requested production of the documents that had not been produced, and did not end the deposition at the day's conclusion so that the deposition could be completed regarding all of the responsive documents.

Almost 300 pages worth of documents were produced on April 7, 2026. A small amount of documents were produced after that. The deposition of Defendants' corporate representative resumed and was completed on June 4, 2026 regarding the additional documents. The transcript of that deposition was sent to Plaintiff's counsel on June 23, 2026. Both days of deposition testimony and all of the personnel files were sent to Dr. Bainbridge via overnight mail the next day. Dr. Bainbridge issued his supplemental report on June 30, 2026 which is prior to the deadline for supplemental reports imposed by Civ.R. 26(e)(2). This was the soonest possible date that Dr. Bainbridge could complete his supplemental report given the delayed production of documents and accompanying deposition testimony that he needed to review.

---

[2] The parties stipulated to, and the Court approved, this deposition taking place after the discovery cut off.

### III.    LAW AND ARGUMENT

**A. Dr. Bainbridge's Report Was Timely Under the Civil Rules, and Was Completed By June 30, 2026 Because of Defendants' Actions.**

Experts must supplement a report if it is incomplete. Civ.R. 26(e)(1)(A). The supplement must be disclosed to all parties by the time of the party's pretrial disclosures. Civ.R. 26(e)(2). The Parties' pretrial disclosures in this case were due on July 1, 2026. Dr. Bainbridge's supplemental report was served on Defendant on June 30, 2026. That should be the end of the inquiry. The supplemental report was timely, and the rules acknowledge that supplemental reports will be issued even after expert witnesses are deposed. *See* Civ.R. 26(e)(2) ("the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.").

The initial report was only incomplete because Defendants did not produce all the information for Dr. Bainbridge's review prior to his report due date or his deposition. Dr. Bainbridge and Plaintiff's counsel worked diligently to produce the supplemental report and would have produced it sooner but for Defendants' delays in turning over the requested information. Defendants should not be able to reap benefits from the slow and inadequate production of documents and their corporate witness.

**B. Dr. Bainbridge Will Not Testify as to Background Checks, "Declined to Provide" Statements, or Legal Conclusions.**

**Background Checks.** Dr. Bainbridge will not testify about the lack of a specific background check related to the perpetrator Jason Ferdinand or imply that if a background check was completed, it would have returned with information regarding a criminal record. However, the fact that no background check information exists in Mr. Ferdinand's personnel file is relevant to the lack of record keeping by the Defendants, and also a failure to act as a reasonably diligent school. Mr. Ferdinand worked at Pine Forge Academy from 2001 – 2008. Yet, his personnel file

4

is only made up of approximately 30 pages of documents. Dr. Bainbridge will testify regarding the types of documents that are not in the personnel file, including a background check. In terms of the negligent hiring claim, the lack of a background check does not exclude the lack of a job description, credential verification, interviews, and reference checks. There is nothing in the documents that shows the Defendants took any reasonably diligent steps at the time of hiring Jason Ferdinand, and Dr. Bainbridge should be permitted to discuss that. Finally, the negligent training, supervision, and retention claims have some overlap with the Defendants' negligent hiring, in that there was no training done at the time of hire, no evidence of providing Mr. Ferdinand with policies and procedures at hiring, etc.

**"Declined to Provide" Statements.** At trial, Dr. Bainbridge will not testify that Defendants or their counsel "declined to provide" any documents. He will testify that documents were not included in the documents he did receive. For example, in Mr. Ferdinand's file there are no annual performance reviews from 2001 – 2008. Dr. Bainbridge will testify to the absence of those records. However, he will not suggest that documents related to those performance reviews exist, but the Defendants refused to turn them over.

**Legal Conclusions.** Dr. Bainbridge will not take the role of the jury and testify that the Defendants were negligent. He will however testify that their conduct fell below the standard of care that existed at the time and was thus unreasonable under the circumstances.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff requests that this Court DENY Defendant's *Motion in Limine*.

5

Respectfully submitted,

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Memorandum in Opposition to Defendants' Motion *in Limine* to Preclude Certain Statements and Opinion by Plaintiff's Expert Witness William Bainbridge, Ph.D. was served via the Court's ECF Filing System upon all counsel of record on this date July 15, 2026.

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

7