**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | | |
|---|---|---|---|
| JANE DOE, | | : | Civil No. 5:25-cv-02838-JMG |
| | Plaintiff, | : | |
| | | : | |
| | v. | : | JUDGE JOHN M. GALLAGHER |
| | | : | |
| PINE FORGE ACADEMY, *et al.,* | | : | |
| | Defendants. | : | JURY TRIAL DEMANDED |

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE LAY WITNESSES FROM GIVING EXPERT OPINIONS**

Now Comes Plaintiff, by and through the undersigned counsel, and hereby responds to Defendants' Motion *in Limine* to Preclude Lay Witnesses from Giving Expert Opinions (Doc. 46).

## I.    INTRODUCTION

Defendants Pine Forge Academy and the Allegheny East Conference of Seventh-Day Adventists ("Defendants") seek to prohibit witnesses from testifying regarding the terms "grooming," "sexual abuse," and "mandatory reporting." Defendants also seek to limit the terms that Plaintiff can use to describe the negative effects the sexual acts have had on her life. The Court should deny the motion at this time. Context at trial, how the questions are asked, and how the answers are given will be essential in determining whether testimony regarding these terms should come in or stay out. A broad ruling now regarding lay opinion risks stifling Plaintiff's ability to elicit otherwise relevant testimony.

## II.    LAW AND ARGUMENT

Plaintiff agrees that lay witness opinions may only be given under certain circumstances. However, Defendants seek a broad ruling that would keep out admissible fact evidence.

**Grooming.** The FBI defines grooming as a constellation of behaviors aimed at gaining cooperation of the child to achieve sexual gratification for the offender. Plaintiff will play deposition testimony and cross-examine individuals who worked at Pine Forge Academy at the time of the grooming and sexual abuse of Plaintiff. Those individuals and the Defendants had duties which included protecting the Plaintiff and acting reasonably under the circumstances. What these agents knew about grooming prior to 2008 when Plaintiff was assaulted is important in proving breach of duty. The Defendants' failure to train their agents about grooming shows negligence. And if the employees did know about grooming by 2008, showing that they ignored the constellation of behaviors being employed by the offender in this case also shows their negligence. This is not offered as opinion testimony, and a broad ruling precluding testimony about what grooming is and what it is not severely hampers Plaintiff's ability to prove her case.

Separately, Plaintiff will call former students at Pine Forge Academy to testify as to what they saw in terms of adults at Pine Forge and students. Examples would include teachers texting students, teachers calling students, male teachers sitting next to female students on the bus, draping a jacket over them, and making other physical contact with the students. These students can also testify as to the effect that behavior had on the students from what the students said or did. Allowing former students to label this conduct as grooming does not offend the rule against lay opinion.

**Sexual Abuse.** The term "sexual abuse" can be used without offending the rule against lay opinion. The Plaintiff was assaulted on two occasions by her choir director. She has since discussed these assaults with her friends and family. Her friends and family will testify at trial and should be allowed to use the term "sexual abuse" to describe the assaults when talking about the effect that the assaults had on the Plaintiff's life. For example, a witness should be able to say "since the

2

sexual abuse, [Plaintiff's] life has not been the same in these ways…" Or "based on what I saw in terms of Ferdinand's interactions with the Plaintiff, I was concerned that he would sexually abuse her." The term "sexual abuse" is commonly used in society to describe unwanted sexual touching. While it may have certain legal or medical definitions, it is commonly used outside those formal contexts.

**Mandatory Reporting.** Similar to "grooming" above, issues of mandatory reporting need to be discussed with former employees of Pine Forge so the jury can understand the employees' responsibilities under state law at the time and what the employees knew about those responsibilities. The jury should also hear from the employees about the actions mandatory reporters had to take if they had a reasonable suspicion of child abuse. Such questions do not seek opinions, they seek known facts.

**Symptom Testimony.** The Plaintiff must be allowed to describe her injuries. Defendants use the examples of anxiety and panic attacks and try to preclude Plaintiff from discussing those experiences. First, every human on earth has experienced anxiety. If the Plaintiff has felt anxious in high school up to the present day based on her experiences with Mr. Ferdinand, she needs to be allowed to testify about that. However, Plaintiff concedes that she cannot diagnose herself with Anxiety Disorder as defined by the DSM-V. Describing a feeling and diagnosing a disorder are two different things, and the Plaintiff can do one not the other. She must be allowed to discuss the times she has experienced anxiety.

Similarly, when Plaintiff testifies that she experienced panic attacks, she is testifying to the experience of her heart rapidly pounding, her inability to catch her breath, feeling physically paralyzed, and the inability to control her thoughts. That is a panic attack; and she does not need a medical degree to claim it as a panic attack. It is similar to when a healthy person experiences

severe chest pain and exclaims "I'm having a heart attack." Even if he hasn't had a heart attack before, he knows he is having one and testimony at trial about his experience comes in. The lack of a formal diagnosis of a panic attack does not mean that Plaintiff cannot testify that she's experienced one, and the same is true for anxiety.

**Summary.** In looking at these five specific examples, it is clear how a broad prohibition on the use of certain terms would hamper Plaintiff's ability to present admissible evidence relevant to her case. The Plaintiff thus asks the Court to deny this motion at this time and rule on any lay opinion objections as they come up at trial.

III. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff requests that this Court DENY Defendant's *Motion in Limine*.

Respectfully submitted,

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Memorandum in Opposition to Defendants' Motion *in Limine* to Preclude Lay Witnesses from Giving Expert Opinions was served via the Court's ECF Filing System upon all counsel of record on this date July 15, 2026.

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**