IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>               Plaintiff,<br>    v.<br><br>PINE FORGE ACADEMY,<br><br>    and<br><br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF SEVENTH-DAY<br>ADVENTISTS,<br><br>              Defendants. | No.: 5:25-cv-2838<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS PINE FORGE ACADEMY AND ALLEGHENY EAST
CONFERENCE CORPORATION OF THE SEVENTH-DAY ADVENTISTS' RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE
REGARDING CRIMINAL CHARGES, INVESTIGATION, OR THE LACK THEREOF**

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of Seventh-

Day Adventists, by and through their counsel, Weber Gallagher Simpson Stapleton Fires & Newby

LLP, hereby file this Response in Opposition to Plaintiff's Motion *in Limine* to Preclude Evidence

Regarding Criminal Charges, Investigation, or the Lack Thereof (ECF No. 53), as follows:

I.      <u>MATTER BEFORE THE COURT</u>

Plaintiff's Motion *in Limine* seems to broadly request the preclusion of any reference to

whether there was or was not any criminal investigation or charges in relation to Jason Max

Ferdinand, the choir director at Pine Forge Academy who allegedly "sexually assaulted" the

Plaintiff while she was a student at Pine Forge Academy in 2008. (ECF No. 1 and ECF No. 53 at

p. 1). Plaintiff seeks this preclusion order while at the same time asserting negligent hiring and

retention claims against Defendants while knowing full well that there is no criminal record, Plaintiff never reported alleged "sexual assault" to law enforcement authorities, and neither did any other student at Pine Forge prior to Plaintiff's attendance at Pine Forge.

Plaintiff states in her motion *in limine* that she never reported alleged sexual assault to law enforcement **and that she is not aware of any criminal investigation or criminal charging decision made in relation to Dr. Ferdinand and "sexual misconduct."** (ECF No. 53 at p. 1). The fact that Plaintiff has never reported the alleged "sexual assault" to Defendants, and that the first notice to the Defendants Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists of the alleged incidents in 2008 was this legal claim filed in June 2025, and that Plaintiff never reported the alleged incidents to law enforcement (or to anyone until she allegedly told members of her family in or about 2020) has probative value that is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and also bears on the credibility of the Plaintiff's testimony.

Plaintiff's motion should be denied.

## II.    STATEMENT OF THE PERTINENT FACTS

Plaintiff initiated this negligence action by filing her complaint on or about June 3, 2025, in connection with two incidents of alleged unwanted physical contact that occurred on a bus during a choir trip almost 20 years ago in February or March 2008 between Plaintiff, then a 17 ½ year old student in her senior year at Pine Forge Academy, a private co-educational Seventh-Day Adventists boarding school, and a male choir director, Jason Max Ferdinand, a former employee of Pine Forge Academy.

It is undisputed that Plaintiff never reported the alleged "sexual assault" or any "sexual misconduct" on the part of Dr. Ferdinand to any law enforcement. It is further undisputed that a

purported witness, a former student identified as Veronica Johnson (whose testimony Defendants have moved to preclude in a motion *in limine* (ECF 56)), who attended Pine Forge prior to Plaintiff never made a report to police about any alleged "sexual misconduct" on the part of Dr. Ferdinand.

The fact that a report was never made to the police, no criminal investigation took place, and no criminal charges were filed is relevant to the defenses to Plaintiff's claims and to her credibility. Plaintiff asserts negligent hiring and retention claims against Defendants, including claiming that Defendants should have terminated Dr. Ferdinand prior to the alleged incidents on the bus in 2008. The fact that no reports, investigations, or charges were filed relating to Dr. Ferdinand at any time, including but not limited to before the alleged incidents on a bus involving Plaintiff in 2008, is relevant to the defense of Plaintiff's negligent hiring and retention claims. Also, one of Plaintiff's expert witnesses opines on the "failure to retain evidence of a criminal background check" in his report which he is anticipated to testify to at trial. In addition, the fact that no police report, investigation or charges were ever made in relation to Dr. Ferdinand is relevant to Plaintiff's testimony as to the alleged reasons as to why Plaintiff did not report it to the police when it specifically came up in her deposition that she was fully aware that criminal charges could be brought against a school employee because she was called to testify at a trial in an alleged sexual assault case involving her former classmate in middle school in Maryland while she was attending Pine Forge Academy.

### III.    <u>LEGAL ARGUMENT</u>

#### A. <u>Legal Standard</u>

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Third Circuit has explained:

> [R]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has no tendency to prove the fact.

See Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992) (citations and internal quotation marks omitted) (emphasis in original). Under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Notably, Plaintiff fails to cite any case law in support of her Motion *in Limine*.

**B. The Probative Value of Evidence of Lack of Criminal Charges or Investigation Relating to Dr. Ferdinand is Not Substantially Outweighed by Any Unfair Prejudice to Plaintiff**

Fed. R. Evid. 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." United States v. Vosburgh, 602 F.3d 512, 537 (3d Cir. 2010). Importantly, "'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" Carter v. Hewitt, 617 F.2d 961, 972 n.14 (3d Cir. 1980). "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." McBride v. Petulla, No. 3:16-cv-256, 2020 U.S. Dist. LEXIS 36786, 2020 WL 1032535, at *1 (W.D. Pa. Mar. 3, 2020) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules).

Plaintiff argues that the fact that no criminal charges were filed or there was no investigation runs the risk of unfair prejudice, danger of confusing the issues or misleading the jury. The crux of Plaintiff's argument is that such information,

4

"… invites the jury to speculate about decisions of law enforcement. It invites them to presume that information regarding the assaults was brought to law enforcement, and law enforcement took no action. It invites them to speculate about whether there is an ongoing criminal investigation or charges currently pending." Pl. Motion pg. 2.

Plaintiff's argument puts the "cart before the horse". In order for the jury to presume or speculate what law enforcement did or did not do, or whether there is an ongoing criminal investigation, there first must be a report to law enforcement. As discussed above, it is undisputed that Plaintiff never made a police report nor did any prior student at Pine Forge relating to Dr. Ferdinand, and no criminal charges were filed. As a result, there is no evidence that would lead a jury to believe that "law enforcement took no action" or that "there is an ongoing criminal investigation" because it is undisputed there was never a report to law enforcement or criminal investigation. There is nothing for the jury to be confused about or to speculate upon. It is a fact which is not disputed. There is no unfair prejudice to the Plaintiff for the jury to know that no criminal investigation or charges relating to Dr. Ferdinand and alleged sexual misconduct ever took place. Plaintiff bears the burden under Rule 403 and has identified no unfair prejudice.

In addition, the Plaintiff has asserted negligent hiring and retention claims against the Defendants. Plaintiff's expert witness opines in his report that there was no criminal record check record in Dr. Ferdinand's personnel file, and Plaintiff contends that Pine Forge negligently retained Dr. Ferdinand as an employee and should have terminated his employment before the alleged incidents took place on the bus in 2008, while at the same time acknowledging that Dr. Ferdinand did not have a criminal record. Yet, Plaintiff seeks in her motion to exclude any reference to Dr. Ferdinand and the lack of any criminal investigation or charges. Defendants have a fundamental right to refute Plaintiff's negligent hiring and retention claims, and Plaintiff cannot be permitted to proceed with these claims at trial while at the same time prevent the Defendants from defending against them with undisputed facts.

**C.  The Lack of Reporting, Investigation and Charges is Relevant to Credibility**

A jury is entitled to weigh the credibility of each witness, including Plaintiff.  see Penn v. Detweiler, 2020 U.S. Dist. LEXIS 38634, (M.D. Pa. January 22, 2020)(allowing the use of prior employment records for the limited purpose of impeaching Defendant's testimony).  Id. at *7. Likewise, "Judging the credibility of each witness is a large part of determining whether the Plaintiff has met her burden of proof.  The Superior Court of Pennsylvania has held that generally, the trial court's judgment regarding credibility of witnesses will be upheld." Leonard v. Kershner, 89 Pa. D&C.5th 285, 287 (CCP Lycoming County, October 27, 2020) citing Hood-O'Hare v. Willis, 873 A.2d 757, 762 (Pa. Super. 2005).

There were no witnesses to the alleged "sexual assault," and Plaintiff never reported it to anyone at Pine Forge Academy or to the police. The fact that Plaintiff did not report the alleged "sexual assault" to law enforcement is precisely the purpose of relevant impeachment evidence. Since Plaintiff has made these allegations, at the very least it should be left to the jury to determine the credibility of her testimony.

**D.  Plaintiff's Expert, William Bainbridg's report should be excluded.**

Alternatively, if this Court were to grant Plaintiff's Motion *in Limine* to exclude evidence of criminal charges or investigations regarding Dr. Ferdinand, then the report of Plaintiff's expert, William Bainbridge ("Dr. Bainbridge") and his testimony should be excluded at trial with regard to criminal background checks.

Dr. Bainbridge's report is peppered with statements that Defendants were negligent for among other things, having incomplete personnel files and not having certain documents in those files.  One of the documents he references is a criminal background check for Jason Ferdinand. Dr. Bainbridge opines that Defendants were negligent for, "failure to retain evidence of a criminal

6

background check." Dr. Bainbridge's report speculates that because no criminal background check is in the personnel file of an employee who was hired at and worked at Pine Forge Academy on a part-time basis over 20 years ago, that a criminal background check was not conducted, or even more speculatively insinuates that there may have been a criminal record. Such speculative statements and opinions are in and of themselves excludable at trial, however, if Plaintiff's motion is granted, then Dr. Bainbridge's statements and opinions pertaining to the topic of criminal background checks and criminal records should be excluded.

Simply put, Plaintiff cannot have it both ways.  Plaintiff cannot argue to preclude information regarding no criminal charges filed against Dr. Ferdinand as a shield but then use it as a sword against the Defendants by claiming that a failure to have a criminal background check in Dr. Ferdinand's personnel file is somehow negligent and/or that Defendants negligently retained Dr. Ferdinand, who had no criminal record.

### IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request that Plaintiff's Motion *in Limine* be denied.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:    _____

Tracy A. Walsh, Esquire, I.D. No. 62481
Georgios Farmakis, Esquire, I.D. No. 319119
Matthew P. Donelson, Esquire, I.D. No. 84155
2000 Market Street, Suite 1300
Philadelphia, PA 19103
twalsh@wglaw.com
gfarmakis@wglaw.com
mdonelson@wglaw.com

Date:  July 15, 2026          *Attorneys for Defendants*

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>                  Plaintiff,<br>    v.<br><br>PINE FORGE ACADEMY,<br><br>      and<br><br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF SEVENTH-DAY<br>ADVENTISTS,<br><br>                  Defendants. | No.: 5:25-cv-2838<br><br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Tracy A. Walsh, Esquire, hereby certify that a true and correct copy of the foregoing Defendants' Response in Opposition to Plaintiff's Motion *in Limine* to Preclude Evidence Regarding Criminal Charges, Investigation or the Lack Thereof was served on all counsel of record on the date set forth below via the Court's ECF system.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By: _____

Tracy A. Walsh, Esquire
*Attorneys for Defendants*

Date: July 15, 2026

8