# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.:  5:25-cv-02838-JMG |
| | : | |
| PINE FORGE ACADEMY, *et al* | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 17th day of July, 2026, **IT IS HEREBY ORDERED** as follows:

1.      Upon consideration of Defendants' Motion *in Limine* to preclude Plaintiff from Introducing Any Evidence of Past and Future Wage Loss, Lost Earning Capacity, and Economic Damages (ECF No. 42) and Plaintiff's Response (ECF No. 69), **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 42) is **GRANTED**.[1]

2.      Upon consideration of Defendants' Motion *in Limine* to Preclude Prejudicial Arguments by Plaintiff's Counsel During Trial (ECF No. 43) and Plaintiff's Response (ECF No. 67), **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 43) is **GRANTED in part**.[2]

---

[1] Defendants move to preclude Plaintiff from introducing evidence, testimony or argument of her past and future wage loss, lost earning capacity, and economic damages. *See* Defs.' Mot. *in Lim.* to Preclude Pl. from Introducing any Evid. of Past and Future Wage Loss, Lost Earning Capacity, and Econ. Damages, at 1 (ECF No. 42). Plaintiff did not contest the Motion. *See* Pl.'s Resp. to Defs.' Mot. *in Lim.* to Preclude Pl. from Introducing any Evid. of Past and Future Wage Loss, Lost Earning Capacity, and Econ. Damages, at 1 (ECF No. 69). Rather, Plaintiff advised that the parties stipulated that "Plaintiff is not claiming or seeking recovery in this lawsuit for past or future wage loss, lost, diminished, or impaired earning capacity (past or future)." *See id.* Accordingly, Defendants' Motion is **GRANTED**.

[2] Defendants move to preclude Plaintiff's counsel from making prejudicial arguments at trial. *See* Defs.' Mot. *in Lim.* to Preclude Prejudicial Args. by Pl.'s Counsel During Trial ("Defs.' Mot. Prejudicial Args."), at 1 (ECF No. 43). Specifically, Defendants seek to preclude two arguments: (1) assertions that "no amount of money can compensate Plaintiff or make up for the injury suffered," and (2) "Golden Rule" arguments. *See id.* Plaintiff concedes that Golden Rule

3.    Upon consideration of Plaintiff's Motion *in Limine* to Preclude Instagram Captions (ECF No. 45) and Defendants' Opposition (ECF No. 62), **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 45) is **DENIED**.[3]

_____

arguments, *i.e.*, asking the jury to put themselves in Plaintiff's shoes, are frowned upon, and she "will not cross that line at trial." *See* Pl.'s Mem. in Opp'n to Defs.' Mot. *in Lim.* to Preclude Prejudicial Args. by Pl.'s Counsel During Trial ("Pl.'s Opp'n Prejudicial Args."), at 1 (ECF No. 67). Insofar as Defendants move to preclude Plaintiff's counsel from asking the jury to put themselves in Plaintiff's position, Defendants' motion is **GRANTED**.

As to assertions of "no amount of money can compensate Plaintiff or make up for the injury suffered," Defendants cite several cases, but none address this piece of their argument. *See* Defs.' Mot. Prejudicial Args., at 2-4 (citing *Waite v. Neal*, 918 F. Supp. 133, 134 (E.D. Pa. 1996) (plaintiffs' counsel erred by "(1) expressing his personal opinion of the justness of his clients' cause; (2) by making a 'golden rule' type of argument to the passions of the jury to the effect 'How would you feel if you were involved in an accident'; and (3) by assigning the dollar amount of $100,000 to the claim of the plaintiffs for pain and suffering"); *Caudle v. D.C.*, 707 F.3d 354, 359 (D.C. Cir. 2013) ("A golden rule argument—which asks jurors to place themselves in the position of a party—is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on evidence." (citation modified)); *Austin v. Hill*, No. CIV.A. 11-2847, 2014 WL 3054268, at *4 (E.D. Pa. July 7, 2014) (same)). In response, Plaintiff argues that this statement is true, and she knows of no cases stretching the Golden Rule this far. Pl.'s Opp'n Prejudicial Args., at 1.

Despite the lack of authority, the Third Circuit's guidance on the Golden Rule is instructive. *See Edwards v. City of Phila.,* 860 F.2d 568, 574 (3d Cir. 1988). *Edwards* held that even if counsel makes an inappropriate Golden Rule argument, the harm would be cured by "a clear and complete jury instruction on the elements of the claim asserted and on the allocation of the burdens of proof." *See Edwards*, 860 F.2d at 574; *see also Diaz v. Aberts*, No. CIV.A. 10-5939, 2013 WL 2322485, at *11 (E.D. Pa. May 28, 2013) (same). Between the lack of authority on whether Plaintiff arguing that "no amount of money can compensate Plaintiff or make up for the injury suffered," and the fact that even a Golden Rule violation may be remedied, the Court will not preclude Plaintiff from making such arguments. Moreover, the "no amount of money" argument is proper to rebut the anticipated defense that Plaintiff is motivated, at least in part, by recovering money damages. Thus, Defendants' Motion is **DENIED**. But the Court cautions Plaintiff against crossing a line and "encourag[ing] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *See Edwards*, 860 F.2d at 574.

[3] Plaintiff seeks to preclude Defendants from introducing the captions to her Instagram posts. *See* Pl.'s Mot. *in Lim.* to Preclude Instagram Captions, at 1 (ECF No. 45). While Plaintiff does not contest the admissibility of the photos themselves, she argues the captions are irrelevant and incomplete. *See id.* at 1-2. Defendants argue that the Instagram posts with captions are relevant to counter Plaintiff's allegations of mental suffering, loss of enjoyment of life, anxiety, humiliation, and body dysphoria. *See* Defs.' Resp. in Opp'n to Pl.'s Mot. *in Lim.* to Preclude Instagram Captions, at 9 (ECF No. 62). Defendants also contend that they are admissions of a party opponent

4.      Upon consideration of Defendants' Motion *in Limine* to Preclude Lay Witnesses from Giving Expert Opinions (ECF No. 46) and Plaintiff's Response (ECF No. 64), **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 46) is **GRANTED in part**.[4]

---

under Federal Rule of Evidence 801(d)(2), and the posts are deemed authentic under Rule 901. The Court agrees with Defendants. Plaintiff's Motion (ECF No. 45) is **DENIED**. If Defendants introduce incomplete captions, Plaintiff may offer the rest of the captions. *See* FED. R. EVID. 106.

[4] Defendants move to preclude lay witnesses from opining as to whether their observations constitute "grooming," "sexual abuse," or involved "mandatory reporting." *See* Defs.' Mot. *in Lim.* to Preclude Lay Witnesses from Giving Expert Ops., at 3 (ECF No. 46). Defendants contend that these are "psychological or forensic labels," which require specialized knowledge. *See id.* at 3-4. Defendants also argue that Plaintiff cannot testify that she had "anxiety" or "panic attacks" because she is not a medical expert, she was never diagnosed with these conditions, and never underwent treatment. *See id.* at 4.

Plaintiff agrees that she cannot diagnose herself with anxiety disorder. *See* Pl.'s Mem. in Opp'n to Defs.' Mot. *in Lim.* to Preclude Lay Witnesses from Giving Expert Ops., at 3 (ECF No. 64). Defendants' Motion with respect to Plaintiff testifying to these diagnoses is **GRANTED**. But, as Plaintiff points out, that does not mean Plaintiff cannot testify about how she felt.

Aside from the medical diagnoses, Plaintiff asserts that the rest of Defendants' arguments are overbroad. *See id.* at 1. As to grooming, Plaintiff argues what Defendants' agents knew about grooming in 2008 is relevant to show negligence. *See id.* at 2. Moreover, Plaintiff argues that former students labeling conduct they observed as grooming does not offend the rule against lay opinion. *See id.* As to sexual abuse, Plaintiff argues this is a common term in society, and her friends and family should be permitted to use the term "sexual abuse" to describe the assaults when discussing how it affected Plaintiff's life. *See id.* at 2-3. And with respect to mandatory reporting, Plaintiff argues that Pine Forge Academy's agents' knowledge of their mandatory reporting responsibilities is relevant because it shows what actions they thought they had to take if they had a reasonable suspicion of child abuse. *See id.* at 3.

The Court agrees with Plaintiff on all fronts. This evidence is not being introduced as expert testimony on grooming, sexual abuse, or mandatory reporting. It is being introduced to show what these fact witnesses knew at the relevant time. Thus, this part of Defendants' Motion is **DENIED**. However, the Court cautions Plaintiff against crossing the line from fact witness testimony to expert witness testimony. Any ambiguity in this regard is fair grounds for appropriate cross-examination. The Court also invites Defendants to submit a limiting instruction on this testimony.

5.	Upon consideration of Defendants' Motion *in Limine* to Preclude Improper "Reptile Theory" and Other Inflammatory Arguments (ECF No. 47) and Plaintiff's Response (ECF No. 68), **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 47) is **DENIED**.[5]

6.	Upon consideration of Plaintiff's Motion *in Limine* to Preclude Evidence Regarding Criminal Charges, Investigation, or Lack Thereof (ECF No. 53) and Defendants' Opposition (ECF No. 70), **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 53) is **DENIED**.[6]

---

[5] Defendants move to preclude the parties, attorneys, and experts from employing the so-called Reptile Theory, which includes, but is "not limited to, 'Golden Rule;' sending a message; safe communities; moral duty; ethical duty; public safety; safety rules; safest option; asking jurors to place themselves in the position of the Plaintiff; protecting the jurors' families; righting a wrong; and appeals to jurors' emotions, passions, prejudices or sympathies at the time of trial." *See* Proposed Order (ECF No. 47-1). Defendants explain that the "Reptile Theory" encourages jurors to appeal to their own sense of safety and the safety of community, which Defendants maintain is improper. *See* Defs.' Mot. *in Lim.* to Preclude Improper "Reptile Theory" and Other Inflammatory Args., at 3, 7 (ECF No. 47). Plaintiff appears to argue the "sweeping proclamation" that Defendants seek is premature. *See* Pl.'s Mem. in Opp'n to Defs.' Mot. *in Lim.* to Preclude Improper "Reptile Theory" and Other Inflammatory Args., at 1 (ECF No. 68).

Given the nature of Defendants' motion, the Court **DENIES** the motion, without prejudice. But the Court observes that Defendants' specific examples—asking the jury to send a message; telling the jury that they have a moral or ethical duty; asking the jury to think of public safety, protecting their families, or righting a wrong; or asking the jury to decide based on the safest option—run afoul of the Court's Golden Rule ruling and the notion that the jury must not "decide the case on the basis of personal interest and bias rather than on the evidence." *See Edwards*, 860 F.2d at 574.

[6] Plaintiff moves to preclude evidence regarding the existence or absence of criminal charges or investigations in relation to Dr. Ferdinand. *See* Pl.'s Mot. *in Lim.* to Preclude Evid. Regarding Crim. Charges, Investigations, or Lack Thereof, at 1 (ECF No. 53). She argues that any law enforcement action bears no relevance on a factual determination about Defendants' conduct before the assaults occurred or whether Plaintiff suffered the resulting harms. *See id.* at 2. Alternatively, Plaintiff argues that it would unfairly prejudice her by confusing the issues and misleading the jury. *See id.* Defendants contend that the lack of criminal investigation and reports to law enforcement are relevant to their defense because it shows that Dr. Ferdinand did not have a criminal record. *See* Defs.' Resp. in Opp'n to Pl.'s Mot. *in Lim.* to Preclude Evid. Regarding Crim. Charges, Investigations, or Lack Thereof, at 5 (ECF No. 70). Defendants further argue that it is relevant to Plaintiff's credibility. *See id.* at 6.

The Court agrees with Defendants. The fact that Plaintiff did not report the alleged assaults to law enforcement is relevant. So too is Defendants' failure to report if they were made aware.

7.      Upon consideration of Defendants' Motion *in Limine* to Preclude Any Testimony and Evidence Regarding Neil Thomas (ECF No. 57) and Plaintiff's Response (ECF No. 66), **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 57) is **DENIED**.[7]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Plaintiff's Motion (ECF No. 53) is **DENIED**. However, the Court observes that it sees no need to mention investigations when no report was made to law enforcement in the first place.

[7] Defendants move to preclude any testimony, evidence or argument of counsel of any alleged interactions between Pine Forge Academy's organist and science teacher at the time, Neil Thomas, and any former students other than Plaintiff. *See* Proposed Order (ECF No. 57-1). Defendants argue that the testimony Plaintiff seeks to introduce regarding Mr. Thomas is irrelevant and highly prejudicial because it pertains to "unfounded allegations about Mr. Thomas and former Pine Forge student(s) other than Plaintiff Jane Doe." *See* Defs.' Mot. *in Lim.* to Preclude Any Test. and Evid. Regarding Neil Thomas, at 4 (ECF No. 57). Defendants also contend that Plaintiff's expert witness, Dr. William Bainbridge, should be precluded from testifying regarding Mr. Thomas. *See id.*

In her response, Plaintiff clarified that the testimony she intends to elicit would reveal that Mr. Thomas, as the choir's organist, was the adult at Pine Forge Academy closest to Dr. Ferdinand, Mr. Thomas has similarly engaged in inappropriate behavior with students, students warned agents of Pine Forge Academy of Mr. Thomas's misconduct, and there is no evidence of Defendants responding to these students' reports. *See* Pl.'s Mem. in Opp'n to Defs.' Mot. *in Lim.* to Preclude Any Test. and Evid. Regarding Neil Thomas, at 3-4 (ECF No. 66). Plaintiff argues that this testimony is admissible under Rule 404(b)(2) because it shows that: (1) Mr. Thomas "looked the other way" when Dr. Ferdinand allegedly engaged in similar misconduct as Mr. Thomas did, and (2) Defendants and their agents had knowledge that Mr. Thomas was unfit to keep kids safe. *See id.* at 10 (citing *United States v. Caldwell*, 760 F.3d 267, 277-78 (3d Cir. 2014)). Plaintiff also contends that it should not be excluded under Rule 403 because it is highly probative evidence of Defendants' reasonableness, and it is not unfairly prejudicial. *See id.* at 7.

The Court agrees with Plaintiff's analysis under *Caldwell*. Defendants' motion is **DENIED**. However, the Court invites Defendants to submit a limiting instruction.