**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| JANE DOE, | | : | Civil No. 5:25-cv-02838-JMG |
| | Plaintiff, | : | |
| | | : | |
| v. | | : | JUDGE JOHN M. GALLAGHER |
| | | : | |
| PINE FORGE ACADEMY, *et al.,* | | : | |
| | Defendants. | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S TRIAL BRIEF REGARDING EVID.R. 415 AND DEFENDANTS'
WILLFUL OR WANTON MISCONDUCT**

Now Comes Plaintiff, by and through the undersigned counsel, and submits briefing in accordance with this Court's July 15, 2026 Order. (ECF No. 71).

### I.      INTRODUCTION

Plaintiff seeks to offer the testimony of Veronica Johnson at trial in this matter as discussed in Plaintiff's Pretrial Memorandum and Plaintiff's Memorandum in Opposition to Defendants' Motion *in Limine* to Preclude Any Evidence Relating to Veronica Johnson. (ECF Nos. 39 & 60). The Court inquires as to whether Ms. Johnson's testimony is admissible under Federal Rule of Evidence 415. As discussed below, Plaintiff asserts that Evid.R. 415 may provide a basis for the admittance of this testimony, but that Evid.R. 404(b) provides a stronger, independent basis.

Separately, the Court inquires as to whether and to what extent the degree of Defendants' misconduct affects their ability to assert a comparative negligence defense. Plaintiff asserts that if the jury in this case were to find that Defendants' conduct rises to the level of willful or wanton misconduct, Defendants would be stripped of their comparative negligence defense. Under these circumstances, the jury would be precluded from assigning a share of responsibility to the Plaintiff and she would recover 100% of her compensatory damages from the Defendants. Additionally, Plaintiff may be entitled to recover punitive damages.

## II.    LAW AND ARGUMENT

Plaintiff will address each issue in turn.

### A.  Federal Rule of Evidence 415 May Apply to the Admissibility of Veronica Johnson's Testimony.

Evid.R. 415 states, in relevant part:

> Rule 415. Similar Acts in Civil Cases Involving Sexual Assault or Child Molestation
>
> (a) PERMITTED USES. In a civil case involving a claim for relief **based on a party's** alleged sexual assault or child molestation, the court may admit evidence **that the party** committed any other sexual assault or child molestation. The evidence may be considered as provided in Rules 413 and 414.
>
> ***
>
> (c) EFFECT ON OTHER RULES. This rule does not limit the admission or consideration of evidence under any other rule.

Evid.R. 415(a), (c) (emphasis added). The Third Circuit Court of Appeals has considered when evidence of prior sexual assaults is admissible under this rule in *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 144 (3rd Cir.2002) (emphasis added). In *Elk Lake*, the plaintiff alleged that she was sexually harassed and abused by her school guidance counselor and sued the guidance counselor and school district along with its associated entities. *Id.* at 143. The school district entities were dismissed at summary judgment, and the case proceeded to trial against the guidance counselor. *Id.* At trial, Plaintiff offered evidence under Evid.R. 415 that the guidance counselor previously assaulted another individual. *Id.* at 149. The Third Circuit Court of Appeals held that evidence of a past sexual assault can be admissible if a jury could find by a preponderance of the evidence that "the evidence of the past act was a sexual assault and that it was committed **by the defendant**." *Id.* at 144 (emphasis added).

2

In this case, the perpetrator of the sexual misconduct Jason Ferdinand is not a formal "party" or "defendant" in the lawsuit filed by the Plaintiff. The argument can be made that the use of the word "party" in the Rule can be read more broadly than just a party to the action. The argument can also be made that the use of the word "defendant" in the *Elk Lake* holding shouldn't be read as a limitation to Rule 415, and instead that the court used that word because that was the factual scenario before it.

However, rather than offer the evidence under Evid.R. 415, Plaintiff believes the stronger argument is that the testimony regarding Veronica Robinson is admissible under Evid.R. 404(b). Importantly, Evid.R. 415(c) states "[t]his rule does not limit the admission or consideration of evidence under any other rule," so Evid.R. 415 cannot be read to limit the scope of Evid.R. 404(b).[1] The *Elk Lake* court referenced the similarity between Evid.R. 404(b) and Evid.R. 413-415: "both allow the admission of past acts, including uncharged conduct, albeit for different purposes." *Elk Lake*, 283 F.3d at 153.

And while Evid.R. 415 refers to other sexual assaults of a "party," Evid.R. 404(b) refers to other crimes, wrongs, or acts of a "person." There can be no disputing that Mr. Ferdinand is a "person" under Rule 404.

Plaintiff does not mean to rehash all of the arguments from her Memorandum in Opposition, but evidence related to Veronica Johnson is not improper character evidence and instead is offered to show motive, opportunity, plan, knowledge, and *modus operandi*. The jury must consider the evidence of Veronica's experiences, her report to Kibler, and the Defendants

---

[1] Subsection (c) of this rule is important to consider if Defendants argue that Veronica's testimony does not meet the requirements of Evid.R. 415, and thus it is inadmissible in its entirety. If her testimony is not admissible under Rule 415, it may be admissible under another rule.

lack of any response in determining whether Defendants acted reasonably in this negligence case.[2] This is proper under Evid.R. 404(b) and the testimony should come in despite Evid.R. 415's questionable applicability.

### B. The Jury May Find That the Conduct of Defendants Was Willful or Wanton Which Would Preclude a Comparative Negligence Defense and Could Entitle Plaintiff to Recover Punitive Damages.

1. <u>If Plaintiff Can Prove Willful and Wanton Conduct, the Defendant Will Be Stripped of Their Comparative Negligence Defense.</u>

Under Pennsylvania tort law, Defendants sued in a negligence case can assert a comparative negligence defense. 42 Pa. C.S. § 7102(a). Functionally, the jury will be asked to proportion the amount of negligence causing the injuries between the defendant(s) and the plaintiff at trial. *Id.*

When a defendant's conduct rises above negligent misconduct to willful or wanton misconduct, comparative negligence no longer serves as a valid defense. *See generally, Krivijanski v. Union R. Co.*, 357 Pa.Super. 196 (1986). "Comparative negligence attempts to balance two equal forms of [negligent] conduct and in so doing allocate the cost in terms of whose action was most responsible for the injury. To involve a comparison of unequal forms of conduct [such as negligence versus willful or wanton conduct] would not fit within this scheme. *Id.* at 206.

Negligent conduct consists of inattention, inadvertence, incompetence, unskillfulness, or a failure to take precautions. *Id.* at 203-04. Willful or wanton conduct:

1) Exists where the danger to the plaintiff, though realized, is so recklessly disregarded that, even without actual intent, there is at least a willingness to inflict injury;

2) Is a conscious indifference to the perpetration of the wrong;

---

[2] These are very similar reasons to why this Court is allowing testimony regarding Neil Thomas. (Order Regarding Motions *in Limine*, ECF No. 72, FN7).

3)  Means the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it and so great as to make it highly probable that harm would follow;

4)  Is usually accompanied by a conscious indifference to consequences; and/or

5)  Involves a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man.

*Id.* at 203-05.

### 2.  If Plaintiff Can Prove That Defendants' Conduct Was Outrageous Due to a Conscious Disregard of a Known Risk, She Is Entitled to Punitive Damages.

While willful or wanton conduct can serve to defeat the defense of comparative negligence, it can also, in some circumstances, entitle the plaintiff to recover punitive damages in a negligent supervision case. *Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 126 (2005). "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 395 (1984) (*citing Chambers v. Montgomery,* 411 Pa. 339 (1963) and Restatement (Second) of Torts § 908(2) (1979)). Punitive damages are only proper in cases whether the defendant's actions are so outrageous that they demonstrate willful, wanton, or reckless conduct. *SHV Coal, Inc. v. Continental Grain Co.,* 526 Pa. 489, 493 (1991). A plaintiff with a case sounding in negligence can undertake the additional burden of attempting to prove entitlement to punitive damages. *Hutchinson*, 582 Pa. at 125-26.

The Restatements sets forth two different state of mind standards with respect to reckless indifference. *Id.* at 122-23. The higher standard is when the actor knows that the facts create a high degree of risk and fails to act in conscious disregard of the risk. *Id.* The lower standard that still

qualifies as reckless indifference is when the actor does not appreciate the high degree of risk involved, even though a reasonable person in their position would. *Id.* Under Pennsylvania law, the higher standard is required to be proven to recover punitive damages. *Id.* at 122-24. Ultimately, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 124.

Plaintiff notes that the lower standard of recklessness that includes the reasonable person standard is what the court in *Krivijanski* applied. *See Krivijanski*, 357 Pa.Super. at 204-05. This is because in *Krivijanski*, the injured parties were trespassers, so the duty owed by the defendant was to refrain from willful or wanton misconduct. The plaintiffs in *Krivijanski* were only seeking compensatory damages; and since they proved willful or wanton misconduct, the Defendants could not claim comparative fault. In this case, Defendants owed Plaintiff negligence duties. But if Plaintiff proves that Defendants' conduct rose above mere negligence to the lower of the two willful and wanton standards, then Defendants cannot claim comparative negligence. If Plaintiff goes the furthest and proves Defendants' conduct rose to the higher willful and wanton standard, above mere negligence and above the lower willful and wanton standard, she is entitled to punitive damages.

    3.  <u>This Court Can Allow This Case to Proceed to Trial and Allow the Jury to Decide Whether Defendants' Conduct Was Negligent, Whether Defendants Engaged in Willful and Wanton Misconduct, and Whether Defendants Are Liable to Plaintiff for Punitive Damages.</u>

This Court has authority under Civ.R. 16(c)(2) to formulate and simplify the issues to be tried and amend the pleadings as necessary at the Final Pretrial. The Third Circuit Court of Appeals has read Civ.R. 16 to vest a trial court with wide discretion and power. *Lassiter v. City of*

*Philadelphia*, 716 F.3d 53, 55 (3d Cir.2013). In *Lassiter*, the court even referenced its decision approving of the appropriateness of a district court *sua sponte* raising an affirmative defense just three weeks before trial in *Pediatrix Screening, Inc. v. TeleChem Int'l, Inc.*, 602 F.3d 541, 544, 550 (3d Cir.2020). *Id.* at 57. Thus, if the evidence supports the claim, the jury should be instructed and can reach a verdict on whether the Defendants' conduct was willful and wanton, and if the jury finds for Plaintiff on that issue, Defendants would lose their comparative negligence defense. Additionally, if supported by the evidence at trial, the Court can instruct the jury on punitive damages and allow them to make a finding.

4.  <u>The Evidence Presented So Far Should At Least Be Submitted to the Jury for a Finding With Respect to Willful and Wanton Conduct, and the Question of Punitive Damages Should Also Be Submitted.</u>

Plaintiff has presented evidence rising above mere negligence thus far in this case. *See* Plaintiff's Pretrial Memorandum (ECF No. 39). Plaintiff anticipates that even more evidence of willful and wanton conduct will be presented to the jury at trial from witnesses identified by Plaintiff. As Plaintiff has stated, she is not required to elicit all of the testimony that a witness may have in a deposition. Depositions in this case have primarily been Defendants' opportunity to question witnesses who support Plaintiff's case, and Plaintiff is not required to inquire as to the full extent of those witnesses' testimony.

Without restating Plaintiff's entire factual case as it stands after discovery, the observable inappropriate behavior of Mr. Ferdinand pre-dates Jane Doe's enrollment at Pine Forge Academy. There will likely be testimony at trial that Mr. Ferdinand's inappropriate behavior even predates his behavior with Veronica Johnson. Defendants either failed to recognize a pattern of dangerous behavior between Mr. Ferdinand and multiple female students over a period of years, or failed to do anything about it. This is all despite being a boarding school responsible for the safety of these girls 24 hours a day, 7 days a week. When these girls were not on campus, they were on choir trips

7

across the country staying in hotels with a small number of chaperones, some of which are also accused of misconduct. A jury could properly find that this alone was outrageous.

But the outrageousness is enhanced exponentially when brave young women, exceptional students and leaders at the school, had the courage to go to adults at Pine Forge and say, in essence, "this is wrong, and you have to do something." Those reports were specific to Mr. Ferdinand. And they were ignored by the Assistant Dean of Young Women after two students spoke with her on one occasion, and they were ignored by the Dean of Young Women after four separate students spoke to her on three occasions. All of this was before Plaintiff was assaulted twice by Ferdinand. As this Court is aware and as the jury will hear, it was not just Mr. Ferdinand who was a problem.

Looking more broadly, there is no documented evidence of policies in place with regards to sexual abuse of students prior to Summer 2008. There is no documented evidence of trainings given to adults at Pine Forge with regards to the sexual abuse of students prior to Summer 2008. The Pine Forge witnesses deposed in this matter agreed that a female student should not be permitted to ride in a car alone with an adult male; a female student should not be permitted to be alone in a hotel room with a male faculty member, and a faculty or staff member should not make any physical contact at all with a student. All of these boundary and alleged policy violations were observed by adults at Pine Forge, and allowing them to continue without taking any action at all is a conscious disregard for the safety of the Plaintiff and all students.

### III.    CONCLUSION

The misconduct of Defendants rises to the level of willful and wanton conduct, and if the jury agrees the Defendant would lose their comparative negligence defense. Additionally, the Defendants misconduct is so severe that the punitive damages question should also be submitted to the jury.

The testimony of Veronica Johnson may be admissible under Rule of Evidence 415, and is definitely admissible under Rule of Evidence 404(b).

Respectfully submitted,

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Trial Brief Regarding Evid.R. 415 and Defendants' Willful or Wanton Misconduct was served via the Court's ECF Filing System upon all counsel of record on this date July 20, 2026.

**CONSTANT LEGAL GROUP, LLP**

/s/ *Edward J. Kelley, III*
Edward J. Kelley, III Esq.
737 Bolivar Rd., Ste. 440
Cleveland, OH 44115
(216) 333-6707
(216) 274-9365 (facsimile)
ed@constantllp.com

**Attorney for Plaintiff**