**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>                         Plaintiff,<br>          v.<br><br>PINE FORGE ACADEMY,<br><br>          and<br><br>ALLEGHENY EAST CONFERENCE<br>CORPORATION OF SEVENTH-DAY<br>ADVENTISTS,<br><br>                         Defendants. | No.:  5:25-cv-2838<br><br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, Pine Forge Academy and Allegheny East Conference Corporation of the Seventh-Day Adventists, by and through their undersigned counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, and in accordance with this Court's request, hereby file Defendants' updated Proposed Jury Instructions in addition to the parties' Joint Proposed Jury Instructions also filed with this Court.  Defendants reserve the right to amend and/or modify their Proposed Jury Instructions through the time of trial and respectfully request a charging conference if this Honorable Court deems it appropriate and helpful toward the close of evidence in the trial of this matter.

1

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By: _____

Tracy A. Walsh, Esquire
I.D. No. 62481
Matthew P. Donelson, Esquire
I.D. No. 84155
Georgios Farmakis, Esquire
I.D. No. 319119
2000 Market Street, Suite 1300
Philadelphia, PA 19103
twalsh@wglaw.com
matthew.donelson@wglaw.com
gfarmakis@wglaw.com

*Attorneys for Defendants,
Pine Forge Academy and
Allegheny East Conference Corporation
of the Seventh-Day Adventists*

Date:  July 24, 2026

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendants' Proposed Jury instructions were served via

the Court's ECF Filing System upon all counsel of record on the date set forth below.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

*/s/ Tracy A. Walsh*

By:    _____

Tracy A. Walsh, Esquire

Dated: <u>July24, 2026</u>

3

## <u>MOTION FOR DIRECTED VERDICT</u>

1.  Under the evidence submitted in this case, your verdict must be in favor of Defendants, Pine Forge Academy and Allegheny East Conference Corporation of the Seventh-Day Adventists.

    AFFIRMED   __

    DENIED     __

2.  Under the law applicable in this case, your verdict must be in favor of Defendants, Pine Forge Academy and Allegheny East Conference Corporation of the Seventh-Day Adventists.

    AFFIRMED   __

    DENIED      __

3. Under the evidence submitted in this case, and the law applicable to the case, your verdict must be in favor of Defendants, Pine Forge Academy and Allegheny East Conference Corporation of the Seventh-Day Adventists.

AFFIRMED    __

DENIED       __

## THIRD CIRCUIT COURT MODEL CIVIL JURY INSTRUCTIONS

4. **1.2    Preliminary Instructions — Description of Case; Summary of Applicable Law[1]**

In this case, Plaintiff Jane Doe claims that Defendants Pine Forge Academy and the Allegheny East Conference Corporation of the Seventh-Day Adventists have negligently caused Plaintiff Jane Doe personal injuries. Defendants Pine Forge Academy and the Allegheny East Conference Corporation of the Seventh-Day Adventists deny those claims. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff Jane Doe must prove to make her case:

> *This is an action brought by Plaintiff Jane Doe [name read to jury] against Pine Forge Academy and the Allegheny East Conference Corporation of the Seventh-Day Adventists. Plaintiff asserts that Pine Forge Academy and the Allegheny East Conference Corporation of the Seventh-Day Adventists were negligent. Pine Forge Academy and Allegheny East Conference Corporation of the Seventh-Day Adventists deny the Plaintiff's negligence claims and contend that they were not negligent, that they did not breach any duty owed to Plaintiff, and that Plaintiff has failed to prove all the elements of her claims by a preponderance of the evidence. The fact that allegations have been made does not mean they are true. The Complaint is not evidence. Defendants' denial is likewise not evidence. You must decide this case solely upon the evidence presented during trial and the law I instruct you.*

AFFIRMED    __

DENIED        __

---

[1] Third Circuit Court Model Civil Jury Instruction 1.2

7

## **FEDERAL LAW CLAIMS**

None.

## STATE LAW CLAIMS[2]

5. **PA SSJI 4.80 (Civ) Expert Testimony**

During the trial you have heard testimony from both fact witnesses and expert witnesses.

To assist juries in deciding cases such as this one, involving scientific, technical, or other specialized knowledge beyond that possessed by a layperson, the law allows an expert witness with special education and experience to present opinion testimony.

An expert witness gives his or her opinion, to a reasonable degree of professional certainty, based upon the assumption of certain facts. You do not have to accept an expert's opinion just because he or she is considered an expert in his or her field.

In evaluating an expert witness' testimony, in resolving any conflicting expert witness' testimony, you should consider the following:

- The witnesses' knowledge, skill, experience, training, and education, and

- Whether you find the facts the witness relied upon in reaching his or her opinion are accurate, and all the believability factors I have given you.

AFFIRMED    __

DENIED       __

---

[2] All references to the Pennsylvania Standard Jury Instructions (Civil) are the 6th edition (2024).

9

6. **PA SSJI 4.100 (Civ) Weighing Conflict Expert Testimony**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

AFFIRMED    __

DENIED      __

10

7. **PA SSJI 4.120 Expert Opinion – Basis for Opinion Generally**

In general, the opinion of an expert has value only when you accept the facts upon which

it is based. This is true whether the facts are assumed hypothetically by the expert, or they

come from the expert's personal knowledge, from some other proper source, or from some

combination of these.

AFFIRMED   __

DENIED       __

11

8. **PA SSJI 6.30 (Civ) Principal's Vicarious Liability – Dispute as to Scope of Employment**

In this case, Pine Forge Academy admits that Jason Max Ferdinand was its employee, but claims that Mr. Ferdinand's conduct alleged by Plaintiff Jane Doe was not part of his work when he allegedly engaged in alleged sexual abuse that allegedly caused plaintiff harm/damages.

You must determine whether Mr. Ferdinand's alleged conduct was part of his work.

To determine if Mr. Ferdinand's conduct was part of his work, you should consider the following factors. It is up to you to decide the importance of each factor. Do not just count the number of questions that you answer yes or no.

1. Did Mr. Ferdinand's alleged conduct occur during the regular work hours?

2. Did Mr. Ferdinand's alelged conduct occur at the regular workplace?

3. Was Mr. Ferdinand doing work assigned by Pine Forge Academy?

4. Was Mr. Ferdinand's work under Pine Forge Academy's direction or control?

5. Was Mr. Ferdinand's work under Pine Forge Academy's direction or control?

6. Was Mr. Ferdinand's alleged conduct consistent with ordinary work practices authorized by Pine Forge Academy?

7. Any other evidence you find relevant to this question.

   [If employee's conduct was criminal or intentional, give factors 1-5 and add factors 8-12 below.]

8. If Mr. Ferdinand allegedly used force intentionally against another, was the use of force something Pine Forge Academy should have expected?

9. Did Pine Forge Academy know or should it have known that Mr. Ferdinand's

12

personal characteristics made it likely that in performing his work, he would create an unreasonable risk of harming others?

10. Did Pine Forge Academy previously tolerate the same type of alleged conduct?

11. Did Mr. Ferdinand intend for his conduct to serve Pine Forge Academy's interests?

12. Any other evidence you find relevant to this question.

AFFIRMED   __

DENIED      __

9. **PA SSJI 6.70 (Civ)   Principal's Negligent Hiring or Retaining of Employee or Independent Contractor**

A principal must use reasonable care to select an agent who will not create an unreasonable risk of harming others.

Plaintiff Jane Doe claims that Defendant Pine Forge Academy was negligent in retaining Mr. Ferdinand.

To determine Defendant Pine Forge was negligent in retaining Mr. Ferdinand to perform work as a choir director you should consider the following:

[List only the applicable factors in the case, such as:]

1. Mr. Ferdinand's knowledge, skill, and experience;

2. The equipment available to Mr. Ferdinand to perform his work;

3. Whether other alternatives to retaining Mr. Ferdinand were reasonably available to Defendant Pine Forge Academy;

4. Whether Defendant Pine Forge Academy knew or should have known that Mr. Ferdinand's personal characteristics made it likely that in performing the work he would create an unreasonable risk of harming others; [and]

5. Any other evidence you find relevant to the question.

AFFIRMED   __

DENIED      __

10. **PA SSJI 6.80 (Civ)    Principal's Negligent Supervision, Direction, or Control of Employee**

A principal must use reasonable care to supervise, direct, and control its agent's work in a way that does not create an unreasonable risk of harming others.

Plaintiff Jane Doe claims that Defendant Pine Forge Academy negligently supervised, directed, or controlled how Mr. Ferdinand performed his work as a choir director.

You should consider the following:

[List only the applicable factors in the case, such as:]

1. Should Defendant Pine Forge Academy have reasonably known that Mr. Ferdinand required additional supervision, direction, and control to prevent an unreasonable risk of harm?

2. Any other evidence you find relevant to this question.


AFFIRMED   __

DENIED      __

11. **PA SSJI 7.00 (Civ) Damages**

The fact that I am instructing you about damages does not imply any opinion on my part as to whether damages should be awarded.

If you find that Defendants Pine Forge Academy and/or Allegheny East Conference Corporation of the Seventh-Day Adventists caused Plaintiff Jane Doe injury, you must then determine an amount of money damages you find will fairly and adequately compensate Plaintiff Jane Doe for all the physical and financial harm she sustained as a result.

The amount you award today must compensate Plaintiff Jane Doe completely for damage[s] sustained from the time of the harm up to today, as well as damage[s] Plaintiff Jane Doe will sustain in the future.

AFFIRMED   __

DENIED      __

12. **PA SSJI 7.10 (Civ) Mitigation of Damages**

The law requires a person who is injured by the negligence of another to take all reasonable steps to minimize his damages. Defendants have the burden to prove that Plaintiff failed to take such steps and that some damages could have been avoided. You must not award Plaintiff damages for harm that could have been reasonably avoided.

AFFIRMED   __

DENIED      __

13. **PA SSJI 7.110 (Civ)  Past and Future – Noneconomic Loss**

If you find Defendants' Pine Forge Academy and/or Allegheny East Conference Corporation of the Seventh-Day Adventists' negligence caused Plaintiff Jane Doe injury, she is also entitled to recover past and future money damages for the following types of harm, each of which I will describe in more detail:

1. Physical and mental pain and suffering;

2. Embarrassment and humiliation; [and]

3. Loss of ability to enjoy the pleasures of life.

Pain and suffering includes any physical discomfort, mental anxiety, emotional distress, and inconvenience that you find that Plaintiff Jane Doe has endured in the past and will endure in the future as a result of her injury.

Embarrassment and humiliation refer to any feeling of shame, inferiority, or inadequacy, or any perception by Plaintiff Jane Doe that others regard her with disfavor or dislike, that Plaintiff Jane Doe has endured in the past and will endure in the future as a result of her injury.

Loss of ability to enjoy the pleasures of life includes the past and future loss or diminishment of Plaintiff Jane Doe's ability to participate in any hobby, recreational interest, pleasurable pursuit, or other activity that Plaintiff Jane Doe previously enjoyed.

In determining past and future damages, you should consider the following factors:

1. Plaintiff Jane Doe's age;

2. The severity of the injuries;

3.  Whether the injuries are temporary or permanent;

4.  How much the injuries have affected and will affect her ability to perform the basic activities of daily living and other activities she previously enjoyed.

5.  The type of medical treatment she has undergone and how long treatment will be required;

6.  The extent of Plaintiff Jane Doe's physical and mental pain and suffering she has endured and will endure in the future; [and]

7.  Plaintiff Jane Doe health and physical condition prior to the injuries.

There is no mathematical formula or schedule for you to use in determining fair and reasonable money damages for the type of injury discussed.

No one is permitted to suggest a specific figure or amount for these types of damages.

You should use your common sense, human experience, and collective judgment to determine an amount representing a fair and reasonable recovery for these types of damages.

AFFIRMED    __

DENIED        __

14. **PA SSJI 13.00 (Civ) Issues in the Case**

Plaintiff Jane Doe claims she was injured by Defendants, Pine Forge Academy and

Allegheny East Conference Corporation of Seventh-Day Adventists' negligent conduct.

Plaintiff Jane Doe has the burden of proving her claim.

Defendants Pine Forge Academy and Allegheny East Conference Corporation of

Seventh-Day Adventists deny Plaintiff's claim.

The issues you must decide, in accordance with the law as I give it to you, are:

(a) Were Defendants, Pine Forge Academy and Allegheny East Conference Corporation

of Seventh-Day Adventists negligent?

(b)Were Defendants, Pine Forge Academy and Allegheny East Conference Corporation

of Seventh-Day Adventists' negligent conduct a factual cause in bringing about the injury

to Plaintiff Jane Doe?

(c)Was Plaintiff Jane Doe also negligent?

(d)Was Plaintiff Jane Doe's negligent conduct also a factual cause in bringing about her

own injury?

AFFIRMED   __

DENIED      __

15. **PA SSJI 13.10 (Civ)  Negligence**

In this case, you must decide whether Defendants were negligent. I will now explain what negligence is.

A person must act in a reasonably careful manner to avoid injuring others.

The care required varies according to the circumstances and the degree of danger at a particular time.

You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case.

A person who does something a reasonably careful person would not do under the circumstances is negligent.

A person also can be negligent by failing to act.

A person who fails to do something a reasonably careful person would do under the circumstances is negligent.

AFFIRMED    __

DENIED        __

16. **PA SSJI 13.20 (Civ)   Factual Cause**

In order for Plaintiff to recover in this case, Defendants' negligent conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, Defendants' conduct need not be the only factual cause. The fact that some other causes concur with Defendants' negligence in producing an injury does not relieve Defendants from liability as long as their own negligence is a factual cause of the injury.


AFFIRMED   __

DENIED        __

17. **PA SSJI 13.180 (Civ)**        **Plaintiff's Comparative Negligence**

As a defense, Defendants Pine Forge Academy and Allegheny East Conference Corporation of the Seventh-Day Adventists claim that Plaintiff Jane Doe's own negligence was a factual cause of her injury.

Defendants have the burden to prove both of the following:

1.  That Plaintiff Jane Doe was negligent; and

2.  That Plaintiff Jane Doe's negligence was a factual cause of her injury.

If you find Plaintiff Jane Doe's percentage of negligence is greater than 50 percent, Plaintiff Jane Doe cannot recover her damages.

AFFIRMED   __

DENIED      __

18. **PA SSJI 13.200 (Civ)        Apportionment of Comparative Negligence Between Plaintiff and Multiple Defendants**

If you decide that Plaintiff Jane Doe, Defendants Pine Forge Academy, and/or Allegheny East Conference Corporation of Seventh-Day Adventists were negligent and that the negligence of several parties was a factual cause of Plaintiff Jane Doe's harm, you must then decide how much each party's negligence contributed to Plaintiff Jane Doe's harm. You should state each party's share of the negligence in the form of a percentage.

Together these percentages must total 100 percent.

If you decide that Plaintiff Jane Doe's negligence was greater than 50 percent, then Plaintiff Jane Doe cannot recover. If you decide that Plaintiff Jane Doe's negligence was less than or equal to Pine Forge Academy and/or Allegheny East Conference Corporation of Seventh-Day Adventists' combined negligence, you should still award the full amount of damages. Plaintiff Jane Doe's damages will be reduced based on the percent of negligence you have assigned to the parties.

AFFIRMED   __

DENIED      __

24

19. The mere happening of an injury does not establish negligence, nor does it raise an inference or presumption of negligence. *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978); *Lambert v. Soltis*, 422 Pa. 304, 221 A.2d 173 (1966); *Flagiello v. Crilly*, 409 Pa. 389, 187 A.2d 289 (1963); *Mitchell v. Shikora*, 209 A.3d 307 (Pa. 2019).

AFFIRMED   __

DENIED      __

20. **Lawsuit Not Evidence Plaintiff is Entitled Damages**

The mere fact that Plaintiff filed a lawsuit against the Defendants, and the mere fact that the case was tried, does not mean that Plaintiff is entitled to recover damages or to obtain a verdict against the Defendants. Plaintiff must prove her case against the party against whom the claim is made by a preponderance of the evidence. The burden of proof remains upon the Plaintiff throughout the case. *Brennan v. Lankenau Hospital*, 490 Pa. Super. 588, 417 A.2d 196 (1980); *Collins v. Hand*, 431 Pa. 378, 246 A.2d 398 (1968); *Bailey v. Gibbs*, 414 Pa. 238, 199 A.2d 460 (1964).


AFFIRMED    __

DENIED       __

21. **PA SSJI 13.40 (Civ)   Negligent Conduct Causing Only Emotional Distress**

Plaintiff Jane Doe claims that Defendants [Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists' negligent conduct caused her to suffer emotional distress.

In order to receive compensation for emotional distress, Plaintiff Jane Doe must prove all of the following:

1.       Defendants Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists were negligent;

2.       Defendants Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists' negligence placed Plaintiff Jane Doe in danger of physical impact or injury; and

3.       Plaintiff Jane Doe suffered emotional distress as a result of Defendants Pine Forge Academy and Allegheny East Conference Corporation of Seventh-Day Adventists']negligent conduct.


AFFIRMED   __

DENIED       __

22. The law applicable to this type of litigation permits the Plaintiff to recover only damages that will fairly compensate them for the injuries, which are proven by a fair preponderance, or greater, weight of the credible evidence, that were directly and legally caused by the Defendants' negligence. Such damages are to be compensatory only. They are not awarded, in any way, to punish the Defendants. *McClinton v. White*, 285 Pa. Super. 271, 427 A.2d 218, vacated, 497 Pa. 610, 444 A.2d 85 (1981); *Incollingo v. Ewing*, 444 Pa. 263 A.2d 206 (1971).

AFFIRMED   __

DENIED      __

23. Damages for pain and suffering are compensatory in nature, may not be arbitrary, speculative or punitive, and must be reasonable. *Haines v. Raven Arms*, 648 A.2d 367 (Pa. 1994).

AFFIRMED   __

DENIED     __

24. **Compensatory Damages Not Intended to Punish or Create Windfall**

The law applicable to this type of litigation permits the Plaintiff to recover only damages that will fairly compensate her for the injuries, which are proven by a fair preponderance, or greater, weight of the credible evidence, that were directly and legally caused by the Defendants' negligence. Such damages are to be compensatory only. They are not awarded, in any way, to punish the Defendants. In determining the amount of damages, you should not attempt to punish the Defendants and your verdict should be founded upon the evidence and not be influenced by sympathy for or prejudice against any party. The purpose in awarding damages is not to punish the Defendants nor make the Plaintiff wealthy or to provide Plaintiff with a windfall benefit. *See* e.g, Restatement (Second) of Torts §903; *Moorhead v. Crozer-Chester Medical Center*, 765 A.2d 786, 790 (Pa. 2001); *McClinton v. White,* 285 Pa. Super. 271, 427 A.2d 218, vacated, 497 Pa. 610, 444 A.2d 85 (1981); *Incollingo v. Ewing,* 444 Pa. 263 A.2d 206 (1971).


AFFIRMED   __

DENIED     __

25. **Damages – Burden of Proof**

If you find that credible evidence on the subject of any of the Plaintiff's claimed damages is against the contentions of the plaintiff or that the evidence is equally balanced, then the plaintiff has failed to meet their burden of proof, and your finding must be for the defendants with respect to that claim. *See Hamil v. Bashline*, 392 A.2d 1280 (Pa. 1978); *Flickinger Estate v. Ritsky*, 305 A.2d 40 (Pa. 1973).

AFFIRMED    __

DENIED       __

26. You are not required to accept everything or anything that Plaintiff testified about concerning the nature and extent of damages, even if her testimony was uncontradicted. *Nudelman v. Gilbride*, 647 A.2d 233, 237 (Pa. Super. 1994), quoting *Bronchak v. Rebmann*, 397 A.2d 438, 440 (Pa. Super. 1979).


AFFIRMED   __

DENIED      __

27. The occurrence of an injury, standing alone, is not evidence of negligence. Negligence is never presumed. The burden remains upon Plaintiff to prove, by a preponderance of the evidence, every element of each negligence claim asserted against each Defendant. You may not infer negligence simply because an injury occurred. *Martin v. Evans,* 711 A.2d 458 (Pa. 1998).

AFFIRMED   __

DENIED      __

28. A Defendant cannot be found negligent unless the harm was reasonably foreseeable. Reasonable foreseeability does not mean that a Defendant must anticipate every possible act of misconduct. Instead, Plaintiff must prove that, before the alleged sexual abuse occurred, Defendants knew or, in the exercise of reasonable care, should have known of facts making the particular harm reasonably foreseeable. If you find the alleged sexual abuse was not reasonably foreseeable to Defendants, your verdict must be for Defendants. *Althaus ex rel. Althaus v. Cohen,* 756 A.2d 1166 (Pa. 2000).

AFFIRMED    __

DENIED        __

29. **Damages – Reasonable Certainty**

Damages "cannot be presumed," but must be proven by competent, credible evidence. *Maxwell v. Schaefer*, 112 A.2d 69, 73 (Pa. 1955). Whatever damages you find must be based upon reasonable certainty; you cannot estimate damages on the basis of mere conjecture or speculation. A claim for damages must be supported by a reasonable basis for calculation. Mere guess or speculation is insufficient. Damages which are uncertain, contingent, or speculative are not recoverable. *Weinglass v. Gibson*, 155 A. 439 (Pa. 1931); *Lorch v. Eglin*, 85 A.2d 841 (Pa. 1952).


AFFIRMED    __

DENIED       __

30. **Neither Sympathy Nor Prejudice Permitted**

You are to perform your duties without bias or prejudice for or against any party. You must not be swayed by sympathy for or prejudice against anyone, and you must use your common sense and mature judgment as adult members of this community. *Walasavage v. Marinelli*, 483 A.2d 509 (Pa. Super. 1984); *Walbert v. Farina*, 192 A.2d 404 (Pa. 1963); *Darlington Brick & Mining Co. v. Commonwealth*, 182 A.2d 524 (Pa. 1962). Neither sympathy nor prejudice can play any part in your reaching a verdict in this case, because sympathy for the plaintiff cannot justify a finding of negligence where no negligence has been proven. *Nelson v. Hines*, 653 A.2d 634 (Pa. 1995); *Kiser v. Schulte*, 648 A.2d 1 (Pa. 1994); *Gift v. Palmer*, 141 A.2d 408 (Pa. 1958).


AFFIRMED    __

DENIED      __

31. **Damages – Not a Reward**

Damages should not be viewed as a reward. You are not entitled to reward the Plaintiff for having undergone an experience, no matter how unfortunate that experience might have been. You are to award damages as a compensation only for those items of damages for which the law grants compensation. The award of damages by the court is constrained by the principle that no more can be recovered by damages than will fully compensate the party injured. *Mancini v. Morrow*, 458 A.2d 580, 586 (Pa. Super. 1983).

AFFIRMED    __

DENIED        __