**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.:  5:25-cv-02838-JMG |
| | : | |
| PINE FORGE ACADEMY, *et al* | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 27th day of July, 2026, **IT IS HEREBY ORDERED** as follows:

1.      Upon consideration of Defendants' Motion *in Limine* to Preclude Any Evidence Relating to Veronica Johnson (ECF No. 56), Plaintiff's Response (ECF No. 60), the Court's Order dated July 15, 2026 ordering supplemental briefing (ECF No. 71), Defendants' Supplemental Briefing (ECF No. 75), Plaintiff's Supplemental Briefing (ECF No. 76), and the parties' arguments at the Final Pretrial Conference, **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 56) is **GRANTED in part** as follows:

> a.      The "other acts" evidence that Ms. Johnson reported, or that was observed or observable by Defendants' agents, is admissible under Federal Rule of Evidence 404(b) for the non-propensity purpose of showing Defendants' knowledge.

> b.      The "other acts" evidence that was neither observable nor reported to Defendants is inadmissible.

2.      Upon consideration of the Court's Order denying Defendants' Motion *in Limine* to Preclude Any Testimony and Evidence Regarding Neil Thomas (ECF No. 72), Defendants' Supplemental Briefing (ECF No. 75), Plaintiff's Supplemental Briefing (ECF No. 76), and the

parties' arguments at the Final Pretrial Conference, **IT IS HEREBY ORDERED** that Paragraph 7 of the Court's Order dated July 17, 2026 (ECF No. 72) is **AMENDED**, as follows:

    a.    The "other acts" evidence that Thaina Blot reported to Dean Camille Kibler is admissible under Federal Rule of Evidence 404(b) for the non-propensity purpose of showing Defendants' knowledge.

    b.    The "other acts" evidence that Ms. Blot reported to Nurse Veronica Leftridge is inadmissible.

    c.    The "other acts" evidence that Ms. Blot did not report to Defendants before Plaintiff's assault is inadmissible.

3.    Upon consideration of Defendants' Motion *in Limine* to Preclude Plaintiff's Expert Witness Adrienne Isom Malin Testimony at Trial (ECF No. 55), Plaintiff's Response (ECF No. 65), and the parties' arguments at the Final Pretrial Conference, **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 55) is **DENIED as untimely**.

4.    Upon the Court's *sua sponte* review of Ms. Isom Malin's expert report (ECF No. 55-2), Defendants' Motion *in Limine* to Preclude Plaintiff's Expert Witness Adrienne Isom Malin Testimony at Trial (ECF No. 55), Plaintiff's Response (ECF No. 65), and the parties' arguments at the final pretrial conference, **IT IS HEREBY ORDERED** that Ms. Isom Malin is **PRECLUDED** from making a direct, inflammatory comparison between Defendants and the Catholic Church, and from disclosing the otherwise inadmissible portions of Ms. Johnson's testimony to the jury. Ms. Isom Malin is otherwise **ADMITTED** to testify at trial.

5.    Upon consideration of Defendants' Motion *in Limine* to Preclude Certain Statements and Opinion by Plaintiff's Expert Witness William Bainbridge, Ph.D. (ECF No. 59), Plaintiff's Response (ECF No. 63), and the parties' arguments at the Final Pretrial Conference, **IT**

**IS HEREBY ORDERED** that Defendants' Motion (ECF No. 59) is **GRANTED in part**. Dr.

Bainbridge is **PRECLUDED** from insinuating that Defendants or defense counsel hid documents

from him, but he is otherwise **ADMITTED** to testify at trial.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge